UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN MOLLER | * | CIVIL ACTION |
| VERSUS | * | NO. 24-228 (c/w 24-781) |
| MARTIAN SALES, INC; JOPEN, LLC, a Texas limited liability company; JOHNSON FOODS, LLC, a Wyoming limited liability company; LP IND., LLC, a Wyoming limited liability company; CAG HOLDINGS, LLC, a Wyoming limited liability company; RMH HOLDINGS, INC, a Wyoming corporation; ABC INSURANCE CO. and John Does 1-4 | * | SECTION: D (2) |
| *Applies to: Both Cases* | * | |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT JOHNSON FOODS, LLC'S MOTION TO DISMISS

Johnson Foods, LLC ("Defendant") fully joins in the motion to dismiss brought by its Co-Defendants Martian Sales, Inc., Jopen, LLC, LP Ind., LLC, CAG Holdings, LLC, and RMH Holdings, Inc., which urges the dismissal of the Second Amended Complaint—and, by extension, the nearly identical[1] Petition for Damages in the consolidated action—for failure to state a claim and lack of personal jurisdiction over the defendants. Defendant moves separately here to suggest an additional reason these actions should be dismissed: Plaintiff Kathleen Moller's theory of both jurisdiction and liability—that all of the defendants are alter egos of one another and operate as a single-business entity—is inadequately pleaded.

---

[1] The allegations in the SAC and the allegation in the consolidated Petition for Damages are nearly identical, with the exception of the initial paragraphs that address the parties, jurisdiction, and venue. Indeed, Paragraphs 12- 51 of the SAC are repleaded *verbatim* as Paragraphs 2-41 of the Petition for Damages. For convenience and ease of reference, Johnson Foods, LLC will only cite to the SAC; the corresponding paragraph(s) from the Petition for Damages can always be deduced by simply subtracting ten from the SAC paragraph number(s) cited.

Plaintiff allegedly died from complications caused by the ingestion of kratom, a "botanical product" derived from the leaves of the *Mitragyna Speciosa* tree. (Second Amended Complaint ("SAC") ¶¶ 17-21.)[2] In particular, Plaintiff alleges that her death followed ingestion of "OPMS brand Kratom which she purchased in Mandeville, Louisiana [on February 6, 2023]." (*Id.* ¶ 17.) Plaintiff alleges that all of the defendants named in this lawsuit, as well as a number of additional individuals and entities, "are alter egos of one another and operate as a single business enterprise through a secretive web of affiliates, individuals, shell companies, alter egos, business names, assumed names, and/or trade names." (*Id.* ¶ 12.) Plaintiff alleges that this single business enterprise is responsible for the manufacturing, packaging, distribution, and sale of the OPMS product that purportedly caused her death. (*Id.* ¶¶ 40-45.)[3] Critically, Plaintiff does not allege that Defendant—a Wyoming limited liability company purportedly wholly owned by a resident of Georgia (*id.* ¶¶ 4-5)[4]—had any direct involvement in the manufacture or sale of OPSM kratom. Rather, its purported liability—and the justification for this Court's exercise of jurisdiction over it—derives exclusively from its alleged membership in the so-called "OPMS enterprise." (*Id.* ¶ 13).

For purposes of stating a claim, these allegations are plainly insufficient. "'[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Johnson v. Am. Sec. Ins. Co.*, 650 F. Supp. 3d 483, 487 (E.D. La. 2023) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)). Here, all Plaintiff has done is conclusorily assert that Defendant is part of a "single business enterprise" with various

---

[2] Unless otherwise indicated, the corresponding allegations in the Petition for Damages can be determined by subtracting ten from the paragraph(s) cited to the SAC.

[3] Although not explicitly pleaded, Plaintiff appears to intend to rely on the "stream of commerce" theory in order to justify the Court's exercise of specific personal jurisdiction over the defendants. *See* SAC ¶ 45 ("OPMS Kratom is manufactured, packaged, distributed, and sold by the OPMS defendants via the stream of commerce throughout the United States to herbal stores, gas stations, corner stores, and smoke shops where it is primarily marketed as an herbal medicine or supplement to treat a variety of ailments such as pain, mental health, opioid withdrawal ….").

