UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN MOLLER | * | CIVIL ACTION |
| VERSUS | * | NO. 24-228 |
| MARTIAN SALES, INC., ET AL. | * | SECTION "D" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Kathleen Moller's Motion for Protective Order and Objections. ECF No. 55. Defendants Martian Sales, Inc., JOpen, LLC, LP Ind., LLC, CAG Holdings, LLC, and RMH Holdings, LLC (collectively, "Defendants") filed a response. ECF No. 57. These filings reflect that the parties agreed entry of a protective order to govern discovery is appropriate in this case, but disagreed on whether the protective order should include one tier of protection for all confidential information or two tiers of protection, with one tier limited to highly confidential information produced for "attorney's eyes only." Despite filing the Motion for Protective Order, Plaintiff appears to retreat from that agreement in her Reply, arguing that no protective order is necessary at all. ECF No. 58. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Protective Order and Objections is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff filed suit asserting negligence and products liability claims against Martian Sales, Inc., JOpen, LLC, Johnson Foods, LLC, LP Ind., LLC, CAG Holdings, LLC, RMH Holdings, LLC, and Olistica after the death of her 36-year-old daughter, whom she contends died as a result of ingesting Defendants' Kratom products. ECF No. 1 ¶¶ 17-20, 45-50. Plaintiff's duplicative

1

state court suit was removed to this court (Civ. No. 24-781) and consolidated with this federal suit. ECF No. 40.  During a July 16, 2024, status conference, the Court granted Plaintiff's counsel's oral motion to dismiss without prejudice Civ. No. 24-781 as duplicative of Civ. No. 24-228.  ECF No. 54.  The Court authorized jurisdictional discovery and established a January 27, 2025, deadline for completion of same.  *Id.* at 3.

Plaintiff agreed to entry of a protective order in the form provided as a sample on this Court's website, but Defendants requested a two-tiered protective order that includes an "Attorneys-Eyes Only" ("AEO") provision because many of the Defendants are competitors, or work with competitors, of one another.  ECF Nos. 55-1 at 1-2; 57-1 at 2; *see* ECF Nos. 55-2 (sample order); 55-3 (modified order).  Plaintiff contends that an AEO tier is not necessary because the sample form "already contains every conceivable protection" and an AEO provision gives Defendants unrestricted and unilateral freedom to designate any and all documents produced as AEO, without justification or explanation.  ECF No. 55-1 at 2, 4.  Plaintiff argues that Defendants have not identified "clearly defined and serious injury" necessitating an AEO provision and posits that the true motive is to prevent Plaintiff's counsel from using the documents in other lawsuits throughout the country.  *Id.* at 4.

Defendants argue that good cause exists because responding to Plaintiff's discovery requests relating to their manufacturing or distributing of kratom products will entail production of "sensitive and proprietary business information."  ECF No. 57-1 at 3.  The AEO provision thus allows Defendants to protect confidential commercial information (such as product ingredients, specifications or standard operating procedures) from Defendants' competitors because disclosure of such information would cause substantial competitive harm.  *Id.* at 4-5.

## II.    APPLICABLE LAW

A court may, for good cause, issue a protective order under Rule 26(c)(1) of the Federal Rules of Civil Procedure. "Good cause" exists when disclosure will result in a clearly defined and serious injury to the party seeking the protective order.[1] The party seeking protection bears the burden of showing that a protective order is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements."[2] In determining good cause, the court must balance the risk of injury without the protective order and the requesting party's need for information.[3] Rule 26 offers a variety of potential options that the court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters or requiring that a trade secret or other confidential commercial information not be revealed or be revealed in only a certain way. FED. R. CIV. P. 26(c)(1)(D), (G).

