## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| KATHLEEN MOLLER | * | CIVIL ACTION NO. 24-0228-WBV-DPC |
|---|---|---|
| * | | |
| VERSUS | * | JUDGE WENDY B. VITTER |
| * | | |
| MARTIAN SALES, INC; JOPEN, LLC, a Texas limited liability company; JOHNSON FOODS, LLC, a Wyoming limited liability company; LP IND., LLC, a Wyoming limited liability company; CAG HOLDINGS, LLC, a Wyoming limited liability company; RMH HOLDINGS, INC., a Wyoming corporation; ABC INSURANCE COMPANY and John Does 1-4. | * * * * * * * * * | MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT |
| * * * * * * * * * * * * * * * * * * * * | * | |

### JOHNSON FOODS, LLC'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY

Johnson Foods, LLC ("Johnson Foods") respectfully files this Opposition to Plaintiff, Kathleen Moller's ("Plaintiff") Motion to Compel Responses to Discovery. For the reasons discussed herein, Johnson Foods requests that the Court deny the relief Plaintiff is seeking.

1.

Plaintiff is seeking an order compelling responses to two categories of discovery requests. First, substantive responses and production of documents regarding Plaintiff's Third Set of Requests for Production and Second Set of Interrogatories. Second, the non-redacted draft and final versions of the New Dietary Ingredient Notification ("NDIN") that Johnson Foods submitted to the Food and Drug Administration ("FDA"). With respect to the first category, Johnson Foods has no objection; however, for reasons explained below, Johnson Foods requests an additional 30-

days to respond. Regarding the second category, Johnson Foods maintains its objection to producing any version of the NDIN beyond what has already been produced.

2.

Johnson Foods was formed on August 10, 2021, as a Wyoming limited liability company. Its sole member was Luis Perez. On May 11, 2024, Perez sold his membership interest in Johnson Foods to Loobie Corporation. Alex Cohen is the sole owner and president of Loobie Corp. In addition to Cohen, Johnson Foods has two employees: Kelly Miano, CEO; and Elizabeth Bean, Director of Services.

3.

To date, there is no evidence that Johnson Foods had anything to do with the manufacturing, marketing, distribution or sale of the O.P.M.S brand kratom product that Harmony Moller allegedly used resulting her death. Plaintiff's theory is that Johnson Foods should be liable as part of a single business enterprise which includes separate entities that were involved in the sale of O.P.M.S. brand kratom products.

4.

Johnson Foods has no objection to producing responses and production of documents regarding Plaintiff's Third Set of Requests for Production and Second Set of Interrogatories. The reason these responses have not been produced yet is simple. Johnson Foods has now been sued in state and federal courts in multiple states. In each of these cases, Johnson Foods is working with multiple lawyers to respond to similar discovery requests. Kelly Miano, who has only been a Johnson Foods employee since May of 2024, has been tasked with gathering documents going back to Johnson Foods founding. Her background is in sales and marketing of supplements – not litigation. It has taken longer than expected to gather Johnson Foods documents. Counsel for

Johnson Foods are currently reviewing these documents and working on providing consistent responses to plaintiffs in all pending cases, including the instant suit. This process should be completed in the next 30-days.

5.

Regarding the NDIN, Johnson Foods is seeking FDA-approval of a dried kratom leaf powder identified as NPI-001. The information redacted from the publicly available NDIN consists of proprietary information concerning the private studies and other trade secrets used to support the NDIN. Release of this information would unfairly reduce or eliminate any competitive advantage Johnson Foods now has in its efforts to get a safe and effective product to market. The Court's protective Order (Dkt # 62) is not sufficient to protect these trade secrets because there is no sufficient remedy if the unredacted NDIN fell into competitors' hands – even by accident.

6.

Further, Plaintiff has not satisfied her burden of showing that production of the unredacted information is likely to lead to the discovery of any information relevant to jurisdiction or the single business enterprise/alter ego theory. The NDIN involves a potential product that has never been sold to the public. There is no connection between NPI-001 and the O.P.M.S. product involved in this case.

7.

For these reasons, Johnson Foods respectfully requests an additional 30-days to respond to Plaintiff's Third Set of Requests for Production and Second Set of Interrogatories. Further, the Court should deny Plaintiff's motion to compel the non-redacted draft and final versions of the NDIN. If there is any question, the Court should conduct an *in camera* inspection of the NDIN before it orders the release of this very sensitive information. Johnson Foods is confident

that the Court will find that the redacted information has no bearing on the jurisdiction question or single business enterprise theory.

                                       Respectfully submitted,

                                       */s/ John E.W. Baay II*
                                       John E.W. Baay II (No. 22928)
                                       LABORDE SIEGEL, LLC
                                       701 Poydras Street, Suite 4800
                                       New Orleans, Louisiana 70139
                                       Telephone: (504) 561-0400
                                       Facsimile: (504) 561-1011
                                       Email: jbaay@laboresigel.com
                                       *Attorneys for Johnson Foods, LLC*

**CERTIFICATE OF SERVICE**

     I do hereby certify that I have on this 11th day of February 2025, served a copy of the foregoing pleading on counsel for all parties to this proceeding via electronic mail, facsimile, and/or by U.S. mail, properly addressed with first-class postage prepaid.

                                         */s/ John E.W. Baay II*