UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHLEEN MOLLER** | * | **CIVIL ACTION NO. 24-0228-WBV-DPC** |
| | * | |
| **VERSUS** | * | **JUDGE WENDY B. VITTER** |
| | * | |
| **MARTIAN SALES, INC; JOPEN, LLC,** a Texas limited liability company; **JOHNSON FOODS, LLC,** a Wyoming limited liability company; **LP IND., LLC,** a Wyoming limited liability company; **CAG HOLDINGS, LLC,** a Wyoming limited liability company; **RMH HOLDINGS, INC.,** a Wyoming corporation; **ABC INSURANCE COMPANY** and **John Does 1-4.** | * * * * * * * * * | **MAGISTRATE DONNA PHILLIPS CURRAULT** |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION TO COMPEL DISCOVERY FROM MARTIAN SALES, INC., JOPEN, LLC,
LP IND., LLC, CAG HOLDINGS, LLC, and RMH HOLDINGS, INC.**

**MAY IT PLEASE THE COURT:**

Pursuant to F.R.C.P. 37, Plaintiff, Kathleen Moller, herein moves the court for an order compelling discovery from Martian Sales, Inc. ("Martian"), JOPEN, LLC ("JOPEN"), LP IND., LLC ("LP"), CAG HOLDINGS, LLC ("CAG"), and RMH HOLDINGS, LLC ("RMH"), as follows:

1) Production of documents within seven (7) days of this Court's order regarding Requests No. 5 & 6 of Plaintiff's Third Set of Requests for Production to JOPEN, Martian, LP, CAG, and RMH, attached hereto as Exhibits A through E respectively.

1.

The Federal Rules of Civil Procedure allow for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."

-1-

Fed. R. Civ. P. 26(b)(2); *see also In re England*, 375 F.3d 1169, 1177 (D.C. Cir. 2004) ("The Federal Rules of Civil Procedure encourage the exchange of information through broad discovery").

"A party seeking to compel discovery bears the burden of proving that the matters sought to be discovered are relevant. In determining whether to compel discovery, the trial judge has vast discretion." *Fat Catz Music Club, Inc. v. Fountain Servs. of Louisiana, Inc.*, 2020-0586 (La. App. 4 Cir. 4/21/21), 365 So. 3d 664, 671 (quoting *State ex rel. Ieyoub v. Racetrac Petroleum, Inc.*, 01-458, p. 18 (La.App. 3 Cir. 6/20/01), 790 So.2d 673, 685.)

The discoverability test as noted in our codal articles governing the scope of discovery, entails first asking whether answering the discovery is feasible and practicable; if that answer is in the affirmative, the court then determines whether an answer to the discovery would expedite the litigation by either narrowing the area of controversy or avoiding unnecessary testimony or providing a lead to evidence. *Jones v. Quality Distribution, Inc.*, 2022-0104 (La. App. 4 Cir. 9/14/22), 366 So. 3d 476, 484, *writ denied,* 2022-01608 (La. 1/11/23), 352 So. 3d 985

2.

Plaintiff's requests seek financial records that cut to the heart of Plaintiff's alter ego and single business enterprise allegations and the related jurisdictional discovery order by the Court on July 16, 2024. See Second Amended Complaint, Dkt. # 7 at ¶ 12; and see generally, Order, Dkt. # 54. This Court has already recognized the relevance and discoverability of this type of information which it has ordered Johnson Foods, LLC to produce. Dkt # 78. Notwithstanding that order and an additional verbal conferral following the February 19, 2025, counsel for the remaining defendants refuses to produce these same documents.

3.

Financial records and corporate or company structure records are essential to a single business enterprise analysis. Some factors considered in such an analysis "include, but are not limited to[:] common ownership, directors and officers, employees, and offices; unified control; inadequate capitalization; noncompliance with corporate formalities; centralized accounting; unclear allocation of profits and losses between corporations; one corporation paying the salaries, expenses, or losses of another corporation; and undocumented transfers of funds between entities" but that "[n]o one factor is dispositive." *Andretti Sports Mktg. Louisiana, LLC v. Nola Motorsports Host Comm., Inc.*, 147 F. Supp. 3d 537, 557 (E.D. La. 2015); see also *Green v. Champion Ins. Co.,* 577 So.2d 249, 257–58 (La.Ct.App.1991) (Under Louisiana law, the factors to be considered to determine whether one entity is an alter ego of another or whether two entities are a "single business enterprise" are similar); *Hollowell v. Orleans Reg'l Hosp. LLC,* 217 F.3d 379, 385–89 (5th Cir.2000); and *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 587 (5th Cir. 2010).

4.

Such discovery is necessary and probative as deposition testimony has already indicated that there is centralized accounting and management for multiple of the named defendants through a third-party entity known as CC US Holdings, LLC. See e.g., Deposition of 30(b)(6) Designee, Mark Jennings, on behalf of LP IND., LLLC at p. 27, lines 2-20 (stating that CC US Holdings, LLC has a contact for accounting services with LP); see also, p. 80, lines 1-20 (indicating that though Mr. Jennings was the manager of LP, he was only employed and paid by CC US Holdings, LLC); Deposition excerpts attached hereto as Exhibit F. Without burdening the Court with additional exhibits, the testimony is the same as to CAG and RMH. Regarding JOPEN and Martian, there is a vague agreement that JOPEN pay Martian for the sale of OPMS in the state of

Louisiana, and Martian Sales' president and 30(b)(6) designee explained he is paid "however they feel like paying me…" See Deposition of 30(b)(6) Designee, Mark Reilly, on behalf of Martian Sales, Inc. at pp. 123-125, lines 17-13; Deposition excerpts attached hereto as Exhibit G.

5.

Defendants have asserted objections based upon the sensitive nature of financial records and tax documents. To the extent any information is allegedly confidential, it may be designated as such in good faith pursuant to the operative protective order in this matter. Dkt. # 62. The possibility that records may be confidential or protected does not render them immune from production. See e.g., *In re Greenwood Air Crash*, 161 F.R.D. 387 (S.D. Ind. 1995) (Decedent's tax returns were relevant, in wrongful death action brought under Indiana law, to determine pecuniary losses suffered by beneficiaries, and, thus, those tax returns were discoverable.), *Star v. Rogalny*, 22 F.R.D. 256 (E.D. Ill. 1958) (Income tax returns are not privileged from discovery and production under Federal Rule of Civil Procedure dealing with discovery and production of documents and things for inspection, copying, or photographing, and if the returns are in possession of a party, he can be compelled to produce them.)

Further there is good cause to produce these documents given the single business enterprise allegations and the discovery cited above indicating some of the factors related to such an analysis are already present and therefore further inquiry into the financial records and corporate structure of these entities is merited. See, e.g., additional cases ordering production of tax documents, *F.D.I.C. v. LeGrand*, 43 F.3d 163 (5th Cir. 1995), *In re Norplant Contraceptive Prods. Liab. Litig.*, 170 F.R.D. 153, 153–54 (E.D. Tex. 1996) and *Lozada-Leoni v. MoneyGram Int'l, Inc.*, No. 4:20CV68-RWS-CMC, 2020 WL 10046089, at *15 (E.D. Tex. July 8, 2020).

6.

In conclusion, Plaintiff moves this Court for an order compelling discovery from JOPEN, Martian, LP, CAG, and RMH as follows:

1) Production of documents within seven (7) days of this Court's order regarding Requests No. 5 & 6 of Plaintiff's Third Set of Requests for Production to JOPEN, Martian, LP, CAG, and RMH, attached hereto as Exhibits A through E respectively.

Respectfully submitted:

**WAGAR HICKMAN, LLC**

*s/ Nelson W. Wagar, III*
**NELSON W. WAGAR, III (No. 13136)**
**SARAH WAGAR HICKMAN (No. 35823)**
1401 West Causeway Approach
Mandeville, Louisiana 70471
Telephone (985) 888-8740
shickman@wagarhickman.com
cwagar@wagarhickman.com

-and-

**MICHAEL J. COWGILL** (FL Bar # 1010945)
*Pro Hac Vice*
**TAMARA J. WILLIAMS** (FL Bar # 127625)
*Pro Hac Vice*
**MCTLAW**
1605 Main Street, Suite 710
Sarasota, Florida 34236
Telephone 888.952.5242
mcowgill@mctlaw.com
twilliams@mctlaw.com

***Attorneys for Plaintiff, Kathleen Moller***