# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KATHLEEN MOLLER** | * | **CIVIL ACTION NO. 24-0228-WBV-DPC** |
| | * | |
| **VERSUS** | * | **JUDGE WENDY B. VITTER** |
| | * | |
| **MARTIAN SALES, INC; JOPEN, LLC,** | * | **MAGISTRATE DONNA PHILLIPS** |
| **a Texas limited liability company;** | * | **CURRAULT** |
| **JOHNSON FOODS, LLC, a Wyoming** | * | |
| **limited liability company; LP IND., LLC,** | * | |
| **a Wyoming limited liability company;** | * | |
| **CAG HOLDINGS, LLC, a Wyoming** | * | |
| **limited liability company; JOPEN** | * | |
| **HOLDINGS, INC., a Wyoming** | * | |
| **corporation; ABC INSURANCE** | * | |
| **COMPANY and John Does 1-4.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT JOPEN, LLC'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

TO:   Plaintiff, Kathleen Moller, by and through her attorneys of record, Nelson W. Wagar, III, Sarah Wagar Hickman, Wagar Hickman, LLP, 1401 West Causeway Approach, Mandeville, Louisiana and Michael Cowgill, Tamara J. Williams, mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida 34236

Defendant JOpen, LLC, pursuant to the Federal Rules of Civil Procedure, responds to

Plaintiff's Kathleen Moller's First Set of Interrogatories, as follows:

**GENERAL OBJECTIONS**

1.     Defendant objects to the Interrogatories to the extent that they are vague,

ambiguous, overbroad, unduly burdensome, oppressive, not relevant to the subject matter of this

action, and not reasonably calculated to lead to the discovery of admissible evidence.

2.     Defendant objects to the Requests to the extent that they are contradicted by,

inconsistent with, or impose on Defendant any obligations in excess of the requirements of the

Federal Rules of Civil Procedure.

3.      Defendant objects to the Requests to the extent they seek information and materials protected by the attorney-client privilege, attorney-work product doctrine, and any other applicable legal privilege.

4.      Defendant objects to the Requests to the extent that they seek information or documents that constitute or contain trade secrets, proprietary information, and/or other confidential information.  Defendant will produce such information only pursuant to a mutually agreeable protective order in this matter, and if such information is not subject to any other objections.

5.      Defendant objects to the Requests to the extent that they seek information or documents that are not in its possession, custody, or control and are equally or more easily accessible by Plaintiff.

6.      Defendant objects to the Requests to the extent they seek information or documents outside the scope of the time, place, subject matter, and circumstances of the occurrences mentioned or complained of in the Second Amended Complaint, dated February 6, 2024 (the "Complaint").  Paragraphs 14 and 17 of the Complaint allege that injuries were suffered on February 6, 2023, allegedly after consumption of an unspecified kratom product. Accordingly, actions or activities by Defendant after February 6, 2023—as well as issues, documents, or communications in connection with activities other than the production and/or distribution of Defendant's kratom products—do not give rise to Plaintiff's cause of action.

7.      Subject to the foregoing objections and all applicable Specific Objections, Defendant will search for and produce documents for the following dates:  January 1, 2020, through February 6, 2023.

8.       Defendant does not concede that any of the responses are or will be admissible evidence at trial.  Further, Defendant does not waive any objection, whether or not asserted herein, to use any such answer at trial.

9.       These Responses and Objections have been prepared pursuant to a reasonably and duly diligent investigation and search for the necessary information.

## SPECIFIC OBJECTIONS TO DEFINITIONS

1.       Defendant objects to the definition of "identify" to the extent that contradicts, is inconsistent with, or imposes on Defendant any obligations in excess of the requirements of the Federal Rules of Civil Procedure.

2.       Defendant objects to the definition of "specific" and "specifically" to the extent that contradicts, is inconsistent with, or imposes on Defendant any obligations in excess of the requirements of the Federal Rules of Civil Procedure.

3.       Defendant objects to the definition of "identify" to the extent that contradicts, is inconsistent with, or imposes on Defendant any obligations in excess of the requirements of the Federal Rules of Civil Procedure

## SPECIFIC RESPONSES TO
## FIRST SET OF INTERROGATORIES

## INTERROGATORY NO. 1

Please describe the extent of JOPEN LLC's (hereinafter "JOPEN") distribution of Kratom into the State of Louisiana since January 1, 2018.  In your description specify those who received a distribution of JOPEN's product, with the quantities of each specific JOPEN's [*sic*] product provided to each distributor and retailer within Louisiana.

## RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made).  It is unreasonable for the

Defendant to respond with information related to any kratom product when this action is and

should be properly circumscribed to the product at issue in this case.

Subject to the foregoing objections, Defendant states that it will produce information

related to the retailers at issue in this matter once identified.

**INTERROGATORY NO. 2**

Please identify all upstream suppliers (including manufacturers) of Kratom supplied to JOPEN
since January 1, 2018.  In your answer, please include the name, address, and phone number for
all suppliers and manufacturers by year, and the form or type of product provided.

**RESPONSE**:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly

burdensome, and seeks information that is neither relevant to the subject matter of this action nor

to the determination of any motion made (or that could be made).  Specifically, it is unreasonable

for Defendant to respond with information related to any kratom product when this action is and

should be properly circumscribed to the product at issue in this case.  Defendant further objects to

the demand for "all suppliers and manufacturers by year, and the form or type of product provided"

as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Defendant also objects to the time period sought in this Interrogatory as overbroad, unduly

burdensome and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to the foregoing objections, Defendant contracts with Martian Sales.  At or around

the incident date alleged in the Complaint, Martian Sales worked with the following manufacturers

(none of which are located or incorporated in Louisiana):

LP, Ind., LLC
     c/o Gwendolyn Payton
     Kilpatrick Townsend & Stockton LLP
     1420 Fifth Avenue
     Suite 3700
     Seattle, Washington 98101

Calibre Manufacturing
    c/o Gwendolyn Payton
    Kilpatrick Townsend & Stockton LLP
    1420 Fifth Avenue
    Suite 3700
    Seattle, Washington 98101

Nuza LLC
    c/o Gwendolyn Payton
    Kilpatrick Townsend & Stockton LLP
    1420 Fifth Avenue
    Suite 3700
    Seattle, Washington 98101

## INTERROGATORY NO. 3

Please describe the agricultural source(s) for the Kratom plant material that is used in the production of JOPEN's kratom products. In your description, please specify the location of farms, fields, forests or acreages where the Kratom is being sourced from, including the specific owners and address(es) or coordinates within each source country.

## RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made), or in connection with the issue of whether personal jurisdiction over Defendant exists in this action. Specifically, the "agricultural source(s) for [LP's] Kratom plant material" is not relevant to the issue in this case—namely, Defendant's alleged liability, or lack thereof, for the events alleged in Paragraph 14 and 17 of the Complaint. Similarly, Plaintiff's demand to "specify the location of farms, fields, forests or acreages where the Kratom is being sourced from, including the specific owners and address(es) or coordinates within each source country" is overbroad and not tailored to the product, facts, or time period at issue in this case.

## INTERROGATORY NO. 4

Please describe the nature and extent of any other representations to retailers and consumers within Louisiana about the safety and efficacy (or lack thereof) of JOPEN's Kratom products.

Your description should include but not be limited to verbal and written representations; marketing materials; contracts, forms, templates and commercial documentation; website and blog publications; correspondence, invoicing and e-mail communications with retailers (including Defendant retailers); and scripts or guidance for salespersons, telemarketers, and/or retailers of JOPEN's kratom products.  In describing each representation or collection of representations, please include the location and content of each representation, the dates or timeframes of the representation(s), and the persons making the representations (including agents and affiliates) and the persons receiving the representations (including but not limited to the Defendant retailers, consumers making on-line or telephone inquiries, or individuals raising complaints or concerns).

**RESPONSE**:

JOpen has not made any representations to retailers or consumers within Louisiana about any kratom products.

**INTERROGATORY NO. 5**

Please describe the extent to which you have received information that adverse events may have been suffered by persons within Louisiana using JOPEN's kratom products (such as reports, claims, complaints, or allegations that a product user has suffered or may have suffered addiction, withdrawal, overdose, disabilities, death, disruption to enjoyment of life, or other negative symptoms or side effects from a JOPEN kratom product).  Potential sources of such information would include, but not be limited to, customers and consumers; retailers (including the co-Defendants); comments or complaints submitted via website, social media, e-mail, or otherwise; communications from consumer family members; communications from regulatory or law enforcement officials; communications from medical professionals; etc.

**RESPONSE**:

JOpen is not aware of any "adverse events" related to kratom products other than the allegations contained in the Complaint, and the Amended Petition for Damages and Jury Demand dated July 3, 2024, in the matter of *Bradley v. Martian Sales, Inc., et al.*, currently pending in the Fourth Judicial District Court for the Parish of Ouachita.

**INTERROGATORY NO. 6**

Please describe in detail the full extent of your interaction and coordination with any other named Defendant regarding the marketing, distribution, and sale of kratom products.  In your description address the timing and nature of any agreements, contracts and/or sales practices involving JOPEN and any other Defendant from the time JOPEN was first introduced to the Defendant to the present.

**RESPONSE**:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made), or in connection with the issue of whether personal jurisdiction over Defendant exists in this action.  Specifically, the phrase "the full extent of [its] interaction and coordination with any other named Defendant regarding the marketing, distribution, and sale of kratom products" is without reasonable time and scope limitations, and is therefore unduly burdensome and not tailored sufficiently to the issue of personal jurisdiction.

Subject to the foregoing objections, JOpen distributes kratom products to some retailers and other distributors.  JOpen does not market, distribute or sell kratom products to individual consumers.  JOpen does not interact or coordinate with any other named Defendant regarding the marketing, distribution, or sale of kratom products.

**INTERROGATORY NO. 7**

Please describe all employees and contractors who have been paid by JOPEN to assist in JOPEN business operations since January 1, 2018.  This would include employees and contractors involved in the ordering, manufacture, refining, packaging, and distribution of the JOPEN product categories, as well as any other JOPEN administrative and/or business operations.  In your description, please specify include the name and contact information for each employee and contractor, the dates of employment and/or contracts, and the nature of the employment and services paid for.

**RESPONSE**:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made).  Specifically, the phrase "all employees and contractors who have been paid by JOPEN to assist in JOPEN business operations since January 1, 2018" is entirely overbroad and is not reasonably calculated to lead to the

discovery of admissible evidence. Indeed, it is unclear how the information sought by this

Interrogatory is relevant to the allegations contained in the Complaint. Even if the information

were relevant, which it is not, Defendant further objects to the extent that this Interrogatories seeks

irrelevant private or proprietary information.

Subject to all the foregoing objections, JOpen has had no employees or contractors who

have been paid by Defendant to assist in any business operations in Louisiana since January 1,

2018.

**INTERROGATORY NO. 8**

Please describe how JOPEN has used distributors to distribute and sell JOPEN's kratom products
throughout Louisiana since January 1, 2018. This description should address the agreements,
terms and conditions, procedures and practices (including invoicing), and limitations and
requirements that have governed JOPEN's business relations with each distributor.

**RESPONSE**:

JOpen distributes kratom products to one master distributor in Louisiana, identifying

information for which is as follows:

Name: Eashaan Wholesale LLC
Phone: (225) 347-7192
Email: eshaanwholesale@yahoo.com
Address: 11800 Industriplex Blvd., Suite 13, Baton Rouge, LA 70809


**INTERROGATORY NO. 9**

Describe the nature of any affiliation you have had with any other Defendant named in the
Complaint.

**RESPONSE**:

Subject to all foregoing objections, Defendant states the following:

(a)     ABC Insurance Co.: No affiliation.

(b)     CAG Holdings, LLC: No affiliation.

(c)     Johnson Foods, LLC: No affiliation.

      (d)      <u>Martian Sales, Inc.</u>:  No affiliation.

      (e)      <u>LP, Ind. LLC</u>:  No affiliation.

      (f)      <u>RMH Holdings, Inc.</u>:  No affiliation.

## INTERROGATORY NO. 10

Identify and describe all websites and social media channels from which JOPEN's kratom products are distributed or sold into Louisiana (including but not limited to Botanicalpros.com, konolabs.com, a1wholesaledistribution.com, and partynuts.com).  For each identified website please describe how kratom products distributed or sold through such websites receive orders and fulfill orders to and from Louisiana.

**<u>RESPONSE</u>**:

Defendant states that it uses www.opmskratom.com as its primary website, and products may be purchased on the website.

## INTERROGATORY NO. 11

Confirm, correct, or otherwise describe the national chain of distribution for OPMS products described in the Tampa Bay Times "Deadly Dose" series of articles, which can be found at: https://project.tampabay.com/investigations/deadly-dose/kratom-industry/.

**<u>RESPONSE</u>**:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made), or in connection with the issue of whether personal jurisdiction over Defendant exists in this action.  Specifically, the phrase "national chain of distribution" is overbroad to the extent that it seeks information about jurisdictions other than the State of Louisiana.  Defendant also objects to this Interrogatory as vague and ambiguous—specifically, it is not clear what is meant by a "national chain of distribution."  Further, it is not reasonable to demand that Defendant explain or otherwise correct information in a news article from a different jurisdiction with which Defendant had no involvement whatsoever.

Subject to all the foregoing objections, JOpen contracts with manufacturers located outside of Louisiana to distribute products.  Defendant does not retain any control over the product or distribution channel after sending it to the distributor.

DATED:  September 12, 2024

Respectfully submitted,

By  */s/ Gwendolyn C. Payton*

**Hayley R. Ambler**
Louisiana Bar No. 25848
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
Telephone:  (404) 815-6080
Facsimile:  (404) 541-3268
hambler@ktslaw.com

**Gwendolyn C. Payton** (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
Telephone:  (206) 497-9600
Facsimile:  (206) 299-0414
gpayton@ktslaw.com

**Maeghan E. Whitehead** (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone:  (214) 922-7138
Facsimile:  (214) 279-4456
mewhitehead@ktslaw.com

*Counsel for Defendants LP IND., LLC; CAG HOLDINGS, LLC; RMH HOLDINGS, INC.; MARTIAN SALES, INC.; and JOPEN, LLC.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 12th day of September 2024, a copy of the foregoing

document was served on all counsel of record by electronic mail.


*/s/ Gwendolyn C. Payton*
Gwendolyn C. Payton
