# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHLEEN MOLLER** | * | CIVIL ACTION NO. 24-0228-WBV-DPC |
| | * | |
| **VERSUS** | * | JUDGE WENDY B. VITTER |
| | * | |
| **MARTIAN SALES, INC; JOPEN, LLC,** | * | MAGISTRATE DONNA PHILLIPS |
| a Texas limited liability company; | * | CURRAULT |
| JOHNSON FOODS, LLC, a Wyoming | * | |
| limited liability company; LP IND., LLC, | * | |
| a Wyoming limited liability company; | * | |
| CAG HOLDINGS, LLC, a Wyoming | * | |
| limited liability company; RMH | * | |
| HOLDINGS, INC., a Wyoming | * | |
| corporation; ABC INSURANCE | * | |
| COMPANY and John Does 1-4. | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT LP IND., LLC'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S SECOND SET OF INTERROGATORIES**

TO:   Plaintiff, Kathleen Moller, by and through her attorneys of record, Nelson W. Wagar, III, Sarah Wagar Hickman, Wagar Hickman, LLP, 1401 West Causeway Approach, Mandeville, Louisiana 70471 and Michael Cowgill, Tamara J. Spires, mctlaw, 1515 Ringling Blvd., Suite 700, Sarasota, Florida 34236.

Defendant LP Ind., LLC ("Defendant"), pursuant to the Federal Rules of Civil Procedure, responds to Plaintiff's Kathleen Moller's Second Set of Interrogatories ("Interrogatories"), as follows:

**GENERAL OBJECTIONS**

1.     Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad, unduly burdensome, oppressive, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence.

2.     Defendant objects to the Interrogatories to the extent that they are contradicted by, inconsistent with, or impose on Defendant any obligations in excess of the requirements of the Federal Rules of Civil Procedure.

3.   Defendant objects to the Interrogatories to the extent they seek information and materials protected by the attorney-client privilege, attorney-work product doctrine, and any other applicable privilege.

4.   Defendant objects to the Interrogatories to the extent that they seek information or documents that constitute or contain trade secrets, proprietary information, and/or other confidential information. Defendant will produce such information pursuant to the Protective Order entered by the Court in this matter on December 17, 2024 [D.E. 62], and only if such information is not subject to any other objections.

5.   Defendant objects to the Interrogatories to the extent that they seek information or documents that are not in its possession, custody, or control and are equally or more easily accessible by Plaintiff.

6.   Defendant objects to the Interrogatories to the extent they seek information or documents outside the scope of the time, place, subject matter, and circumstances of the occurrences mentioned or complained of in the Second Amended Complaint, dated February 6, 2024 (the "Complaint"). Paragraphs 14 and 17 of the Complaint allege that injuries were suffered on February 6, 2023, allegedly after consumption of an unspecified kratom product. Accordingly, actions or activities by Defendant after February 6, 2023—as well as issues, documents, or communications in connection with activities other than the production and/or distribution of the kratom product Plaintiff allegedly consumed—do not give rise to Plaintiff's cause of action. Defendant will respond to the Interrogatories for the following dates: January 1, 2020, through February 6, 2023.

7.   Defendant objects to these Interrogatories to the extent they are not tailored sufficiently to the issue of whether personal jurisdiction over Defendant in the State of Louisiana exists in this action.

8.   Defendant does not concede that any of the responses are or will be admissible evidence at trial.  Further, Defendant does not waive any objection, whether or not asserted herein, to use any such answer at trial.

9.   These Responses and Objections have been prepared pursuant to a reasonably and duly diligent investigation and search for the necessary information.

## SPECIFIC OBJECTIONS TO DEFINITIONS

1.   Defendant objects to the definition of "identify" to the extent that it contradicts, is inconsistent with, or imposes on Defendant any obligations in excess of the requirements of the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES TO
## SECOND SET OF INTERROGATORIES

### INTERROGATORY NO. 1

Please describe the organizational structure of LP IND., LLC including identification of all affiliates, subsidiaries, or parent companies of LP IND., LLC from formation to present.

**ANSWER**:  Defendant objects to this Interrogatory to the extent it is duplicative of Interrogatory No. 9 in Plaintiff's First Set of Interrogatories.  Defendant further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome because it seeks information regarding Defendant's organizational structure, including "identification of all affiliates, subsidiaries, or parent companies of [Defendant]," which is not reasonably tailored to the narrow issue of specific personal jurisdiction over Defendant for this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Subject to the foregoing objections, Defendant has a single member, which is FMK Group, LLC. FMK Group, LLC is also the sole member of CAG Holdings, LLC. RMH Holdings, Inc. is an affiliate of Defendant with separate operations. Jordan Process is a d/b/a of Defendant. No affiliates, subsidiaries, or parent companies of Defendant are located in Louisiana or incorporated under the laws of Louisiana.

**INTERROGATORY NO. 2**

For all entities, affiliates, subsidiaries or parent companies identified in response to Interrogatory number one (1), please identify the owners and ownership percentages thereof from formation to present.

**ANSWER**: Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks information regarding the owners and ownership percentages of Defendant's affiliates, subsidiaries, or parent companies from "formation to present," which is not reasonably tailored to the narrow issue of specific personal jurisdiction over Defendant for this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Subject to the foregoing objections, Defendant states that it has no affiliates, subsidiaries, or parent companies that are located in Louisiana or incorporated under the laws of Louisiana or that have any owners located in Louisiana or incorporated under the laws of Louisiana. The owners and ownership percentages of Defendant's affiliates, subsidiaries, or parent companies have no bearing on specific jurisdiction over Defendant. Defendant's sole member, FMK Group, LLC, is currently owned by Belfast II, LLC (prior to December 31, 2022, FMK Group, LLC was owned by AIA Asset Trust II).

**INTERROGATORY NO. 3**

Please identify the owners of LP IND., LLC from formation to present, and the ownership percentages of each owner for their respective periods of ownership.

**ANSWER**:  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks information regarding Defendant's owners and ownership percentages from "formation to present," which is not reasonably tailored to the narrow issue of specific personal jurisdiction over Defendant for this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Subject to the foregoing objections, FMK Group, LLC is the sole member of Defendant.

DATED:  January 16, 2025

                                            Respectfully submitted,

By */s/ Gwendolyn C. Payton*
**Hayley R. Ambler**
Louisiana Bar No. 25848
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
Telephone:  (404) 815-6080
Facsimile:  (404) 541-3268
hambler@ktslaw.com

**Gwendolyn C. Payton** (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
Telephone:  (206) 497-9600
Facsimile:  (206) 299-0414
gpayton@ktslaw.com

**Maeghan E. Whitehead** (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201

Telephone: (214) 922-7138
Facsimile: (214) 279-4456
mewhitehead@ktslaw.com

*Counsel for Defendants LP IND., LLC; CAG HOLDINGS, LLC; RMH HOLDINGS, INC.; MARTIAN SALES, INC.; and JOPEN, LLC.*

## **CERTIFICATE OF SERVICE**

This is to certify that on the 16th day of January 2025, a copy of the foregoing document was served on all counsel of record by electronic mail.

*/s/ Gwendolyn C. Payton*
Gwendolyn C. Payton
