# EXHIBIT H

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KATHLEEN MOLLER** | * | **CIVIL ACTION NO. 24-0228-WBV-DPC** |
| | * | |
| **VERSUS** | * | **JUDGE WENDY B. VITTER** |
| | * | |
| **MARTIAN SALES, INC; JOPEN, LLC,** | * | **MAGISTRATE DONNA PHILLIPS** |
| **a Texas limited liability company;** | * | **CURRAULT** |
| **JOHNSON FOODS, LLC, a Wyoming** | * | |
| **limited liability company; LP IND., LLC,** | * | |
| **a Wyoming limited liability company;** | * | |
| **CAG HOLDINGS, LLC, a Wyoming** | * | |
| **limited liability company; RMH** | * | |
| **HOLDINGS, INC., a Wyoming** | * | |
| **corporation; ABC INSURANCE** | * | |
| **COMPANY and John Does 1-4.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT RMH HOLDINGS, INC.'S RESPONSES AND OBJECTIONS**
**TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

TO:    Plaintiff, Kathleen Moller, by and through her attorneys of record, Nelson W. Wagar, III, Sarah Wagar Hickman, Wagar Hickman, LLP, 1401 West Causeway Approach, Mandeville, Louisiana and Michael Cowgill, Tamara J. Williams, mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida 34236

Defendant RMH, Holdings, Inc., pursuant to the Federal Rules of Civil Procedure, responds to Plaintiff's Kathleen Moller's First Set of Interrogatories, as follows:

**GENERAL OBJECTIONS**

1.    Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad, unduly burdensome, oppressive, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence.

2.    Defendant objects to the Interrogatories to the extent that they contradict, are inconsistent with, or impose on Defendant any obligations in excess of the requirements of the Federal Rules of Civil Procedure.

3.      Defendant objects to the Interrogatories to the extent they seek information and materials protected by the attorney-client privilege, attorney-work product doctrine, and any other applicable legal privilege.

4.      Defendant objects to the Interrogatories to the extent that they seek information or documents that constitute or contain trade secrets, proprietary information, and/or other confidential information.  Defendant will produce such information only pursuant to a mutually agreeable protective order in this matter, and if such information is not subject to any other objections.

5.      Defendant objects to the Interrogatories to the extent that they seek information or documents that are not in its possession, custody, or control and are equally or more easily accessible by Plaintiff.

6.      Defendant objects to the Interrogatories to the extent they seek information or documents outside the scope of the time, place, subject matter, and circumstances of the occurrences mentioned or complained of in the Second Amended Complaint, dated February 6, 2024 (the "Complaint").  Paragraphs 14 and 17 of the Complaint allege that injuries were suffered on February 6, 2023, allegedly after consumption of an unspecified kratom product. Accordingly, actions or activities by Defendant after February 6, 2023—as well as issues, documents, or communications in connection with activities other than the production and/or distribution of Defendant's kratom products—do not give rise to Plaintiff's cause of action.

7.      Subject to the foregoing objections and all applicable Specific Objections, and unless otherwise specified, Defendant responds to these Interrogatories according to the following time period:  January 1, 2020 through February 6, 2023.

8.      Defendant objects to these Interrogatories to the extent they are not tailored sufficiently to the issue of whether personal jurisdiction over Defendant in the State of Louisiana exists in this action.

9.      Defendant does not concede that any of the responses are or will be admissible evidence at trial.  Further, Defendant does not waive any objection, whether or not asserted herein, to use any such answer at trial.

10.     These Responses and Objections have been prepared pursuant to a reasonably and duly diligent investigation and search for the necessary information.

### SPECIFIC OBJECTIONS TO DEFINITIONS

1.      Defendant objects to the definition of "documents" to the extent that it seeks information not relevant to the subject matter of this litigation or is otherwise protected by the attorney-client privilege or work product doctrine.

2.      Defendant objects to the definition of "identify" to the extent that contradicts, is inconsistent with, or imposes on Defendant any obligations in excess of the requirements of the Federal Rules of Civil Procedure.

3.      Defendant objects to the definitions of "specific" and "specifically" to the extent that contradicts, is inconsistent with, or imposes on Defendant any obligations in excess of the requirements of the Federal Rules of Civil Procedure.

### SPECIFIC RESPONSES TO
### FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1

Please describe the extent of RMH HOLDINGS, INC.'s (hereinafter "RMH") distribution of Kratom into the State of Louisiana since January 1, 2018. In your description specify those who received a distribution of RMH's product, with the quantities of each specific RMH's product provided to each distributor and retailer within Louisiana.

**RESPONSE**:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made), or in connection with the issue of whether personal jurisdiction over Defendant exists in this action. Specifically, Defendant objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the state of Wyoming, has its principal place of business is in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana. As such, there is no personal jurisdiction over Defendant in this action. Further, Defendant states that it operates a manufacturing facility that processes industrial hemp. Defendant does not have any involvement in kratom. *See* Declaration of Mark Jennings, dated April 11, 2024. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers, nor does Defendant sell any products to consumers and does not package or place any labels on any products.

RMH does not distribute kratom in the State of Louisiana, or anywhere else.

**INTERROGATORY NO. 2**

Please identify all upstream suppliers (including manufacturers) of Kratom supplied to RMH since January 1, 2018. In your answer, please include the name, address, and phone number for all suppliers and manufacturers by year, and the form or type of product provided.

**RESPONSE**:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made), or in connection with the issue of whether personal jurisdiction over Defendant exists in this action. Specifically, Defendant objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the

state of Wyoming, has its principal place of business is in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana. As such, there is no personal jurisdiction over Defendant in this action. Further, Defendant states that it operates a manufacturing facility that processes industrial hemp. Defendant does not have any involvement in kratom. *See* Declaration of Mark Jennings, dated April 11, 2024. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers, nor does Defendant sell any products to consumers and does not package or place any labels on any products.

RMH does not have "upstream suppliers" of kratom in the State of Louisiana, or anywhere else.

## INTERROGATORY NO. 3

Please describe the agricultural source(s) for the Kratom plant material that is used in the production of RMH's kratom products. In your description, please specify the location of farms, fields, forests or acreages where the Kratom is being sourced from, including the specific owners and address(es) or coordinates within each source country.

## RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made), or in connection with the issue of whether personal jurisdiction over Defendant exists in this action. Specifically, Defendant objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the state of Wyoming, has its principal place of business is in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana. As such, there is no personal jurisdiction over Defendant in this action. Further, Defendant states that it operates a manufacturing facility that processes industrial hemp. Defendant does not have

any involvement in kratom.  *See* Declaration of Mark Jennings, dated April 11, 2024.  Defendant

has never marketed, distributed, or sold any kratom-containing products (or any other products) to

consumers, nor does Defendant sell any products to consumers and does not package or place any

labels on any products.

RMH does not have "agricultural source(s)" of kratom.

## INTERROGATORY NO. 4

Please describe the nature and extent of any other representations to retailers and consumers
within Louisiana about the safety and efficacy (or lack thereof) of RMH's Kratom products.
Your description should include but not be limited to verbal and written
representations; marketing materials; contracts, forms, templates and commercial documentation;
website and blog publications; correspondence, invoicing and e-mail communications with
retailers (including Defendant retailers); and scripts or guidance for salespersons, telemarketers,
and/or retailers of RMH's kratom products. In describing each representation or collection of
representations, please include the location and content of each representation, the dates or
timeframes of the representation(s), and the persons making the representations (including agents
and affiliates) and the persons receiving the representations (including but not limited to the
Defendant retailers, consumers making on-line or telephone inquiries, or individuals raising
complaints or concerns).

## RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly

burdensome, and seeks information that is neither relevant to the subject matter of this action nor

to the determination of any motion made (or that could be made), or in connection with the issue

of whether personal jurisdiction over Defendant exists in this action.  Specifically, Defendant

objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the

state of Wyoming, has its principal place of business is in Wyoming, and does not maintain a

registered agent for service of process in Louisiana or otherwise conduct business in Louisiana.

As such, there is no personal jurisdiction over Defendant in this action.  Further, Defendant states

that it operates a manufacturing facility that processes industrial hemp.  Defendant does not have

any involvement in kratom.  *See* Declaration of Mark Jennings, dated April 11, 2024.  Defendant

has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers, nor does Defendant sell any products to consumers and does not package or place any labels on any products.

RMH has not made any representations about or concerning kratom to retailers or customers in the State of Louisiana, or anywhere else.

## INTERROGATORY NO. 5

Please describe the extent to which you have received information that adverse events may have been suffered by persons within Louisiana using RMH's kratom products (such as reports, claims, complaints, or allegations that a product user has suffered or may have suffered addiction, withdrawal, overdose, disabilities, death, disruption to enjoyment of life, or other negative symptoms or side effects from a RMH kratom product). Potential sources of such information would include, but not be limited to, customers and consumers; retailers (including the co-Defendants); comments or complaints submitted via website, social media, e-mail, or otherwise; communications from consumer family members; communications from regulatory or law enforcement officials; communications from medical professionals; etc.

## RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made), or in connection with the issue of whether personal jurisdiction over Defendant exists in this action.  Specifically, Defendant objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the state of Wyoming, has its principal place of business is in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana. As such, there is no personal jurisdiction over Defendant in this action.  Further, Defendant states that it operates a manufacturing facility that processes industrial hemp.  Defendant does not have any involvement in kratom.  *See* Declaration of Mark Jennings, dated April 11, 2024.  Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to

consumers, nor does Defendant sell any products to consumers and does not package or place any labels on any products.

Subject to the foregoing objections, Defendant states that no responsive documents exist other than the Complaint in this lawsuit, and the Amended Petition for Damages and Jury Demand dated July 3, 2024 file in the matter of *Bradley v. Martian Sales, Inc., et al.*, currently pending the Fourth Judicial District Court for the Parish of Ouachita.

**INTERROGATORY NO. 6**

Please describe in detail the full extent of your interaction and coordination with any other named Defendant regarding the marketing, distribution, and sale of kratom products. In your description address the timing and nature of any agreements, contracts and/or sales practices involving RMH and any other Defendant from the time RMH was first introduced to the Defendant to the present.

**RESPONSE**:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made), or in connection with the issue of whether personal jurisdiction over Defendant exists in this action. Specifically, Defendant objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the state of Wyoming, has its principal place of business is in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana. As such, there is no personal jurisdiction over Defendant in this action. Further, Defendant states that it operates a manufacturing facility that processes industrial hemp. Defendant does not have any involvement in kratom. *See* Declaration of Mark Jennings, dated April 11, 2024. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers, nor does Defendant sell any products to consumers and does not package or place any labels on any products.

RMH does not have any interaction or coordination with any other named defendant (or anyone else) "regarding the marketing, distribution, and sale of kratom products" in the State of Louisiana, or anywhere else.

## INTERROGATORY NO. 7

Please describe all employees and contractors who have been paid by RMH to assist in RMH business operations since January 1, 2018. This would include employees and contractors involved in the ordering, manufacture, refining, packaging, and distribution of the RMH product categories, as well as any other RMH administrative and/or business operations. In your description, please specify include the name and contact information for each employee and contractor, the dates of employment and/or contracts, and the nature of the employment and services paid for.

## RESPONSE:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made), or in connection with the issue of whether personal jurisdiction over Defendant exists in this action. Specifically, Defendant objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the state of Wyoming, has its principal place of business is in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana. As such, there is no personal jurisdiction over Defendant in this action. Further, Defendant states that it operates a manufacturing facility that processes industrial hemp. Defendant does not have any involvement in kratom. *See* Declaration of Mark Jennings, dated April 11, 2024. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers, nor does Defendant sell any products to consumers and does not package or place any labels on any products.

Subject to the foregoing objections, Defendant states that it had no employees or contractors paid by RMH to assist in its business operations from January 1, 2018, to present, in Louisiana.

**INTERROGATORY NO. 8**

Please describe how RMH has used distributors to distribute and sell RMH's kratom products throughout Louisiana since January 1, 2018. This description should address the agreements, terms and conditions, procedures and practices (including invoicing), and limitations and requirements that have governed RMH's business relations with each distributor.

**RESPONSE**:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made), or in connection with the issue of whether personal jurisdiction over Defendant exists in this action. Specifically, Defendant objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the state of Wyoming, has its principal place of business is in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana. As such, there is no personal jurisdiction over Defendant in this action. Further, Defendant states that it operates a manufacturing facility that processes industrial hemp. Defendant does not have any involvement in kratom. *See* Declaration of Mark Jennings, dated April 11, 2024. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers, nor does Defendant sell any products to consumers and does not package or place any labels on any products.

RMH does not distribute or sell kratom products in the State of Louisiana, or anywhere.

**INTERROGATORY NO. 9**

Describe the nature of any affiliation you have had with any other Defendant named in the Complaint.

**RESPONSE**:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made), or in connection with the issue of whether personal jurisdiction over Defendant exists in this action. Specifically, Defendant objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the state of Wyoming, has its principal place of business is in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana. As such, there is no personal jurisdiction over Defendant in this action. Further, Defendant states that it operates a manufacturing facility that processes industrial hemp. Defendant does not have any involvement in kratom. *See* Declaration of Mark Jennings, dated April 11, 2024. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers, nor does Defendant sell any products to consumers and does not package or place any labels on any products.

Subject to all foregoing objections, Defendant states the following:

(a)     ABC Insurance Co.:  No affiliation.

(b)     CAG:  Affiliate that operates separately.

(c)     Johnson Foods, LLC:  No affiliation.

(d)     JOpen:  No affiliation.

(e)     LP:  Affiliate that operates separately.

(f)     Martian Sales:  No affiliation.

**INTERROGATORY NO. 10**

Identify and describe all websites and social media channels from which RMH's kratom products are distributed or sold into Louisiana (including but not limited to Botanicalpros.com, konolabs.com, a1wholesaledistribution.com, and partynuts.com). For each identified website plead describe how kratom products distributed or sold through such websites receive orders and fulfill orders to and from Louisiana.

**RESPONSE**:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made), or in connection with the issue of whether personal jurisdiction over Defendant exists in this action. Specifically, Defendant objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the state of Wyoming, has its principal place of business is in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana. As such, there is no personal jurisdiction over Defendant in this action. Further, Defendant states that it operates a manufacturing facility that processes industrial hemp. Defendant does not have any involvement in kratom. *See* Declaration of Mark Jennings, dated April 11, 2024. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers, nor does Defendant sell any products to consumers and does not package or place any labels on any products.

RMH does not use social media or any website to distribute or sell kratom products in the State of Louisiana, or anywhere else.

**INTERROGATORY NO. 11**

Confirm, correct, or otherwise describe the national chain of distribution for OPMS products described in the Tampa Bay Times "Deadly Dose" series of articles, which can be found at: https://project.tampabay.com/investigations/deadly-dose/kratom-industry/.

**RESPONSE**:

Defendant objects to this Interrogatory on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made), or in connection with the issue of whether personal jurisdiction over Defendant exists in this action. Specifically, Defendant objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the state of Wyoming, has its principal place of business is in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana. As such, there is no personal jurisdiction over Defendant in this action. Further, Defendant states that it operates a manufacturing facility that processes industrial hemp. Defendant does not have any involvement in kratom. *See* Declaration of Mark Jennings, dated April 11, 2024. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers, nor does Defendant sell any products to consumers and does not package or place any labels on any products.

RMH does not distribute O.P.M.S. products (or any kratom product).

DATED:  September 12, 2024

Respectfully submitted,


By  */s/ Gwendolyn C. Payton*
     **Hayley R. Ambler**
     Louisiana Bar No. 25848
     **KILPATRICK TOWNSEND & STOCKTON LLP**
     1100 Peachtree Street NE, Suite 2800
     Atlanta, Georgia 30309
     Telephone:  (404) 815-6080
     Facsimile:  (404) 541-3268
     hambler@ktslaw.com

     **Gwendolyn C. Payton** (admitted *pro hac vice*)
     **KILPATRICK TOWNSEND & STOCKTON LLP**
     1420 Fifth Avenue, Suite 3700
     Seattle, Washington 98101
     Telephone:  (206) 497-9600
     Facsimile:  (206) 299-0414
     gpayton@ktslaw.com

     **Maeghan E. Whitehead** (admitted *pro hac vice*)
     **KILPATRICK TOWNSEND & STOCKTON LLP**
     2001 Ross Avenue, Suite 4400
     Dallas, Texas 75201
     Telephone:  (214) 922-7138
     Facsimile:  (214) 279-4456
     mewhitehead@ktslaw.com

     *Counsel for Defendants LP IND., LLC; CAG*
     *HOLDINGS, LLC; RMH HOLDINGS, INC.;*
     *MARTIAN SALES, INC.; and JOPEN, LLC.*

## **CERTIFICATE OF SERVICE**

This is to certify that on the 12th day of September 2024, a copy of the foregoing

document was served on all counsel of record by electronic mail.


*/s/ Gwendolyn C. Payton*
Gwendolyn C. Payton