# EXHIBIT Q

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHLEEN MOLLER** | * | **CIVIL ACTION NO. 24-0228-WBV-DPC** |
| | * | |
| **VERSUS** | * | **JUDGE WENDY B. VITTER** |
| | * | |
| **MARTIAN SALES, INC; JOPEN, LLC,** | * | **MAGISTRATE DONNA PHILLIPS** |
| **a Texas limited liability company;** | * | **CURRAULT** |
| **JOHNSON FOODS, LLC, a Wyoming** | * | |
| **limited liability company; LP IND., LLC,** | * | |
| **a Wyoming limited liability company;** | * | |
| **CAG HOLDINGS, LLC, a Wyoming** | * | |
| **limited liability company; RMH** | * | |
| **HOLDINGS, INC., a Wyoming** | * | |
| **corporation; ABC INSURANCE** | * | |
| **COMPANY and John Does 1-4.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### DEFENDANT CAG HOLDINGS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND SET OF REQUESTS FOR PRODUCTION

TO:     Plaintiff, Kathleen Moller, by and through her attorneys of record, Nelson W. Wagar, III, Sarah Wagar Hickman, Wagar Hickman, LLP, 1401 West Causeway Approach, Mandeville, Louisiana 70471 and Michael Cowgill, Tamara J. Spires, mctlaw, 1515 Ringling Blvd., Suite 700, Sarasota, Florida 34236.

Defendant CAG Holdings, LLC ("Defendant"), pursuant to the Federal Rules of Civil

Procedure, responds to Plaintiff's Kathleen Moller's Second Set of Requests for Production

("Requests"), as follows:

### GENERAL OBJECTIONS

1.     Defendant objects to the Requests to the extent that they are vague, ambiguous,

overbroad, unduly burdensome, oppressive, not relevant to the subject matter of this action, and

not reasonably calculated to lead to the discovery of admissible evidence.

2.      Defendant objects to the Requests to the extent that they are contradicted by, inconsistent with, or impose on Defendant any obligations in excess of the requirements of the Federal Rules of Civil Procedure.

3.      Defendant objects to the Requests to the extent they seek information and materials protected by the attorney-client privilege, attorney-work product doctrine, and any other applicable privilege.

4.      Defendant objects to the Requests to the extent that they seek information or documents that constitute or contain trade secrets, proprietary information, and/or other confidential information.  Defendant will produce such information pursuant to the Protective Order entered by the Court in this matter on December 17, 2024 [D.E. 62], and only if such information is not subject to any other objections.

5.      Defendant objects to the Requests to the extent that they seek information or documents that are not in its possession, custody, or control and are equally or more easily accessible by Plaintiff.

6.      Defendant objects to the Requests to the extent they seek information or documents outside the scope of the time, place, subject matter, and circumstances of the occurrences mentioned or complained of in the Second Amended Complaint, dated February 6, 2024 (the "Complaint").  Paragraphs 14 and 17 of the Complaint allege that injuries were suffered on February 6, 2023, allegedly after consumption of an unspecified kratom product.  Accordingly, actions or activities by Defendant after February 6, 2023—as well as issues, documents, or communications in connection with activities other than the production and/or distribution of the kratom product Plaintiff allegedly consumed—do not give rise to Plaintiff's cause of action.

Subject to the foregoing objections and all applicable Specific Objections, Defendant will search for and produce documents for the following dates: January 1, 2020, through February 6, 2023.

7.      Defendant objects to these Requests to the extent they are not tailored sufficiently to the issue of whether personal jurisdiction over Defendant in the State of Louisiana exists in this action.

8.      Defendant does not concede that any of the responses are or will be admissible evidence at trial.  Further, Defendant does not waive any objection, whether or not asserted herein, to use any such answer at trial.

9.      These Responses and Objections have been prepared pursuant to a reasonably and duly diligent investigation and search for the necessary information.

## SPECIFIC OBJECTIONS TO DEFINITIONS

1.      Defendant objects to the definition of "documents" to the extent that it seeks information not relevant to the subject matter of this litigation or is otherwise protected by the attorney-client privilege or work product doctrine.

## SPECIFIC RESPONSES AND OBJECTIONS TO
## SECOND REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**

Produce all organizational charts or documents that describe or identify the organizational structure of CAG Holdings, LLC, including all affiliates, subsidiaries, or parent companies of CAG Holdings, LLC.

**RESPONSE:**  Defendant objects to this Request to the extent it is duplicative of Request for Production No. 4 in Plaintiff's First Set of Requests for Production.  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* organizational charts or documents that describe or identify the organizational structure of [Defendant], including all affiliates, subsidiaries, or parent companies of [Defendant]," which is

not reasonably tailored to the narrow issue of specific personal jurisdiction over Defendant for this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Defendant further objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the state of Wyoming, has its principal place of business in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana. As such, there is no personal jurisdiction over Defendant in this action. Further, Defendant states that it operated a manufacturing facility that processed industrial hemp in Colorado and does not have any involvement in kratom. *See* Declaration of Mark Jennings, dated April 11, 2024. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers, nor does Defendant sell any products to consumers, nor package or place any labels on any products. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers in Louisiana, nor does Defendant sell any products to consumers nor package or place any labels on any products in Louisiana. Therefore this Interrogatory, which seeks information about Defendant's corporate and organizational structure, has no possible relevance to this proceeding.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for documents sufficient to demonstrate its organizational structure; to the extent Defendant discovers responsive documents, Defendant will produce relevant, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 2:**

Produce all documents that describe or identify the owners of CAG Holdings, LLC, from formation to present.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* documents that describe or identify the owners of [Defendant],

from formation to present," which is not reasonably tailored to the narrow issue of specific personal jurisdiction over Defendant for this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Defendant further objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the state of Wyoming, has its principal place of business in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana. As such, there is no personal jurisdiction over Defendant in this action. Further, Defendant states that it operated a manufacturing facility that processed industrial hemp in Colorado and does not have any involvement in kratom. *See* Declaration of Mark Jennings, dated April 11, 2024. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers, nor does Defendant sell any products to consumers, nor package or place any labels on any products. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers in Louisiana, nor does Defendant sell any products to consumers nor package or place any labels on any products in Louisiana. Therefore this Interrogatory, which seeks information about Defendant's corporate and organizational structure, has no possible relevance to this proceeding.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for documents sufficient to demonstrate its ownership during the time period; to the extent Defendant discovers responsive documents, Defendant will produce relevant, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 3:**

Produce all documents that describe or identify the ownership percentages of all owners of CAG Holdings, LLC, from formation to present.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* documents that describe or identify the ownership percentages of all owners of [Defendant], from formation to present," which is not reasonably tailored to the narrow issue of specific personal jurisdiction over Defendant for this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Defendant further objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the state of Wyoming, has its principal place of business in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana.  As such, there is no personal jurisdiction over Defendant in this action. Further, Defendant states that it operated a manufacturing facility that processed industrial hemp in Colorado and does not have any involvement in kratom.  *See* Declaration of Mark Jennings, dated April 11, 2024.  Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers, nor does Defendant sell any products to consumers, nor package or place any labels on any products.  Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers in Louisiana, nor does Defendant sell any products to consumers nor package or place any labels on any products in Louisiana.  Therefore this Interrogatory, which seeks information about Defendant's corporate and organizational structure, has no possible relevance to this proceeding.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for documents sufficient to demonstrate its

ownership during the time period; to the extent Defendant discovers responsive documents, Defendant will produce relevant, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 4:**

Produce all documents that describe or identify the owners of all affiliates, subsidiaries, or parent companies of CAG Holdings, LLC.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* documents that describe or identify the owners of all affiliates, subsidiaries, or parent companies of [Defendant]," which is not reasonably tailored to the narrow issue of specific personal jurisdiction over Defendant for this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Defendant further objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the state of Wyoming, has its principal place of business in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana. As such, there is no personal jurisdiction over Defendant in this action. Further, Defendant states that it operated a manufacturing facility that processed industrial hemp in Colorado and does not have any involvement in kratom. *See* Declaration of Mark Jennings, dated April 11, 2024. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers, nor does Defendant sell any products to consumers, nor package or place any labels on any products. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers in Louisiana, nor does Defendant sell any products to consumers nor package or place any labels on any products in Louisiana. Therefore this Interrogatory, which seeks information about Defendant's corporate and organizational structure, has no possible relevance to this proceeding.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for documents sufficient to demonstrate its organizational structure; to the extent Defendant discovers responsive documents, Defendant will produce relevant, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 5:**

Produce all balance sheets and income statements for CAG Holdings, LLC from formation to present.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* balance sheets and income statements for [Defendant] from formation to present," which is not reasonably tailored to the narrow issue of specific personal jurisdiction over Defendant for this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Indeed, the financial information of Defendant requested herein is not relevant to the claims asserted by Plaintiff under the Louisiana Products Liability Act, which does not authorize recovery of punitive damages.  *See Bladen v. C.B. Fleet Holding Co.*, 487 F. Supp. 2d 759, 770 (W.D. La. Apr. 25, 2007) ("The LPLA… does not authorize punitive damages."); cf. *Pierre v. Medtronic, Inc.*, No. CV 17-12196, 2018 WL 1911829, at *5 (E.D. La. Apr. 23, 2018).  Because Defendant's financial information is irrelevant to the claims in this proceeding, Plaintiff would only potentially be entitled to its discovery following a judgment of liability.  *See Whale Cap., L.P. v. Ridgeway*, No. CV 22-2570, 2023 WL 7220560, at *6 (E.D. La. Nov. 2, 2023) (noting that "facts about the financial status of a party are generally not discoverable before obtaining a judgment against the party") (collecting cases).  As no such finding of liability yet exists, or may ever exist, this Request is premature.  Defendant further objects to this Request to the extent that it seeks information or documents that constitute or contain trade secrets, proprietary information, and/or other confidential information.

Defendant further objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the state of Wyoming, has its principal place of business in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana.  As such, there is no personal jurisdiction over Defendant in this action. Further, Defendant states that it operated a manufacturing facility that processed industrial hemp in Colorado and does not have any involvement in kratom.  *See* Declaration of Mark Jennings, dated April 11, 2024.  Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers, nor does Defendant sell any products to consumers, nor package or place any labels on any products.  Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers in Louisiana, nor does Defendant sell any products to consumers nor package or place any labels on any products in Louisiana.  Therefore this Interrogatory, which seeks information about Defendant's corporate and organizational structure, has no possible relevance to this proceeding.

Subject to the foregoing objections, Defendant responds that its balance sheets and income statements have no bearing on specific jurisdiction whatsoever, and are irrelevant to the claims in this proceeding.  Defendant is willing to meet and confer with Plaintiff regarding this Request.

**REQUEST NO. 6:**

Produce all U.S. Federal Income Tax Returns for CAG Holdings, LLC from formation to present.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* U.S. Federal Income Tax Returns for [Defendant] from formation to present," which is not reasonably tailored to the narrow issue of specific personal jurisdiction over Defendant for this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Tax records are considered "highly sensitive documents"

that need only be produced when relevant to the subject matter of the action and there is a "compelling need" for the information in the tax records because the information is not "otherwise readily obtainable." *Tate v. DG Louisiana LLC*, 653 F. Supp. 3d 316, 321 (E.D. La. Feb. 1, 2023). Plaintiff has neither shown how such information is relevant to the subject matter of this action nor that there is a "compelling need" for Defendant's tax records. Defendant further objects to this Request to the extent that it seeks information or documents that constitute or contain trade secrets, proprietary information, and/or other confidential information.

Defendant further objects that it is not a proper defendant in this lawsuit because Defendant is incorporated in the state of Wyoming, has its principal place of business in Wyoming, and does not maintain a registered agent for service of process in Louisiana or otherwise conduct business in Louisiana. As such, there is no personal jurisdiction over Defendant in this action. Further, Defendant states that it operated a manufacturing facility that processed industrial hemp in Colorado and does not have any involvement in kratom. *See* Declaration of Mark Jennings, dated April 11, 2024. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers, nor does Defendant sell any products to consumers, nor package or place any labels on any products. Defendant has never marketed, distributed, or sold any kratom-containing products (or any other products) to consumers in Louisiana, nor does Defendant sell any products to consumers nor package or place any labels on any products in Louisiana. Therefore this Interrogatory, which seeks information about Defendant's corporate and organizational structure, has no possible relevance to this proceeding.

Subject to the foregoing objections, Defendant responds that its U.S. Federal Income Tax Returns have no bearing on specific jurisdiction whatsoever. Defendant is willing to meet and confer with Plaintiff regarding this Request.

**REQUEST NO. 7**:

Produce all documents relied upon, referenced, or otherwise reviewed in responding to Plaintiff's Second Set of Interrogatories to CAG Holdings, LLC.

**RESPONSE**:  Defendant objects to this Request as overly broad and unduly burdensome to the extent it seeks "documents relied upon, referenced, or otherwise reviewed in responding to Plaintiff's Second Set of Interrogatories to [Defendant]," which were in themselves not reasonably tailored to the narrow issue of specific personal jurisdiction over Defendant for this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request to the extent it seeks information and materials protected by the attorney-client privilege, attorney-work product doctrine, and any other applicable privilege.  Defendant objects to this Request to the extent that it seeks information or documents that constitute or contain trade secrets, proprietary information, and/or other confidential information.

Subject to the foregoing objections, Defendant will produce non-privileged documents that it relied upon, referenced, or otherwise reviewed in responding to Plaintiff's Second Set of Interrogatories to CAG Holdings, LLC.


DATED:  January 16, 2025

Respectfully submitted,


By  */s/ Gwendolyn C. Payton*
    **Hayley R. Ambler**
    Louisiana Bar No. 25848
    **KILPATRICK TOWNSEND & STOCKTON LLP**
    1100 Peachtree Street NE, Suite 2800
    Atlanta, Georgia 30309
    Telephone:  (404) 815-6080
    Facsimile:  (404) 541-3268
    hambler@ktslaw.com

**Gwendolyn C. Payton** (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
Telephone:  (206) 497-9600
Facsimile:  (206) 299-0414
gpayton@ktslaw.com

**Maeghan E. Whitehead** (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone:  (214) 922-7138
Facsimile:  (214) 279-4456
mewhitehead@ktslaw.com

*Counsel for Defendants LP IND., LLC; CAG HOLDINGS, LLC; RMH HOLDINGS, INC.; MARTIAN SALES, INC.; and JOPEN, LLC.*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 16th day of January 2025, a copy of the foregoing document was served on all counsel of record by electronic mail.


<u>/s/ Gwendolyn C. Payton</u>
Gwendolyn C. Payton