# EXHIBIT U

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHLEEN MOLLER** | * | **CIVIL ACTION NO. 24-0228-WBV-DPC** |
| | * | |
| **VERSUS** | * | **JUDGE WENDY B. VITTER** |
| | * | |
| **MARTIAN SALES, INC; JOPEN, LLC, a** | * | **MAGISTRATE    DONNA    PHILLIPS** |
| **Texas limited liability company;** | * | **CURRAULT** |
| **JOHNSON FOODS, LLC, a Wyoming** | * | |
| **limited liability company; LP IND., LLC,** | * | |
| **a Wyoming limited liability company;** | * | |
| **CAG HOLDINGS, LLC, a Wyoming** | * | |
| **limited liability company; RMH** | * | |
| **HOLDINGS, INC., a Wyoming** | * | |
| **corporation; ABC INSURANCE** | * | |
| **COMPANY and John Does 1-4.** | * | |
| * * * * * * * * * * * * * * * * * * * * * * | * | |

      TO:   LP IND., LLC;
            Defendant.

      ON BEHALF OF:  Plaintiff, Kathleen Moller

      Pursuant to commission under FRCP 30(b)(6), Plaintiff provides notice and demands that LP IND., LLC (hereinafter referred to as "LP") designate in writing the matters on which such persons will testify and produce for deposition one or more officers, directors, managing agents and/or other persons who consent to testify on LP's behalf as to the following matters known or reasonably available to LP, in the offices of via remote deposition on January 22, 2025 at 10:00AM EST before an official court reporter and videographer, and to be continued thereafter until conclusion as necessary. Please designate such persons by completing and mailing or delivering a copy of this subpoena to the undersigned in advance of the deposition.

      In this discovery, term "affiliate" refers to any organizations, individual persons, or business concerns with any shared management or ownership with LP; doing business as or for LP; predecessors or successors of LP, owning LP; and/or controlling or controlled by LP. The term "person" refers to any human as well as natural and legal entities.

Plaintiff requests examination on the following matters:

1.  The quality, quantity, and nature of all contacts between LP and its affiliates with and within the state of Louisiana.

   a.  Person Designated:

      i.  /s/_____

   b.  Office or title:

      i.  /s/_____

2.  The relationship of LP and its affiliates to OPMS kratom products.

   a.  Person Designated:

      i.  /s/_____

   b.  Office or title:

      i.  /s/_____

3.  The relationship of LP and any other named defendant.

   a.  Person Designated:

      i.  /s/_____

   b.  Office or title:

      i.  /s/_____

4.  The identity of any person(s) who have done business on behalf of LP within Louisiana, and the nature of such business.

   a.  Person Designated:

      i.  /s/_____

   b.  Office or title:

      i.  /s/_____

5.  The timeframes that LP (and any of its affiliates) received income or payments related to the design, development, manufacturing, marketing, licensing, and/or sale of OPMS branded kratom sold on an interstate basis and into Louisiana specifically.

a.  Person Designated:

i.  /s/_____

b.  Office or title:

i.  /s/_____

6.  The nature and extent of LP's affiliation with businesses and entities that have developed, manufactured, marketed, licensed, and/or sold OPMS branded kratom in interstate commerce and Louisiana specifically.

a.  Person Designated:

i.  /s/_____

b.  Office or title:

i.  /s/_____

7.  LP's receipt if any, of income or payments arising from the development, marketing, licensing, processing, packaging, and/or sale of OPMS kratom.

a.  Person Designated:

i.  /s/_____

b.  Office or title:

i.  /s/_____

8.  The nature and extent of LP IND., LLC's business operations, including its: (a) botanical processing services; (b) quality testing; (c) bulk finished products provided to distributors; and (d) the extent to which its business operations involve finished and/or branded products that are distributed on the nationally and/or specifically into Louisiana (including specification of the finished and branded products that have been the subject of LP IND., LLC's business operations and the relationship of those operations to Jordan Process).  This would also include an explanation of who or what has been responsible for the ownership,

management, control, and accounting for LP IND., LLC's business operations for the five years preceding Harmony Moller's death.

    a. Person Designated:

        i. /s/_____

    b. Office or title:

        i. /s/_____

9. The relationship and activities of Mark Jennings on behalf of LP.

    a. Person Designated:

        i. /s/_____

    b. Office or title:

        i. /s/_____

10. The relationship and activities of Peyton Palaio on behalf of LP.

    a. Person Designated:

        i. /s/_____

    b. Office or title:

        i. /s/_____

11. LP's confirmation, correction, or other knowledge of the distribution chain for OPMS products described in the Tampa Bay Times "Deadly Dose" series of articles, which can be found at: https://project.tampabay.com/investigations/deadly-dose/kratom-industry/.

    a. Person Designated:

        i. /s/_____

    b. Office or title:

        i. /s/_____

12.   LP's affiliation with, involvement with, or business done with the unincorporated entity known as Olistica Life Sciences Group (see: https://www.olisticagroup.com/)

      a.  Person Designated:

          i.  /s/_____

      b.  Office or title:

          i.  /s/_____

13.   The corporate structure of LP and identity of its members, managers, owners, and operators. This includes defendant's commonality of ownership with any individual or entity involved with the stream of commerce of OPMS branded kratom on an interstate basis, or into Louisiana specifically.

      a.  Person Designated:

          i.  /s/_____

      b.  Office or title:

          i.  /s/_____

14.   LP's kratom processing practices, including a description of its work as a kratom processor, its facility, its good manufacturing practices, if any, and certifications related to such manufacturing practices, if any.

      a.  Person Designated:

          i.  /s/_____

      b.  Office or title:

          i.  /s/_____

15.   The source or sources of kratom processed by LP.

      a.  Person Designated:

          i.  /s/_____

      b.  Office or title:

          i.  /s/_____

16. The brands of kratom processed by LP, including identification of entities or clients involved in the provision of kratom to LP or receipt of kratom from LP which is ultimately sold and marketed as OPMS brand kratom.

      a.  Person Designated:

          i.  /s/_____

      b.  Office or title:

          i.  /s/_____

17. All agreements or collaborations between or among the Defendant and any other persons or entities involved in the importation, marketing, distribution, or sale of kratom on an interstate basis, or into Louisiana specifically.

      a.  Person Designated:

          i.  /s/_____

      b.  Office or title:

          i.  /s/_____

18. Communications with individuals or entities in Louisiana regarding your kratom activities or the resulting branded and finished products, and/or regarding OPMS branded kratom specifically. This would include but not be limited to communications with any customer, distributor, consumer, employee, or contractor connected to kratom products that were the subject of your business operations. This would include but not be limited to communications transmitted verbally, electronically, in writing, or via social media or customer service platforms.

      a.  Person Designated:

          i.  /s/_____

    b.  Office or title:

        i.  /s/_____

19. The defendant's exchange or intermingling of directors, officers, or employees (past or present) with each party involved with the stream of commerce of WHOLE HERBS, OPMS, and REMARKABLE HERBS branded kratom that is sold on an interstate basis, or into Louisiana specifically.

    a.  Person Designated:

        i.  /s/_____

    b.  Office or title:

        i.  /s/_____

Respectfully submitted,

By: _/s/ Michael Cowgill_____
Michael J. Cowgill (FL Bar # 1010945)
*Admitted pro hac vice*
Tamara J. Spires (FL Bar #127625)
*Admitted pro hac vice*
**mctlaw**
1515 Ringling Blvd., Suite 700
Sarasota, Florida 34236
mcowgill@mctlaw.com
tspires@mctlaw.com

-and-

**NELSON W. WAGAR, III (No. 13136)**
**SARAH WAGAR HICKMAN (No. 35823)**
1401 West Causeway Approach
Mandeville, Louisiana 70471
Telephone (985) 888-8740
shickman@wagarhickman.com
cwagar@wagarhickman.com

***Attorneys for Plaintiff, Kathleen Moller***

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 21st day of January, 2025 served a copy of the foregoing pleading on counsel for all parties to this proceeding via electronic mail, facsimile, and/or by U.S. mail, properly addressed with first-class postage prepaid.


*/s/ Michael Cowgill*
**Michael J. Cowgill**