# EXHIBIT W

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHLEEN MOLLER** | * | **CIVIL ACTION NO. 24-0228-WBV-DPC** |
| | * | |
| **VERSUS** | * | **JUDGE WENDY B. VITTER** |
| | * | |
| **MARTIAN SALES, INC; JOPEN, LLC, a Texas limited liability company; JOHNSON FOODS, LLC, a Wyoming limited liability company; LP IND., LLC, a Wyoming limited liability company; CAG HOLDINGS, LLC, a Wyoming limited liability company; RMH HOLDINGS, INC., a Wyoming corporation; ABC INSURANCE COMPANY and John Does 1-4.** | * * * * * * * * * | **MAGISTRATE DONNA PHILLIPS CURRAULT** |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |

TO:   RMH HOLDINGS, LLC;
      Defendant.

ON BEHALF OF:   Plaintiff, Kathleen Moller

Pursuant to commission under FRCP 30(b)(6), Plaintiff provides notice and demands that RMH Holdings, LLC (hereinafter referred to as "RMH") designate in writing the matters on which such persons will testify and produce for deposition one or more officers, directors, managing agents and/or other persons who consent to testify on RMH's behalf as to the following matters known or reasonably available to RMH, via remote deposition on December 4, 2024 at 2:00PM EST before an official court reporter and videographer, and to be continued thereafter until conclusion as necessary. To the extent necessary, this deposition may be continued on January 22, 2025 at 10AM EST. Please designate such persons by completing and mailing or delivering a copy of this subpoena to the undersigned in advance of the deposition.

In this discovery, term "affiliate" refers to any organizations, individual persons, or business concerns with any shared management or ownership with RMH; doing business as or for RMH; predecessors or successors of RMH, owning

RMH; and/or controlling or controlled by RMH. The term "person" refers to any human as well as natural and legal entities.

Plaintiff requests examination on the following matters:

1. The quality, quantity, and nature of all contacts between RMH and its affiliates with and within the state of Louisiana.
    a. Person Designated:
        i. /s/_____
    b. Office or title:
        i. /s/_____

2. The relationship of RMH and its affiliates to OPMS kratom products.
    a. Person Designated:
        i. /s/_____
    b. Office or title:
        i. /s/_____

3. The relationship of RMH and any other named defendant.
    a. Person Designated:
        i. /s/_____
    b. Office or title:
        i. /s/_____

4. The identity of any person(s) who have done business on behalf of RMH within Louisiana, and the nature of such business.
    a. Person Designated:
        i. /s/_____
    b. Office or title:
        i. /s/_____

5. The timeframes that RMH (and any of its affiliates) received income or payments related to the design, development, manufacturing, marketing,

licensing, and/or sale of OPMS branded kratom sold in interstate commerce and Louisiana specifically.

   a. Person Designated:
      i. /s/_____
   b. Office or title:
      i. /s/_____

6. The nature and extent of RMH's affiliation with businesses and entities that have developed, manufactured, marketed, licensed, and/or sold OPMS branded kratom in interstate commerce and Louisiana Specifically.

   a. Person Designated:
      i. /s/_____
   b. Office or title:
      i. /s/_____

7. RMH's receipt if any, of income or payments arising from the development, marketing, licensing, and/or sale of OPMS kratom.

   a. Person Designated:
      i. /s/_____
   b. Office or title:
      i. /s/_____

8. RMH's business operations and practices related to any kratom products in the five years preceding Harmony Moller's death.

   a. Person Designated:
      i. /s/_____
   b. Office or title:
      i. /s/_____

9. The relationship and activities of Mark Jennings on behalf of RMH.

    a. Person Designated:

        i. /s/_____

    b. Office or title:

        i. /s/_____

10. The relationship and activities of Peyton Palaio on behalf of RMH.

    a. Person Designated:

        i. /s/_____

    b. Office or title:

        i. /s/_____

11. RMH's confirmation, correction, or other knowledge of the distribution chain for OPMS products described in the Tampa Bay Times "Deadly Dose" series of articles, which can be found at: https://project.tampabay.com/investigations/deadly-dose/kratom-industry/.

    a. Person Designated:

        i. /s/_____

    b. Office or title:

        i. /s/_____

12. RMH's affiliation with, involvement with, or business done with the unincorporated entity known as Olistica Life Sciences Group (see: https://www.olisticagroup.com/)

    a. Person Designated:

        i. /s/_____

    b. Office or title:

        i. /s/_____

13. The corporate structure of RMH and identity of its members, managers, owners, and operators.

  a. Person Designated:

    i. /s/_____

  b. Office or title:

    i. /s/_____

14. The business operations of RMH Holdings including the nature of the crops, products, and brands that are the subject of those operations, and who or what has been responsible for the ownership, management, control, and accounting for RMH Holdings and its brands for the five years preceding Harmony Moller's death.  **NOTE**: This topic would extend to: (a) your roles and relationships (including d/b/a relationships) with respect to the business operations of: CAG Holdings; Cannopy Corp.; Companion Ag, Inc. Corporation; Companion AG, Inc.; Companion AG CO; and/or Companion AG; and (b) the nature and extent of your national operations, including your reported operating locations and facilities in "Georgia, Oregon, Colorado, Washington and North Carolina"; and the extent of your interstate business contacts, reported to have involved "customers in approximately forty-five (45) states".  See page 1, Section 3.2 in the Employment and Restrictive Agreement that you filed in your *RMH v. American Hemp* lawsuit.

  a. Person Designated:

    i. /s/_____

  b. Office or title:

    i. /s/_____

15. The defendant's affiliation (past or present) with any individual or entity involved with the stream of commerce of WHOLE HERBS, OPMS, and REMARKABLE HERBS branded kratom on an interstate basis, or into Louisiana specifically.

    a. Person Designated:

        i. /s/_____

    b. Office or title:

        i. /s/_____

16. The defendant's commonality of ownership with any individual or entity involved with the stream of commerce of WHOLE HERBS, OPMS, and REMARKABLE HERBS branded kratom on an interstate basis, or into Louisiana specifically.

    a. Person Designated:

        i. /s/_____

    b. Office or title:

        i. /s/_____

17. The defendant's exchange or intermingling of directors, officers, or employees (past or present) with each party involved with the stream of commerce of WHOLE HERBS, OPMS, and REMARKABLE HERBS branded kratom that is sold on an interstate basis, or into Louisiana specifically.

    a. Person Designated:

        i. /s/_____

    b. Office or title:

        i. /s/_____

Respectfully submitted,

By: */s/Michael Cowgill*
Michael J. Cowgill (FL Bar # 1010945)
*Admitted pro hac vice*
Tamara J. Spires (FL Bar #127625)
*Admitted pro hac vice*
**mctlaw**

1515 Ringling Blvd., Suite 700
Sarasota, Florida 34236
mcowgill@mctlaw.com
tspires@mctlaw.com

-and-

**NELSON W. WAGAR, III (No. 13136)**
**SARAH WAGAR HICKMAN (No. 35823)**
1401 West Causeway Approach
Mandeville, Louisiana 70471
Telephone (985) 888-8740
shickman@wagarhickman.com
cwagar@wagarhickman.com

*Attorneys for Plaintiff, Kathleen Moller*

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 6th day of November, 2024 served a copy of the foregoing pleading on counsel for all parties to this proceeding via electronic mail, facsimile, and/or by U.S. mail, properly addressed with first-class postage prepaid.

　　　　　　　　　　　　　　　　　　　/s/ Michael Cowgill
　　　　　　　　　　　　　　　　　　**Michael J. Cowgill**