UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN MOLLER | * | CIVIL ACTION |
| VERSUS | * | NO. 24-228 |
| MARTIAN SALES, INC., ET AL. | * | SECTION "D" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Kathleen Moller's Motion to Compel Discovery from Defendants Martian Sales, Inc., JOpen, LLC, LP Ind., LLC, CAG Holdings, LLC, and RMH Holdings, LLC (collectively, "Defendants"). ECF No. 82. Defendants filed a response, and Plaintiff filed a Reply. ECF Nos. 88, 91. The Court heard oral argument on March 12, 2025, at Plaintiff's request, after which it took the matter under submission pending supplemental memoranda from the parties. ECF Nos. 89, 94, 96, 97.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion to Compel is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.   BACKGROUND**

Plaintiff filed this suit asserting negligence and products liability claims after the death of her 36-year-old daughter, whom she contends died as a result of ingesting Defendants' Kratom products. ECF No. 1 ¶¶ 17-20, 45-50.[1] The Court ordered Plaintiff to file an amended complaint setting forth the citizenship of each party. Plaintiff filed a First Amended Complaint, which was

---

[1] Plaintiff's duplicative state court suit was removed to this court (Civ. No. 24-781) and consolidated with this federal suit. ECF No. 40. During a July 16, 2024, status conference, the Court granted Plaintiff's counsel's oral motion to dismiss without prejudice Civ. No. 24-781 as duplicative of Civ. No. 24-228. ECF No. 54.

1

stricken for failure to adequately allege the citizenship of one of the defendants, after which Plaintiff filed a Second Amended Complaint. ECF Nos. 3-7.

Defendants filed a Motion to Dismiss under Rule 12(b)(2) and 12(b)(6), which Plaintiff opposed. ECF Nos. 32, 48, 51. Judge Vitter denied the motion without prejudice and ordered jurisdictional discovery be completed by January 27, 2025. ECF No. 54. Judge Vitter denied a request to extend the jurisdictional discovery deadline, ordering that any motion to dismiss be filed in sufficient time to permit submission by April 29, 2025. ECF No. 67.

Plaintiff now files this Motion to Compel seeking financial statements and tax returns in response to its Request Nos. 5 and 6. ECF No. 82. The Requests at issue read:

**REQUEST NO. 5:**

Produce all balance sheets and income statements for JOPEN, LLC from formation to present.

**REQUEST NO. 6:**

Produce all U.S. Federal Income Tax Returns for JOPEN, LLC from formation to present.[2]

Defendants responded with objections:

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all balance sheets and income statements for [Defendant] from formation to present," which is not reasonably tailored to the claims and defenses in this proceeding, which only concern events which allegedly occurred in Louisiana in February 2023. The financial information of Defendant requested herein is not relevant to the claims asserted by Plaintiff under the Louisiana Products Liability Act, which does not authorize recovery of punitive damages. *See Bladen v. C.B. Fleet Holding Co.*, 487 F. Supp. 2d 759, 770 (W.D. La. Apr. 25, 2007) ("The LPLA… does not authorize punitive damages."); *cf. Pierre v. Medtronic, Inc.*, No. CV 17-12196, 2018 WL 1911829, at *5 (E.D. La. Apr. 23, 2018). Because Defendant's financial information is irrelevant to the claims in this proceeding, Plaintiff would only potentially be entitled to its discovery following a judgment of liability. *See Whale Cap., L.P. v. Ridgeway*, No.

---

[2] ECF No. 82-2 at 3-4.

2

CV 22-2570, 2023 WL 7220560, at *6 (E.D. La. Nov. 2, 2023) (noting that "facts about the financial status of a party are generally not discoverable before obtaining a judgment against the party") (collecting cases). As no such finding of liability yet exists, or may ever exist, this Request is premature. Defendant further objects to this Request to the extent that it seeks information or documents that constitute or contain trade secrets, proprietary information, and/or other confidential information.

Subject to the foregoing objections, Defendant responds that its balance sheets and income statements have no bearing on the claims or defenses in this lawsuit whatsoever. Defendant is willing to meet and confer with Plaintiff regarding this Request.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "all U.S. Federal Income Tax Returns for [Defendant] from formation to present," which is not reasonably tailored to the claims and defenses in this proceeding, which only concern events which allegedly occurred in Louisiana in February 2023. Tax records are considered "highly sensitive documents" that need only be produced when relevant to the subject matter of the action and there is a "compelling need" for the information in the tax records because the information is not "otherwise readily obtainable." *Tate v. DG Louisiana LLC*, 653 F. Supp. 3d 316, 321 (E.D. La. Feb. 1, 2023). Plaintiff has neither shown how such information is relevant to the subject matter of this action nor that there is a "compelling need" for Defendant's tax records. Defendant further objects to this Request to the extent that it seeks information or documents that constitute or contain trade secrets, proprietary information, and/or other confidential information.

Subject to the foregoing objections, Defendant responds that its U.S. Federal Income Tax Returns have no bearing on the claims and defenses in this lawsuit whatsoever. Defendant is willing to meet and confer with Plaintiff regarding this Request.[3]

## II. THE PARTIES' ARGUMENTS

In support of her Motion to Compel, Plaintiff argues that the financial information is relevant to her alter ego/single business enterprise claims and the anticipated re-urged Rule 12 motions and is necessary because deposition testimony indicates centralized accounting and

---

[3] *Id.* at 3-5. The responses of other defendants are similar though some also include personal jurisdiction objections. ECF No. 82-3 at 3-5; No. 82-4 at 3-5; No. 82-5 at 3-5; 82-6 at 3-6.

management functions for multiple named defendants. ECF No. 82-1 at 2-3. Plaintiff asserts that the protective order suffices to protect the sensitive financial information. *Id.* at 4.

In Opposition, Defendants argues that their tax returns and financial statements are not relevant or proportional to the needs of the case, and the information contained therein is cumulative and duplicative of other discovery. ECF No. 88. Defendants assert that they have produced all relevant documents in the case, demonstrating that Defendant Martian Sales owns the O.P.M.S. brand, entered into a Contract Processing Agreement with Advanced Nutrition, LLC, the manufacturer of O.P.M.S. Silver, the product at issue, as well into a Distribution Agreement with Defendant JOpen, a national distributor of products including O.P.M.S. kratom products. *Id.* at 1-2, 11-12. Defendants argue that Plaintiff has not established the compelling need necessary to require production of their most sensitive financial information because their discovery responses and deposition testimony already include more than sufficient information to address the relevant factors in the alter ego/SBE analysis. *Id.* at 2, 4-7, 11-13.[4]

Defendants also argue that, before a party can discover sensitive financial information based on alter ego/SBE allegations, it must provide specific evidence to substantiate the claim, not bare allegations of alter ego. *Id.* at 13-14. Regardless, Defendants argue, they have produced documents reflecting their organization structures, ownership, affiliates, subsidiaries and parents, but objected to producing their balance sheets, income statements, and federal tax returns. *Id.* at 7. Defendants contend that Plaintiff seeks their sensitive financial information not for the reasons articulated but to determine how much money they have, which is improper in pre-

---

[4] Defendants also argue that Plaintiff's alter ego/SBE theories fail. ECF No. 88 at 10. Relevance for discovery purposes, however, focuses on whether the discovery makes any claim or defense more likely. A party's position that it will prevail on a claim does not render evidence irrelevant for purposes of Rule 26, and it is not proper for the court to determine the merits of a claim in the context of a discovery dispute. Rather, the Court must look to whether the information sought bears on any asserted claim or defense in this case. *See, e.g.*, *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, No. 20-2795, 2021 WL 7708048, at *9 (E.D. La. May 21, 2021).

judgment discovery. *Id.* at 3, 12-14. Further, they argue, Judge Vitter has already denied Plaintiff's request for sensitive financial records when she denied their request to extend discovery. *Id.* at 7 (citing ECF No. 67).

In Reply, Plaintiff argues that no evidence has been produced that reflects the information contained in Defendants' tax returns, balance sheets, and profit and loss statements, and these documents are necessary to "follow the money" to determine who profits from the sales of the product at issue. ECF No. 91 at 2-3. Plaintiff argues that production of the distributor and manufacturing agreements is insufficient, and Defendants waived any argument based on the cumulative nature of the discovery. *Id.* at 3-5. Plaintiff reiterates her argument that financial and corporate structure records are essential to the alter ego/SBE analysis, and to date, they have received no information regarding inadequate capitalization, allocation of profits and losses, payment of other entities salaries, expenses, or losses, or undocumented transfers. *Id.* at 5-8.

In Plaintiff's post-hearing filing, she attaches a letter from her accounting expert outlining the rationale for requesting tax information in relation to the SBE analysis. ECF Nos. 96, 96-1. The expert indicates tax information contains disclosures about the address of the business, date of incorporation, number of partners or shareholders, where distributions from entities are paid, owners of a business, partners, ownership of other corporations, information about receipts and disbursements that may be not reflected in other financial statements. ECF No. 96-1 at 2-3. Plaintiff argues that, given the testimony regarding the size of some of the parties (i.e, single employee entities), Defendants may not have customary financial statements, much less audited statements. ECF No. 96 at 2-3.

Defendants' post-hearing filing repeats their prior argument regarding Plaintiff's failure to establish a compelling need for tax information. ECF No. 97 at 1-2. Defendants also argue that

5

Plaintiff wholly failed to identify any information in the tax return that was not otherwise available through other discovery avenues, as directed, and her expert merely identified items that may be contained in a tax returns without regard to the information already provided. *Id.* at 2-3. Defendants reiterate that they have already provided information about states of incorporation, articles of incorporation, owners, affiliates, subsidiaries and parent companies, employees, and Defendants' representatives have testified about how their businesses work, their history, the relationship they have with each other, the contracts between them, financial arrangements they have with one another, and the complete flow of how the products they design, manufacture, and distribute end up on the market. *Id.* at 3-4. Defendants also offered to provide declarations reaffirming that they file separate tax returns, not consolidated tax returns. *Id.* at 4-5.

### III. APPLICABLE LAW AND ANALYSIS

#### A. The Scope of Discovery

Under Rule 26,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

FED. R. CIV. P. 26(b)(1). Rule 26(b)(2)(C) directs the Court to limit the frequency or extent of discovery otherwise allowed, if it determines: (1) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (2) the party seeking discovery had ample opportunity to obtain the information; or (3) the proposed discovery is outside the scope of Rule 26(b)(1).

6

The relevancy evaluation necessarily begins with an examination of Plaintiff's claims.[5] The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[6] This broader scope is necessary given the nature of litigation, where determinations of relevance for discovery purposes are made well in advance of trial. Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[7] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."[8] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[9] If relevance is in doubt, the court should be permissive in allowing discovery.[10]

### B. Financial and Tax Records

While financial and tax information has been found relevant where a party places income or earning capacity at issue in litigation,[11] that is not the situation in this case. And while facts about the financial status of a party are generally not discoverable before obtaining a judgment against the party,[12] such discovery is allowed when relevant to any claim or defense and

---

[5] *Volvo Trucks N. Am., Inc. v. Crescent Ford Truck Sales, Inc.*, No. 02-3398, 2006 WL 378523, at *4 (E.D. La. Feb. 17, 2006) (Zainey, J.).
[6] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[7] *Id.* at 590 n.5 (citation and quotations omitted).
[8] *Id*. 590 (citations omitted).
[9] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc*., 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[10] *E.E.O.C. v. Simply Storage Mgmt., L.L.C*., 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc*., 813 F.2d 1207, 1212 (Fed. Cir. 1987) (internal quotations omitted)).
[11] *Butler v. Exxon Mobil Refin. & Supply Co.*, No. 07-386, 2008 WL 4059867, at *2 & n.5 (citing *Green v. Seattle Art Museum*, No. 07-58, 2008 WL 624961 (W.D. Wash. 2008) and other cases); *Campos v. Zurich Am. Ins. Co.*, No. 21-3923, 2022 WL 3647722, at *6 (W.D. La. Aug. 24, 2022) (citing *E.E.O.C. v. Columbia Sussex Corp.*, No. 07-701, 2009 WL 10679322, at *4 (M.D. La. Aug. 3, 2009) (ordering discovery of tax records or production of signed form authorizing release of same, in connection with disparate treatment claim); *Thai Miller Truck Lines Inc.*, No. 05-1958, 2006 WL 2349605, at *1 (W.D. La. Aug. 11, 2006) (noting that courts routinely direct plaintiffs to execute authorizations for the release of medical, employment, and tax records in personal injury matters)).
[12] *F.T.C. v. Turner*, 609 F.2d 743, 745 (5th Cir. 1980) (citation omitted) (noting that a private plaintiff may not discover an opponent's assets until after a judgment against the opponent has been rendered); *Seabulk Towing, Inc. v. Oceanografia S.A. de C.V*., Misc. No. 01-3791, 2002 WL 1837855, at *1 (E.D. La. Aug. 8, 2002) (citing FED. R. CIV.

proportionate to the needs of the case. Further, tax records are neither privileged nor undiscoverable.[13]

Courts are, however, reluctant to order the disclosure of tax records because they are considered "highly sensitive documents."[14] To determine whether tax records should be produced, the moving party must "demonstrate both: (1) that the requested tax information is 'relevant' to the subject matter of the action; and (2) that there is a 'compelling need' for the information because the information contained in the tax records is not 'otherwise readily obtainable' through alternative forms of discovery."[15] Once the moving party has shown relevance, "the burden shifts to the party opposing production to show that other sources exist from which the information contained in the income tax returns may be readily obtained."[16] Further, while some courts in the Fifth Circuit have differentiated between personal and business tax returns[17] or distinguished the

---

P. 26(b)(2) advisory committee's note to 1970 amendments; 8 WRIGHT, MILLER AND MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2010 (2d ed. 1994)) (rejecting pre-judgment asset discovery); *see also Liebmann v. Goden*, 629 F. Supp. 3d 314, 331 (D. Md. 2022) (noting that discovery into a defendant's assets or ability to satisfy a judgment is appropriate post-judgment discovery pursuant to Federal Rule of Civil Procedure 69(a)(2), but not pre-judgment) (citation omitted), *aff'd sub nom. Rullan v. Goden*, No. 22-2099, 2023 WL 4787463 (4th Cir. July 27, 2023); *Corizon Health, Inc. v. CorrecTek, Inc.*, No. 17-35, 2017 WL 7693390, at *3 (W.D. Ky. Dec. 12, 2017) (quoting *Dickson v. Nat'l Maint. & Repair of Ky., Inc.*, No. 08-8, 2011 WL 2610195, at *1 (W.D. Ky. July 1, 2011)) (stating that Rule 26 ordinarily "will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence"); *In re Classicstar Mare Lease Litig.*, MDL No. 1877, 2009 WL 1313311, at *3 (E.D. Ky. May 12, 2009) (finding that present financial condition and location of assets was not discoverable prior to judgment and was not a proper focus of prejudgment discovery under Rule 26); *Equinox Gallery Ltd. v. Dorfman*, No. 17-0230, 2018 WL 637764, at *1 (S.D.N.Y. Jan. 22, 2018) (citation & internal quotation marks omitted).
[13] *F.D.I.C v. LeGrand*, 43 F.3d 163, 172 (5th Cir. 1995).
[14] *Nat. Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1411 (5th Cir. 1993).
[15] *Butler*, 2008 WL 4059867, at *2 (quoting *Nat. Gas Pipeline Co.*, 2 F.3d at 1411).
[16] *F.D.I.C.*, 43 F.3d at 172.
[17] *See Levelland/Hockley Cnty. Ethanol, LLC v. Layne Christensen Co.*, No. 08-112, 2009 WL 10678213, at *4 (N.D. Tex. June 11, 2009) (differentiating between the personal tax returns of shareholders, board members, or the like and tax returns of the corporation and ruling the personal tax returns are "sensitive documents" according to *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.* that should not be produced, while the corporate tax returns are plainly relevant to damages and must be produced); *see also Mohnot v. Bhansali*, No. 99-2332, 2001 WL 515242, at *2 (E.D. La. May 14, 2001) (Clement, J.) (responding to the argument that because the corporate defendant voluntarily turned over tax records, the plaintiff should produce his by saying "The Court does not find that Bhansali's voluntary production of *corporate* tax returns merits an order that the plaintiffs produce their *personal* income tax returns") (emphasis in original).

8

unique facts of *Natural Gas Pipeline Co. of America v. Energy Gathering, Inc.*[18] numerous courts within the Fifth Circuit apply the test to both personal and business tax returns.[19]

### C. Jurisdictional Attribution Under Alter Ego/SBE/Veil Piercing Theories

Initially, although Defendants argue that Plaintiff has failed to make a threshold showing of alter ego to justify discovery, Judge Vitter has already ordered jurisdictional discovery. ECF No. 88 at 13-14.[20] Accordingly, the undersigned will not revisit whether Plaintiff has made a threshold showing necessary to obtain discovery.

Plaintiff seeks to obtain Defendants' financial documents and tax returns to support their arguments for attribution of Defendants' minimum contacts to one another under theories of alter ego/SBE/veil piercing. Initially, Plaintiff cites to Louisiana law to support her argument, but most states recognize that the rules of the state of incorporation apply to determine whether a corporation is the alter ego of another.[21] Thus, the inquiry must necessarily be guided by the law of the particular states of incorporation of the Defendants, not simply Louisiana law. Moreover, the factors used to determine alter-ego relationships for liability purposes are different than the relevant factors for purposes of imputing personal jurisdiction.[22] One difference is that allegations

---

[18] *See Lewis v. Shafer Project Res., Inc.*, No. 19-353, 2021 WL 2216626, at *1 n.2 (S.D. Tex. Jan. 22, 2021).

[19] *See, e.g.*, *Butler*, 2008 WL 4059867, at *2-3 (citing *Nat'l Gas Pipeline Co.*, 2 F.3d at 1411) (relying on two part test for discovery of personal tax returns); *Marine Power Holding, LLC v. Malibu Boat, LLC*, No. 14-0912, 2016 WL 366729, at *9-10 (E.D. La. Jan. 29, 2016) (Roby, M.J.) (applying the two part test to business tax returns and determining not relevant to the case); *Asset Funding Grp., LLC v. Adams & Reese, LLP*, No. 07-02965, 2008 WL 927937, at *9 (E.D. La. Apr. 4, 2008) (holding that the requesting party had failed to demonstrate a compelling need for plaintiff's tax returns in its malpractice action and that corporate interrelationship information may be obtained through alternative discovery methods that would provide the same, if not more, relevant information).

[20] *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) ("If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts [between the party and the forum state] . . . the plaintiff's right to conduct jurisdictional discovery should be sustained.")).

[21] *See, e.g.*, *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 647 (5th Cir. 2002) (holding that "the law of the state of incorporation governs the determination when to pierce a corporate veil" under Louisiana law); *Alberto v. Diversified Grp., Inc.*, 55 F.3d 201, 204 (5th Cir. 1995) (holding that Texas's conflict of laws statute requires application of Delaware's substantive law to veil piercing argument).

[22] *See Licea v. Curacao Drydock Co.*, 952 F.3d 207, 212, 213 n.2 (5th Cir. 2015). The test for jurisdictional veil piercing is less stringent than that for imposing liability. *Savoie v. Pritchard*, 122 F.4th 185, 192 (5th Cir. 2024).

9

of fraud are not relevant to the *jurisdictional* veil piercing analysis.[23]  Thus, Defendants' argument regarding the absence of any allegation of fraud (ECF No. 88 at 10) is inapposite.

The Fifth Circuit has identified seven factors in assessing whether an entity's contacts may be attributed to another entity for *jurisdictional* purposes under veil piercing/alter ego/SBE theories:[24]

> (1) amount of stock owned by the parent of the subsidiary;
> (2) separate headquarters;
> (3) common officers and directors;
> (4) observance of corporate formalities;
> (5) separate accounting systems;
> (6) whether the parent exercised complete authority over general policy;
> (7) whether the subsidiary exercised complete authority over daily operations.[25]

Most recently, the Fifth Circuit explained that the primary factor for jurisdictional veil piercing is the defendant's control of internal business operations and affairs of the corporation.[26]

In applying the two-part relevance and compelling need test, some courts place the burden on the requesting party to demonstrate both relevance and compelling need,[27] whereas others have

---

[23] *Savoie*, 122 F.4th at 192 & n.4 (noting that the district court incorrectly applied the substantive veil-piercing test requiring a showing of actual fraud because the substantive "actual fraud" test has no relevance to the jurisdictional veil-piercing analysis).
[24] *See, e.g.*, *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 428 (5th Cir. 2005) (stating that court may exercise general jurisdiction over out-of-state corporation under the single business enterprise doctrine when a subsidiary of the out-of-state corporation is subject to the court's general jurisdiction); *Hargrave v. Fibreboard Corp.*, 710 F.2d 1154, 1160 (5th Cir. 1983) (employing alter ego analysis to determine whether subsidiary's contacts may be attributed to parent for purposes of personal jurisdiction).
[25] *Hargrave*, 710 F.2d at 1160; *see also Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 339 (5th Cir. 1999). Louisiana's substantive SBE analysis requires consideration of similar factors:  (1) common ownership, (2) common directors and officers, (3) common employees, (4) common offices (5) unified administrative control, (6) similar or supplementary business functions, (7) one corporation financing the other, (8) inadequate capitalization, (9) one corporation's creation of the other, (10) one corporation paying the salaries, expenses, or losses of the other corporation, (11) one corporation receiving no business other than that given to it by the affiliated corporation, (12) shared property, (13) noncompliance with corporate formalities, (14) services rendered by the employees of one corporation on behalf of another corporation, (15) centralized accounting, (16) undocumented transfer of funds between corporations, (17) unclear allocation of profits and losses between corporations, and (18) excessive fragmentation of a single enterprise into separate corporations.  *See Green v. Champion Ins. Co.*, 577 So. 2d 249, 257-58 (La. App. 1st Cir. 1991); *accord. Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 587 (5th Cir. 2010).
[26] *Savoie*, 122 F.4th at 192 (citations omitted).
[27] *See Asset Funding Grp., LLC*, 2008 WL 927937, at *9 (denying motion to compel as requesting party had failed to demonstrate its compelling need for the tax information); *U.S. ex rel Univ. Loft Co. v. AGS Enters., Inc.*, No. 14-528,

stated once the party seeking production of the tax returns shows the relevance of the tax returns, the burden shifts to the party opposing production to show other sources exist from which the information contained in the returns may be readily obtained.[28] Regardless of which burden shifting framework is employed,[29] the Court does not find a compelling need to justify the production of Defendants' tax returns in light of the extensive discovery already obtained.

While tax returns contain a variety of information that may be relevant to liability and/or post-judgment collection efforts, given the discovery that has already occurred, this Court cannot find that compelling reasons exist to justify production of Defendants' tax returns. Defendants' tax returns would reflect only very limited information relevant to the jurisdictional issue, and that information appears cumulative and duplicative of information already provided. Further, other alternative sources can more readily be used to obtain the information relevant to the *Hargrave* factors, undermining the argument that there is a compelling need for tax returns. Plaintiff has not demonstrated how other discovery methods fail to reveal the information relevant to the relevant jurisdictional alter ego/SBE/veil piercing issue or how any particular item of information in the tax returns is not available from other sources.[30] In light of the information already provided and Defendants' acknowledgement that it will provide affidavits confirming that Defendants do not file consolidated tax returns with one another, the Court finds there is no compelling need at this time for Plaintiff to obtain the tax returns.

---

2016 WL 9462335, at *9 (W.D. Tex. June 29, 2016) (citing *Landry v. Haye*, No. 12–2766, 2013 WL 6157920, at *2 (E.D. La. Nov. 21, 2013)).

[28] *Rafeedie v. L.L.C., Inc.*, No. 10-743, 2011 WL 5352826, at *2 (W.D. Tex. Nov. 7, 2011) (citing *LeGrand*, 43 F.3d at 172).

[29] *See Lewis*, 2021 WL 2216626, at *1 n.2 (finding that *Nat'l Gas Pipeline Co.* involved unique facts but stating "[r]egardless of which part has the burden in this case, the information contained in the tax returns is not otherwise readily available obtainable through other means and therefore, the need is compelling." (citing *Ins. Safety Consultants LLC v. Nugent*, No. 15-2183, 2017 WL 10701817, at *4 (N.D. Tex. Mar. 21, 2017))).

[30] *See Asset Funding Grp. LLC*, 2008 WL 927937, at *9 (finding defendant failed to demonstrate that is has a compelling need for the sensitive tax information where it may obtain the same information by propounding alternative discovery inquiries, such as focused interrogatories specifically inquiring into the corporate interrelationship).

Nor has Plaintiff established that a wholesale production of all balance sheets and income statements from formation to present is necessary to obtain information as to the relevant *Hargrave* factors. Rather, given that Plaintiff's daughter died in 2023 and to the extent that this information has not already been provided in Defendants' document production, Defendants must produce the following documents from its financial statements for the years 2022-2024, marked confidential and subject to the Protective Order:

- redacted balance sheets or other financial statements reflecting ownership of stock of any other Defendant.

- financial documents reflecting the identity of any common officers, directors or employees shared by Defendants.

- financial documents reflecting any joint bank accounts shared with any other Defendant.

- financial documents/checks/redacted bank statements reflecting transfers between Defendants.

- financial documents reflecting any shared offices or headquarters with any other Defendant.

- financial documents reflecting any shared account systems with any other Defendant.

Production of these limited financial documents balances Defendants' interests in the privacy of their financial information and Plaintiff's need to obtain evidence relevant to the *Hargrave* jurisdictional attribution inquiry.

### IV. <u>CONCLUSION</u>

Given the extensive discovery to date, there is no compelling reasons to justify production of Defendants' tax returns and complete financial documents in connection with the limited jurisdictional discovery authorized by Judge Vitter. Further, cumulative and duplicative discovery is improper. Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel is GRANTED IN PART AND

DENIED IN PART as stated herein.

New Orleans, Louisiana, this \_\_\_21st\_\_\_ day of March, 2025.

_____<br>
DONNA PHILLIPS CURRAULT<br>
UNITED STATES MAGISTRATE JUDGE