UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN MOLLER | * | CIVIL ACTION |
| VERSUS | * | NO. 24-228 |
| MARTIAN SALES, INC., ET AL. | * | SECTION "D" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Kathleen Moller's Motion for Leave to File Third Amended Complaint. ECF No. 85. Defendants Martian Sales, Inc., JOpen, LLC, LP Ind., LLC, CAG Holdings, LLC, and RMH Holdings, LLC (collectively, "Defendants") filed an Opposition Memorandum, and Plaintiff filed a Reply Memorandum. ECF Nos. 93, 95.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's Motion for Leave to File Third Amended Complaint is GRANTED for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff filed this suit asserting negligence and products liability claims after the death of her 36-year-old daughter, whom she contends died as a result of ingesting Defendants' Kratom products. ECF No. 1 ¶¶ 17-20, 45-50.[1] The Court ordered Plaintiff to file an amended complaint setting forth the citizenship of each party. Plaintiff's First Amended Complaint was stricken for failure to adequately allege the citizenship of one of the defendants, after which Plaintiff filed a Second Amended Complaint. ECF Nos. 3-7.

---

[1] Plaintiff's duplicative state court suit was removed to this court (Civ. No. 24-781) and consolidated with this federal suit. ECF No. 40. During a July 16, 2024, status conference, the Court granted Plaintiff's counsel's oral motion to dismiss without prejudice Civ. No. 24-781 as duplicative of Civ. No. 24-228. ECF No. 54.

1

Defendants filed a Motion to Dismiss under Rule 12(b)(2) and 12(b)(6), which Plaintiff opposed. ECF Nos. 32, 48, 51. Judge Vitter denied the motion without prejudice and ordered jurisdictional discovery be completed by January 27, 2025. ECF No. 54. Judge Vitter denied a request to extend the jurisdictional discovery deadline, ordering that any motion to dismiss be filed in sufficient time to permit submission by April 29, 2025. ECF No. 67.

Plaintiff has now filed a Motion for Leave to File Third Amended Complaint, which she asserts clarifies ownership of certain entities and names additional defendants. ECF No. 85. Plaintiff argues that amendment is proper under Rule 15(a)(2) because trial is not scheduled until January 12, 2026, and the February 5, 2025 Scheduling Order specified a March 7, 2025 deadline for amending pleadings. ECF No. 85-1 at 2.

In Opposition, Defendants argue that Plaintiff's proposed Third Amended Complaint is futile because it does not cure any of the jurisdictional and substantive deficiencies of the prior complaint, is wholly conclusory, and adds nine new parties over whom the court lacks personal jurisdiction. ECF No. 93 at 1, 6-13. Defendants argue that adding four individuals is highly prejudicial to Defendants and harassment, and they attack the allegations raised against the new defendants. *Id.* at 2, 4-6. Defendants also argue the amendment is futile and the amendment is prejudicial. *Id.* at 6-13.

In Reply, Plaintiff argues there is no undue delay as she seeks to amend within one month of the close of jurisdictional discovery based on information uncovered during that discovery and before the deadline for amending pleadings. ECF No. 95 at 4-6. She argues there is no undue prejudice as the case is in its early stages, with the discovery deadline in seven months and trial in ten months, and there is no bad faith or dilatory motive. *Id.* at 6-7. Plaintiff disputes Defendants'

2

assertion that her claim is futile, arguing that the complaint satisfies *Iqbal*/*Twombly*,[2] and suggests that judicial economy dictate that Judge Vitter address the futility issue on the merits in the context of Rule 12 motions, which will be submitted to her by the April 29, 2025 deadline. *Id.* at 7-9.

## II.    APPLICABLE LAW AND ANALYSIS

"A party may amend its pleading once as a matter of course" within 21 days of service or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). FED. R. CIV. P. 15(a)(1)(A)-(B). In all other cases, a party may amend its pleading with the opposing party's written consent or leave of court, which leave should be freely granted when justice so requires. *Id.* at 15(a)(2). Accordingly, Plaintiff's request to amend is governed by Rule 15(a)(2), which provides that the "court should freely give leave [to amend] when justice so requires." *Id.*[3]

This inquiry requires the court to balance the difficult task of assuring a party a fair opportunity to present its claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim.[4] Although leave to amend is not automatic,[5] given Rule 15(a)(2)'s bias in favor of granting leave to amend, a court "must possess a 'substantial reason' to deny a request."[6] The five relevant factors considered in determining whether leave to amend is proper or there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).
[3] Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James Corp.*, 470 F.3d 1171, 11774 (5th Cir. 2006) (citation omitted). The term "discretion" in this context "may be misleading, because [Rule] 15(a) evinces a bias in favor of granting leave to amend." *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 872 (5th Cir. 2000)). A "district court properly exercises its discretion under Rule 15(a)(2) when it denies leave to amend for a substantial reason, such as undue delay, repeated failures to cure deficiencies, undue prejudice, or futility." *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 367 (5th Cir. 2014) (citation omitted).
[4] *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. Jan. 1981) (citation omitted).
[5] *Avatar Expl., Inc. v. Chevron U.S.A., Inc.*, 933 F.2d 314, 320 (5th Cir. 1991).
[6] *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citation omitted); *accord. Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999); *Stripling*, 234 F.3d at 872).

3

previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment.[7]  Denial of leave to amend is reviewed for abuse of discretion,[8] but absent a "substantial reason," the court's discretion "is not broad enough to permit denial" of a request for leave to amend.[9]

### A.    Undue Delay

Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend.[10]  However, a litigant's failure to assert a claim as soon as he could have done so is properly a factor to be considered in deciding whether to grant leave to amend.[11]  At some point, plaintiff's delay can be procedurally fatal.[12]  In that situation, plaintiff must meet the burden of showing that the delay "was due to oversight, inadvertence, or excusable neglect."[13]  Further, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, i.e., it must prejudice the nonmoving party or impose unwarranted burdens on the court."[14]

Plaintiff filed this motion within the Scheduling Order's deadline based on information she contends she learned through jurisdictional discovery.  There is no basis for finding "undue delay."

### B. Bad Faith

The Fifth Circuit has defined bad faith generally as

---

[7] *Gregory*, 634 F.2d at 203 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Spicer* 751 F.3d at 367 (citation omitted); *Strickland v. Bank of N.Y. Mellon*, 838 F. App'x 815, 821 (5th Cir. 2020) (quoting *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014)) ("Denying a motion to amend is not an abuse of discretion if allowing an amendment would be futile.").
[8] *Carroll*, 470 F.3d at 1174 (citation omitted).
[9] *Mayeaux*, 376 F.3d at 425 (citing *Martin's Herend Imps., Inc.*, 195 F.3d at 770; *Stripling*, 234 F.3d at 872).
[10] *See Smith*, 393 F.3d at 595 (citation omitted) (stating that Rule 15(a) does not impose a time limit "for permissive amendment"); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citation omitted) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to 'freely give leave to amend when justice so requires.'").
[11] *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).
[12] *Smith*, 393 F.3d at 595 (citing *Whitaker v. City of Hous.*, 963 F.2d 831, 836 (5th Cir. 1992)).
[13] *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citation omitted).
[14] *Mayeaux,* 376 F.3d at 427 (citations omitted).

implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. The term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.[15]

Defendants argue that the amendment is harassing because it seeks to name individuals whom Plaintiff contends are alter egos or part of the single business enterprise alleged in the complaint, but they do not argue bad faith within the context of Rule 15(a)(2). Thus, there is no evidence that the request for leave to amend is in bad faith, involves fraud, or is designed to mislead or deceive.

### C. Repeated Failures to Cure

The Fifth Circuit has affirmed denial of leave to amend where a party has been given multiple opportunities to cure a defect.[16] Although Plaintiff was directed to amend the complaint to properly allege the defendants' citizenship, Plaintiff timely complied with that order. There have been no other orders to amend to cure any specified deficiencies. And while Defendants contend that Plaintiff has failed to state a claim in their Rule 12(b)(6) motion, Judge Vitter deferred addressing the merits of that motion until Defendants re-file same after completion of jurisdictional discovery. Thus, Plaintiff has not repeatedly failed to cure a deficiency.

### D. Undue Prejudice

The Fifth Circuit and other courts have found prejudice when the amendment is asserted

---

[15] *Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 922 (5th Cir. 2002) (citation omitted) (interpreting Louisiana law).

[16] *See, e.g.*, *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint); *see also Neutron Depot, L.L.C. v. Bankrate, Inc.*, 798 F. App'x 803, 808 (5th Cir. 2020) (finding district court's denial of leave to amend proper where litigation was pending for five years, plaintiff's deficiency was first identified over three years ago, and the court allowed three prior amended complaints); *St. Germain v. Howard*, 556 F.3d 261, 264 (5th Cir. 2009) (affirming denial of a motion for leave to amend where "[a]ppellants had several opportunities to state their best case"); *Torch Liquidating Tr. ex rel. Bridge Assocs. L.L.C. v. Stockstill*, 561 F.3d 377, 391 (5th Cir. 2009) (concluding that justice did not require allowing plaintiff an additional opportunity to amend); *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566–67 (5th Cir. 2002) (affirming refusal to permit further amendment after plaintiff had amended twice).

after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial.[17] A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court."[18] Likewise, amendments that fundamentally alter the nature of the case are considered prejudicial.[19]

Defendants do not argue undue prejudice because discovery has closed, dispositive motions have been filed/briefed/decided, or fundamentally altering the nature of the case. Rather, Defendants argue that allowing amendment would open the door to jurisdictional discovery against nine additional parties based on a Complaint that does not provide sufficient factual support for Plaintiff's conclusory assertions of alter ego. ECF No. 93 at 13-15. Anticipating answering a complaint with a disputed Rule 12(b)(2) motion, however, is not the type of "undue prejudice" necessary to foreclose amendment under Rule 15. And while unfortunate, undue prejudice is not established by being required to incur litigation costs.[20]

---

[17] *See Smith*, 393 F.3d at 594–96 (affirming denial of leave to amend based on undue delay and prejudice where amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citation omitted) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend where the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, LLC v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice).

[18] *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). *Cf. Mayeaux*, 376 F.3d at 427 (distinguishing between amendments that propose alternative legal theories of recovery, which "generally should be permitted," and those that "fundamentally alter the nature of the case," which "may be denied if the circumstances warrant," and finding no abuse of discretion in denial of amendment that would have unduly prejudiced the original and proposed new defendants by allowing plaintiffs to plead "a fundamentally different case with new causes of action and different parties" after the case had been pending for years and was nearing the close of extensive discovery); *see also C3PO Int'l, Ltd. v. DynCorp Int'l, L.L.C.*, 663 F. App'x 311, 314 (5th Cir. 2016) (denying leave to amend based on, among other things, prejudice because of pressing discovery and trial deadlines).

[19] *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied where proposed amendment was based on documents known to plaintiff for over a year and added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture . . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux,* 376 F.3d at 427–28 (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[] the case anew.").

[20] *See Louisiana v. Bank of Am. Corp.*, No. 19-638, 2020 WL 3966875, at *3 (M.D. La. July 13, 2020) (rejecting argument that costs and expense of filing "yet another motion to dismiss" constituted undue prejudice); *Molina v.*

E.  **Futility**

Consideration of the futility factor requires the court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (i.e., whether it states a plausible claim for relief).[21] The Supreme Court clarified the Rule 12(b)(6) standard of review in *Iqbal* and *Twombly.* To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (i.e., the factual allegations must "be enough to raise a right to relief above the speculative level").[22] It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief."[23] If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility."[24]

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "shown"—"that the pleader is entitled to relief."[25]

Although the court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions."[26]

---

*Caliber Home Loans, Inc.*, No. 15-757, 2016 WL 3660621, at *5 (N.D. Tex. Mar. 15, 2016) ("As to being unduly prejudiced because of time and money already expended in filing two motions to dismiss, while the Court . . . supports litigation economy, it also recognizes that justice may require some repetition of effort and notes the probability that much of the work already done likely can be resubmitted with minimal additional expense and effort.").

[21] *Marucci Sports*, 751 F.3d at 378 (quoting *Stripling,* 234 F.3d at 873).
[22] *Twombly*, 550 U.S. at 555, 570..
[23] *Id.* at 557 (brackets in original); *Iqbal,* 556 U.S. at 678.
[24] *Iqbal,* 556 U.S. at 678 (citation omitted).
[25] *Id.* at 679 (internal citation omitted) (quoting FED. R. CIV. P. 8(a)(2)); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that where the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief).
[26] *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 ("[The] obligation to provide the grounds of [] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).  When considering a Rule 12(b)(6) motion, the court must limit itself to the contents of the pleadings, including any attachments thereto. *Collins v.*

Plaintiff's proposed Amended Complaint appears to add very little additional content or new causes of action, but it does add nine additional parties. To address the futility objection, this Court would have to address the very issues raised in Defendants' motion to dismiss scheduled to be re-filed before Judge Vitter. Given the context of the prior motions, the ordered jurisdictional discovery, and the pending schedule for consideration of the issues raised by Defendants Rule 12(b)(2) and 12(b)(6) motion, the futility issue is best addressed in the context of resolving the contemplated substantive motions to dismiss.[27] Indeed, courts often defer addressing the futility issue in relation to a Rule 15 motion to allow resolution of the issue in the context of a Rule 12 motion:[28] "The issue of futility . . . is better addressed 'in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.'"[29] Allowing amendment gives Plaintiff an opportunity to "plead her best case" before asking the court to rule on the motion to dismiss.[30] Whether Plaintiff's claims survive a Rule 12 motion will be addressed by Judge Vitter on April 29, 2025. Therefore, it is not appropriate for this Court to address that matter in ruling on the

---

*Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)). Thus, it may consider not only the allegations but also any documents attached to the complaint, referenced documents that are central to the claim, and documents that are part of the public record or subject to judicial notice. *See, e.g.*, *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007) (directing courts to "consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Wolcott v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (same).
[27] *See City of Baton Rouge/E. Baton Rouge Par. v. Bank of Am., N.A.*, No. 19-725, 2020 WL 13033205, at *3 (M.D. La. Apr. 20, 2020).
[28] *See, e.g.*, *Norman v. Webster*, No. 24-240, 2025 WL 699681, at *4 (E.D. La. Feb. 28, 2025) (noting that numerous courts within the Fifth Circuit have recognized that futility is better addressed in the context of a Rule 12(b)(6) motion than a Rule 15 motion); *Tesla, Inc. v. La. Auto. Dealers Ass'n*, No. 22-2982, 2023 WL 9059650, at *7 (E.D. La. Jan. 11, 2023); *Medarc, LLC v. Aetna Health Inc.*, No. 20-3646, 2022 WL 743520, at *2 (N.D. Tex. Mar. 11, 2022) (Ramirez, M.J.) (recognizing the virtually "unvarying" practice of resolving futility in the context of Rule 12 rather than Rule 15).
[29] *Griffin v. Genpact LLC*, No. 23-1632, 2024 WL 4005090, at *8 (N.D. Tex. Jan. 9, 2024) (quoting *Smallwood v. Bank of Am.*, No. 11-1238, 2011 WL 4941044, at *1 (N.D. Tex. Oct. 17, 2011)), *R.&R. adopted*, No. 23-1632, 2024 WL 4004996 (N.D. Tex. Jan. 31, 2024).
[30] *See Bank of Am. Corp.*, 2020 WL 3966875, at *2 (quoting *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*, 570 F. Supp. 2d 376, 384 (D. Conn. 2008)); *see also Biwen Liang v. Home Reno Concepts LLC*, No. 17-3503, 2018 WL 1401801, at *3 (E.D.N.Y. Mar. 19, 2018) ("It is a far better conservation of judicial and party resources to permit the amendment . . . and let any order on a motion to dismiss determine the facial validity of the RICO claim.").

proposed amended complaint, which essentially repeats the prior claims with very little additional information and adds additional parties.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion for Leave to File Third Amended Complaint is GRANTED as stated herein.

New Orleans, Louisiana, this ___21st___ day of March, 2025.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE