# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHLEEN MOLLER** | * | **CIVIL ACTION NO. 24-0228-WBV-DPC** |
| | * | |
| **VERSUS** | * | **JUDGE WENDY B. VITTER** |
| | * | |
| **MARTIAN SALES, INC; JOPEN, LLC**, a Texas limited liability company; **JOHNSON FOODS, LLC**, a Wyoming limited liability company; **LP IND., LLC**, a Wyoming limited liability company; **CAG HOLDINGS, LLC**, a Wyoming limited liability company; **RMH HOLDINGS, INC.**, a Wyoming corporation; **ABC INSURANCE COMPANY and John Does 1-4.** | * * * * * * * * * | **MAGISTRATE DONNA PHILLIPS CURRAULT** |
| * * * * * * * * * * * * * * * * * * * * * * * | * | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO REVIEW MAGISTRATE JUDGE'S ORDER AND OBJECTIONS

**MAY IT PLEASE THE COURT:**

Plaintiff, Kathleen Moller, and upon suggesting to the Court with respect that she desires a review of the Order and Reasons regarding Plaintiff's Motion to Compel, [Rec. Doc. 98] issued on March 21, 2025.

1.

As this Court is now well aware, this is a case involving the death of a young woman that Plaintiff alleges was due to the ingestion of the Defendants' kratom product. At the outset of this litigation, Defendants filed a motion to dismiss, citing the lack of personal jurisdiction. The Court denied all motions to dismiss without prejudice and allowed the parties to engage in jurisdictional discovery. The Court set an April 29, 2025 submission date for any renewed motions to dismiss.

Following this, the parties proceeded with jurisdictional discovery and subsequently, written discovery was served. Certain Defendants failed to fully comply with discovery requests,

-1-

prompting Plaintiff to file a Motion to Compel. The Plaintiff asserts that various defendants who were the subject of Plaintiff's Motion to Compel are members of a single business enterprise. The Court ordered jurisdictional discovery to investigate the existence of a single business enterprise ("SBE") and alter egos among defendants, as this is one of the foundations of the Plaintiff's claim for personal jurisdiction. In other words, the issue of SBE and jurisdiction are intertwined and the court allowed Plaintiff to develop further evidence to support her argument against the Defendants' jurisdictional motions.

Plaintiff resubmits as exhibits the Written Discovery at issue, attached as Exhibit 1, *in globo*. Plaintiff further reiterates the following pleadings and exhibits for consideration: Defendants' Responses to Discovery (*see* Rec. Doc. 82-2 through 82-6; Plaintiff's Motion to Compel (*see* Rec. Doc. 82); Defendants' Opposition (*see* Rec. Doc. 88); Minute Entry of March 12, 2025 (*see* Rec. Doc. 94); Plaintiff's Supplemental Memorandum in Support of Motion to Compel (*see* Rec. Doc. 96); Exhibit 1 to Plaintiff's Supplemental Memorandum (*see* Rec. Doc. 96-1); Defendants' Supplemental Opposition (*see* Rec. Doc. 97); and the Order and Reasons regarding Plaintiff's Motion to Compel (*see* Rec. Doc. 98) at issue.

Before proceeding further, it should be noted that while the Magistrate Judge quoted the Requests for Production involved Plaintiff's Motion to Compel as to to one of the Defendants (JOpen), Plaintiff's Motion to Compel also pertained to Martian Sales, Inc., LP Ind., LLC, CAG Holdings, LLC and RMH Holdings, LLC. [Rec. Doc. 82].

2.

The crux of this Request for Review pertains to the Magistrate Judge's denial (in pertinent part) of Plaintiff's Motion to Compel Production of the Defendants' tax records; and to the extent that the Order omitted discussion of the adequacy of unaudited financial statements that *were*

ordered produced, the failure to order production of *audited* financial statements, and/or the failure to order production of tax returns in the event that any or all of the defendants did not have *audited* financial records.

The best introduction into the basis for this appeal and its reason is the report of Ryan Kelley, CPA.[1] In that report, Mr. Kelley details what pertinent additional information is contained in tax returns that are not included in financial statements. Further, Mr. Kelley explains why unaudited financial statements are inadequate for the purpose of substantiating the relationships and financial interconnections between individuals and corporations in a review of the SBE and alter ego doctrines in Louisiana pursuant to various accounting standards and that review of tax records in addition to financial statements comprise customary documents underlying analysis of SBE and alter ego in these kinds of cases.

It is anticipated that in the near future, Defendants will renew their Motions to Dismiss on the basis of lack of personal jurisdiction that will come before this Court for adjudication. At that point, the SBE and alter ego issue will arise again, and this Court will have to consider the evidence that will be submitted by Plaintiffs to establish a SBE or alter ego claim among the various Defendants.

3.

One of the objections raised by Defendants is that the documents and testimony adduced so far are adequate, in their opinion, to replace the need for additional discovery and the production of tax records and financial statements, audited or not. Essentially, their objection is that further documents would be cumulative. Defendants gratuitously suggested to the Magistrate Judge that

---

[1] Rec. Doc. 96-1.

she assume that Plaintiff already possesses sufficient documents to respond to or challenge their anticipated jurisdictional motions.

The Court's Order echoes Defendants' contention, holding that "the Court does not find a compelling need to justify the production of Defendants' tax returns in light of the extensive discovery already obtained."[2] In essence, the Magistrate Judge is preventing the Plaintiff from obtaining concededly relevant documents on the assumption that the limited documentation produced thus far by Defendants – none of which meets the criteria of the customary standards applicable to SBE analysis outlined by Mr. Kelley – is adequate, except for the limited material the Court does order at the conclusion of the opinion which will be discussed, *infra*.

Paradoxically, by shielding production of audited financial statements and tax returns, neither Plaintiff nor this Court can know the threshold question of whether the documents are cumulative or not. Suppressing production would allow neither the Plaintiff nor the Court to make an objective determination as to whether the tax records or financial statements are truly cumulative or not.

Plaintiff hopes and believes that the evidence she has accumulated thus far will be sufficient to defeat the anticipated resumption of their Motions to Dismiss and to prevail with a finding of SBE or alter ego. However, at this stage, Plaintiff's counsel have no way of knowing this. Defendants would like Plaintiff to assume the risk that the documentation and testimony they have produced so far is *not* sufficient to prevail. They do so by withholding the production of documents that are customary and clearly relevant in such cases to determine SBE or alter egos in our courts, as noted by Plaintiff's CPA consultant (Rec. Doc. 96-1).

---

[2]  Rec. Doc. 98, p. 11.

Instead, the Magistrate Judge's Order appears to rest on the conceded grounds that such documents are inevitably "sensitive" and accept the proposition that the further documentation she ordered would be superfluous for Plaintiff's needs.

This poses the potential to Plaintiff and *this* Court that, if it is inclined to dismiss some or all of the Defendants for lack of personal jurisdiction due to inadequate evidence of SBE or alter ego between and among them, the Magistrate Judge has cut off Plaintiff's access to further highly probative, relevant evidence. This additional evidence may "tip the balance" of considerations and may result in this Court denying Defendants' Motions. This is a risk with which *this* Court should not be confronted and certainly not a risk Plaintiff is prepared to take. With respect, Plaintiff simply could not let this stand without requesting review by this Court and to make their objection a matter of record.

4.

It should also be noted that there is a Protective Order in effect to which Plaintiff objected in part. That objection was overruled, and the Magistrate Judge entered a Protective Order in keeping with this District's standard template/order (Rec. Doc. 62).

While sensitivity is always an issue with these documents, in this case, production of them must be considered in the context of the protections afforded by the Protective Order, and the fact that they are not being requested as a pre-Judgment inquiry into the financial means of a defendant to pay a judgment. Restrictions on tax returns and financial records have routinely been upheld when the purpose is merely to ascertain the assets of a defendant before trial and judgment. That is not the purpose for which they are being sought here.

Rather, there was good cause to produce these documents given the single business enterprise and alter ego allegations, and therefore further inquiry into the financial records of these entities is merited.[3]

This Court had already recognized the relevance and discoverability of this type of information when it ordered Johnson Foods, LLC to produce them. (Rec. Doc.78). Notwithstanding that order and an additional verbal conferral following the February 19, 2025, counsel for the remaining defendants refuses to produce these same documents.

5.

Accurate financial records and corporate or company structure records are essential to a single business enterprise analysis.[4] Defendants are at pains to point out that they have given depositions and produced documentation to date, but none meet the criteria required by the Statement on Standards for Forensic Services issued by the American Institute of Certified Public Accountants or generally accepted accounting principles (GAAP).[5] Unaudited financial records not verified by a third party are essentially worthless as someone could create financial statements that say anything.[6]

---

[3] See cases ordering production of tax documents, *F.D.I.C. v. LeGrand*, 43 F.3d 163 (5th Cir. 1995), *In re Norplant Contraceptive Prods. Liab. Litig.*, 170 F.R.D. 153, 153–54 (E.D. Tex. 1996) and *Lozada-Leoni v. MoneyGram Int'l, Inc.*, No. 4:20CV68-RWS-CMC, 2020 WL 10046089, at *15 (E.D. Tex. July 8, 2020); *In re Greenwood Air Crash*, 161 F.R.D. 387 (S.D. Ind. 1995) (Decedent's tax returns were relevant, in wrongful death action brought under Indiana law, to determine pecuniary losses suffered by beneficiaries, and, thus, those tax returns were discoverable.), *Star v. Rogalny*, 22 F.R.D. 256 (E.D. Ill. 1958) (Income tax returns are not privileged from discovery and production under Federal Rule of Civil Procedure dealing with discovery and production of documents and things for inspection, copying, or photographing, and if the returns are in possession of a party, he can be compelled to produce them.)

[4] *Andretti Sports Mktg. Louisiana, LLC v. Nola Motorsports Host Comm., Inc.*, 147 F. Supp. 3d 537, 557 (E.D. La. 2015); see also *Green v. Champion Ins. Co.*, 577 So.2d 249, 257–58 (La.Ct.App.1991) (Under Louisiana law, the factors to be considered to determine whether one entity is an alter ego of another or whether two entities are a "single business enterprise" are similar); *Hollowell v. Orleans Reg'l Hosp. LLC,* 217 F.3d 379, 385–89 (5th Cir.2000); and *Jackson v. Tanfoglio Giuseppe, S.R.L.*, 615 F.3d 579, 587 (5th Cir. 2010).

[5] Rec. Doc. 96-1, Ryan Kelley, CPA.

[6] Ibid.

The Magistrate Judge made no comment on these real issues. In her order to produce limited documents, she orders "redacted" balance sheets or other financial statements reflecting ownership of stock and makes no distinction between audited or unaudited financial documents, nor any provision that tax returns be produced if the only financial records are unaudited internal creations by these corporations resisting a finding of SBE in litigation.

At minimum, production of tax returns and audited financial statements with the requisite information sought by Plaintiffs should have been ordered and if audited financial statements are not kept by these Defendants in the ordinary course of business, then unaudited financial statements and tax returns.

There is also no justification for any limitation on the time period sought to 2022-2024 based upon the Plaintiff's daughter's date of death in 2023. The information regarding the intertwined relationships of these corporations are a "moving target" with new corporations being formed dynamically. Plaintiff suggests at minimum, a five-year window from 2020 to 2025 if not the entire existence of each corporation.

5.

In conclusion, the Order Granting Plaintiff's Motion to Compel in part and denying it in part essentially side-steps and avoids compelling production of the kind of plausible, credible, customary documentation produced in these cases in which the single business enterprise or alter ego theory is at issue. This kneecaps Plaintiff's ability to establish facts and evidence to support the elements of this doctrine which it is her burden to do unless Defendants would stipulate, in advance, that there is sufficient evidence to establish the single business enterprise or alter ego theory among the Defendants that would moot this discovery.

[SIGNATURE ON FOLLOWING PAGE]

Respectfully submitted:

**WAGAR HICKMAN, LLC**

*s/ Nelson W. Wagar, III*
**NELSON W. WAGAR, III (No. 13136)**
**SARAH WAGAR HICKMAN (No. 35823)**
1401 West Causeway Approach
Mandeville, Louisiana 70471
Telephone (985) 888-8740
shickman@wagarhickman.com
cwagar@wagarhickman.com

-and-


**MICHAEL J. COWGILL** (FL Bar # 1010945)
*Pro Hac Vice*
**TAMARA J. SPIRES** (FL Bar # 127625)
*Pro Hac Vice*
**MCTLAW**
1515 Ringling Blvd, Suite 700
Sarasota, Florida 34236
Telephone 888.952.5242
mcowgill@mctlaw.com
tspires@mctlaw.com

***Attorneys for Plaintiff, Kathleen Moller***