[4] Petition for Damages ¶ 1c. In fact, Peyton Shea Palaio is not now and has not ever been a member of Johnson Foods, LLC. (*See* Affidavit of Catherine Miano ("Miano Affidavit") ¶ 6, attached hereto as Exhibit A.)

individuals and entities that are purportedly involved in the manufacture and sale of OPMS kratom. This allegation is a raw legal conclusion unsupported by any factual allegations whatsoever. Even assuming that one or more of the alleged members of the "OPMS enterprise" might be held liable for Plaintiff's death, the SAC includes no allegations that would permit the Court to reasonably infer that Defendant is their alter ego. Indeed, the SAC does not even include rote allegations parroting the relevant "alter ego" or "single business enterprise" legal factors—a pleading tactic this Court has previously indicated would, on its own, be insufficient to state a claim. *See La. Newpack Shrimp, Inc. v. Ocean Feast of China, Ltd.*, No. CV 19-12948, 2021 WL 516631, *8-9 (E.D. La. Feb. 11, 2022)).

For the same reason, the SAC fails to establish a prima facie case that this Court has personal jurisdiction over Defendant. *See Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (nothing that "the prima-facie-case requirement [for plaintiff to establish personal jurisdiction] does not require a court to credit conclusory allegations, even if uncontroverted"). Plaintiff does not allege—nor could she[5]—that Defendant itself placed the OPMS kratom that purportedly caused her death into the "stream of commerce," and the SAC is otherwise bereft of allegations concerning Defendant's "contacts" with the State of Louisiana (because such contacts do not, in fact, exist).[6] Jurisdiction is instead predicated upon the same "single business enterprise" theory that purportedly justifies liability. For the same reason that Plaintiff's allegations are insufficient to state a "single enterprise" claim, they are insufficient to

---

[5] As Plaintiff alleges (*see* SAC ¶¶ 27-30), on October 21, 2022, Defendant submitted to the Food and Drug Administration (FDA) a New Dietary Ingredient Notification (NDIN) for NPI-001, a dried kratom leaf powder. The FDA did not acknowledge the new ingredient, and Johnson Foods, LLC is currently planning on submitting a second notification, to address the objections raised by the FDA, within the coming months. Other than the NDIN, the creation of a basic website (johnson-foods.com), and regulatory/marketing consulting performed for third-party clients, Johnson Foods, LLC has not engaged in any other business activity since its inception in August 2021. It has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers. (Miano Affidavit ¶¶ 3-5.)
[6] Miano Affidavit ¶¶ 6-7.

establish a jurisdictional prima facie case. *See, e .g.*, *Kemper v. Saline Lectronics*, 348 F. Supp. 2d 897, 901-02 (N.D. Ohio 2004) (dismissing defendants for lack of personal jurisdiction when plaintiff's alter ego allegations were conclusory and not based in fact); *Rimes v. Noteware Dev., LLC*, No. CV 09-281, 2010 WL 1644693, *2-3 (N.D. Cal. Apr. 21, 2010) (granting defendant's Rule 12(b)(2) and Rule 12(b)(6) motions where plaintiff had merely conclusorily alleged that he was the alter ego of the LLC for which he served as managing member).

For the foregoing reasons, Plaintiff's claims against Johnson Foods, LLC should be dismissed. Plaintiff has pleaded no facts that would establish that Defendant is part of a "single business enterprise" with one or more individuals or entities involved in the manufacture of sale of OPMS kratom. Instead, she has merely intoned the legal concept. This is plainly insufficient to state a claim or to establish the Court's jurisdiction.

Respectfully submitted,

*/s/ John E.W. Baay II*
John E.W. Baay II (No. 22928)
GIEGER, LABORDE & LAPEROUSE, LLC
701 Poydras Street, Suite 4800
New Orleans, Louisiana  70139
Telephone: (504) 561-0400
Facsimile: (504) 561-1011
Email: jbaay@glllaw.com
*Attorneys for Johnson Foods, LLC*