"There are essentially three types of protective orders in terms of the amount of information covered. The narrowest is a protective order covering specific, identified information."[4] Before a court issues a "narrow" order of protection, it first reviews the material to be designated confidential, so it is clear in that case that "good cause" for the order exists.[5] On the other end of the protective-order spectrum is the so-called "umbrella" protective order, which predesignates all discovery as protected[6] and does not require a specific showing of good cause before the

---

[1] *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 786 (3d Cir. 1994).
[2] *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (internal quotations and citation omitted); *see also E.E.O.C. v. BDO USA, L.L.P.*, 876 F.3d 690, 698 (5th Cir. 2017) (citation omitted).
[3] *Blanchard & Co. v. Barrick Gold Corp.*, No. 02-3721, 2004 WL 737485, at *5 (E.D. La. Apr. 5, 2004).
[4] *Id.* (quoting *Bayer AG & Miles, Inc. v. Barr Labs., Inc.*, 162 F.R.D. 456, 465 (S.D.N.Y. 1995), *overruled on other grounds by S.E.C. v. TheStreet.Com*, 273 F.3d 222 (2d Cir. 2001)).
[5] *Id.* (citation omitted).
[6] *Id.* (same); *see also* 8A CHARLES ALAN WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2044.1 (2d ed. 2008) ("In general, [protective orders] are to be entered only on a specific showing of good cause, but on many occasions they are embodied in 'umbrella' orders entered on stipulation in advance of discovery and apply to all materials deemed confidential by the producing party.").

designation.[7] The third type is the "blanket" protective order, which permits either party to deem confidential any documents he or she believes in good faith contain confidential information.[8] "As a general proposition, a district court [may] exercise its sound discretion in determining how far to restrict discovery; and, in particular, the decision whether to grant or deny a request for a protective order is entrusted to the district court's sound discretion."[9] The court enjoys wide discretion in setting the parameters of a protective order.[10]

The orders at issue in this case are both "blanket" protective orders as they permit the parties "to protect documents that they believe in good faith contain confidential information."[11] *See* ECF Nos. 55-2 ¶ 3 at 2; 55-3 ¶ 3 at 2. "Such protective orders are routinely agreed to by the parties and approved by the courts in commercial litigation . . . [and] are essential to the functioning of civil discovery."[12] Protective orders are characterized as "flexible devices,"[13] and are "designed to shape the changing needs of the litigation and subject to continued modification."[14] "Parties may seek modification of a protective order to gain access to previously deemed confidential materials."[15]

The Federal Rules of Civil Procedure do not expressly define the terms "trade secret" or "confidential commercial information" as used in Rule 26(c)(1)(G). Courts have defined these

---

[7] *Blanchard & Co.*, 2004 WL 737485, at *5 (citation omitted).
[8] *Id.* at *6 (same).
[9] *Nguyen v. Excel Corp.*, 197 F.3d 200, 209 n.27 (5th Cir. 1999) (citations omitted).
[10] *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required.").
[11] *Blanchard & Co.*, 2004 WL 737485, at *6 (internal quotations omitted) (quoting *Bayer AG*, 162 F.R.D. at 465).
[12] *Id.* (internal quotations omitted) (quoting *Bayer AG*, 162 F.R.D. at 465).
[13] WRIGHT, *supra* note 6.
[14] *Granger v. Slade*, 90 F. App'x 741, 742 (5th Cir. 2004).
[15] *Schafer v. State Farm & Fire Cas. Co.*, No. 06-8262, 2009 WL 650263, at *2 (E.D. La. Mar. 11, 2009); *see also Holland v. Summit Autonomous, Inc.*, No. 00-2313, 2001 WL 930879, at *2 (E.D. La. Aug. 14, 2001) (citing *Pansy*, 23 F.3d at 784) (holding that the court retains the authority to modify confidentiality orders that it previously entered), *aff'd sub nom. Holland v. Summit Tech., Inc.*, 2001 WL 1132030 (E.D. La. Sept. 21, 2001).

terms as "information which, if disclosed, would cause substantial economic harm to the competitive position of the entity from whom the information was obtained."[16]

When litigation involves disclosure of a party's commercially valuable information to a competitor, courts often employ a dual tier designation system: "Ample precedent exists for limiting disclosure of highly sensitive, confidential or proprietary information to [outside] attorneys and experts, particularly when there is some risk that a party might use the information or disseminate it to others who might employ it to gain a competitive advantage over the producing party."[17] To protect against any predatory practices, while still recognizing the broad scope of discovery in a federal action, courts often require entry of a protective order that limits access to certain documents on an "Attorneys' Eyes Only" basis and restricts use of the information to the present litigation only.[18]

## III. <u>ANALYSIS</u>

Initially, the Court recognizes the significant distinction between treating documents confidential during discovery versus seeking to seal filings in the judicial record.[19] At the discovery stage, when parties are exchanging information, a protective order may well be proper to honor a legitimate privacy interests while facilitating the efficient exchange of information.[20] In addition to the parties' apparent initial agreement that good cause exists for issuance of a

---

[16] *Riverkeeper v. Taylor Energy Co.*, 309 F.R.D. 381, 388 (E.D. La. 2015) (citations omitted).
[17] *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. 97-3012, 1998 WL 186728, at *2 (E.D. La. Apr. 17, 1998) (citing cases). "[D]isclosure to clients may be prohibited where, for example, the information has commercial value and the parties are competitors; alternatively, the order may (1) limit disclosure to named individuals not involved in the relevant corporate activity, (2) create a special class of highly confidential documents that only attorneys and non-client experts may view, . . . and (4) require individual undertakings by those receiving such information not to misuse it." MANUAL FOR COMPLEX LITIGATION (Third) § 21.432 n.146 (1995).
[18] *Blanchard & Co.*, 2004 WL 737485, at *10 (citing *Asch/Grossbardt. Inc. v. Asher Jewelry Co.*, No. 02-5914, 2003 WL 660833, at *2-3 & n.2 (S.D.N.Y. Feb. 28, 2003) (noting that the procedure was used in *Drexel Heritage* [*Furnishings Inc. v. Furniture USA, Inc*., 200 F.R.D. 255, 262-63 (M.D.N.C. 2001)] and *Liberty Folder v. Curtiss Anthony Corp*., 90 F.R.D. 80, 82–83 (S.D. [Ohio] 1981))).
[19] *Binh Hoa Le v. Exeter Finance Corp*., 990 F.3d 410, 419 (5th Cir. 2021).
[20] *Id.* at 420 (citations omitted).

protective order, the Court finds the existence of good cause given the nature of the litigation and necessary production of information regarding numerous Defendants' competitive information (i.e., manufacturing process and ingredients). The remaining issue is thus whether a one-tier or two-tier protective order is appropriate in this case.

Plaintiff fails to present any compelling argument against entry of a two-tiered protective order in this case. Contrary to Plaintiff's argument that an AEO provision would result in unjustified designations, the protective order already expressly prevents a party from unjustified confidentiality designations:

> The designation of materials as Confidential Information is a certification . . . that the document contains Confidential Information as defined in this order. The parties shall take care to limit any confidentiality designation to specific material that qualifies under the appropriate standards. . . . Designations that are shown to be clearly unjustified or that have been made for an improper purpose . . . expose the designating party to sanctions."

ECF No. 55-3 ¶ 3(d) at 4. To ensure that AEO designations are included within that certification, with potential sanctions for any unjustified designations, that provision may be modified to read: "The designation of materials as Confidential Information **or Confidential-Attorneys' Eyes Only** is a certification . . . ." Likewise, the order's general protections already prohibit the use of confidential information for any purpose other than this litigation. *Id.* ¶ 5(a) at 5. Thus, whether the protective order includes an AEO tier or not, counsel would be prohibited from using documents produced in this litigation in other cases (absent production of same through discovery in such other cases or further order of this court).

As proposed by Defendants, Plaintiff's counsel and her experts are authorized to review both confidential and AEO materials because they fall within subsections (1) and (6) of Paragraph 5(b) of the protective order. ECF No. 55-3 ¶ 5(c) at 6-7. Thus, an AEO provision would not appear to impact Plaintiff in any material respect. Rather, it would appear to simply restrict access

6

among the Defendants by precluding access by the individual parties and officers, directors, employees, agents or representatives of a party. While Plaintiff's Reply indicates that an AEO designation will unfairly impede depositions, that objection is remedied by including those falling within subsection (7) of Paragraph 5(b) within the list of authorized viewers of AEO materials in Paragraph 5(c), thus modifying that paragraph to read: "shall be limited to individuals and entities in Paragraph 5b., subsections (1), (3), (4), (5), (6) **or (7)**."

## IV.   CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Protective Order and Objections (ECF No. 55) is GRANTED IN PART AND DENIED IN PART as stated herein. Defendant shall revise the proposed Protective Order (ECF No. 55-3) consistent with this Order and submit same for entry within 7 days.

New Orleans, Louisiana, this ___9th___ day of December, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE