# EXHIBIT 23

Exhibit 32 - Mark Reilly
10/29/2024 - MJS

1 Squire Patton Boggs (US) LLP
Adam R. Fox (State Bar # 220584)
2 adam.fox@squirepb.com
Erin M. Gilmore (State Bar # 324319)
3 erin.gilmore@squirepb.com
4 555 South Flower Street, 31st Floor
Los Angeles, California 90071
5 Telephone:   +1 213 624 2500
Facsimile:   +1 213 623 4581
6
7 Attorneys for Defendant
MARTIAN SALES, INC.
8

9 **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12  C.M. and M.C, on behalf of themselves and all others similarly situated, | Case No. 3:23-cv-06202 |
| 13  Plaintiffs, | **MARTIAN SALES, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT PURSUANT TO FED. RULE OF CIVIL PROCEDURE 12(B)(2) AND 12(B)(6); MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF MARK REILLY IN SUPPORT OF THEREOF** |
| 14  v. | |
| 15  MARTIAN SALES, INC., | |
| 16  Defendant. | |
| 17 | |
| 18 | **Judge**: Judge Araceli Martínez-Olguín |
| 19 | **Ctrm**: 10, 19th Floor |
| 20 | **Hearing Date**: May 2, 2024 **Hearing Time**: 2:00 p.m. |

21
22
23
24
25
26
27
28

Martian Sales' Motion to Dismiss
Case No. 3:23-cv-06202
1100206540\3\AMERICAS

*v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (citation omitted); *Green v. Canidae Corp.*, No. CV 09-0486 GAF PLAX, 2009 WL 9421226, at *5 (C.D. Cal. June 9, 2009); *see also Xavier v. Philip Morris USA Inc.*, 787 F. Supp. 2d 1075, 1082 (N.D. Cal. 2011) ("A buyer and seller stand in privity only if they are in adjoining links of the distribution chain; an end consumer who buys products from a retailer is not in privity with the manufacturer of the products."); *Watkins v. MGA Ent., Inc.*, 550 F. Supp. 3d 815, 830 (N.D. Cal. 2021) (same). As set forth above, (*see* Section B, *supra*) Martian Sales does no direct-to-consumer sales[4], and Plaintiffs do not allege any direct purchase from the Defendant. Compl. ¶¶ 89-94. Because Defendant did not sell any products directly to Plaintiffs, Count IV cannot survive.

Nonetheless, even if privity did exist, which it does not, Plaintiffs will be unable to maintain their claims. California recognizes two theories for a breach of the implied warranty of merchantability: (i) whether the goods are not fit for the ordinary purposes for which they are used, and (ii) whether the goods fail to conform with the promises or affirmations contained on the container or label. *See Kanfer v. Pharmacare US, Inc.*, 142 F. Supp. 3d 1091, 1104 (S.D. Cal. 2015) (explaining that there are "two separate definitions of merchantability") (citing to *Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 189, 6 Cal. Rptr. 3d 494 (2003)). Here, Plaintiffs are proceeding under the second theory—*i.e.*, failure to conform with promises and affirmations.

Plaintiffs describe O.P.M.S. kratom as failing to conform with the "implied affirmations of fact . . . that the Products are not addictive and do not cause withdrawals." Compl., ¶ 141. But the entire theory behind the Complaint is that Martian Sales did not tell end-users in its packaging that Kratom was potentially addictive and/or could cause withdrawal symptoms. Plaintiffs cannot premise their implied warranty claim on the notion that kratom failed to conform with promises or affirmations that were never actually made.

---

[4] Further, there is a split of authority in California district courts as to whether the CLRA claim could also be dismissed for lacking privity between the end-consumer (Plaintiffs) and the manufacturer (Martian Sales). *See MGA Ent., Inc.*, 550 F. Supp. 3d at 836 (discussing split of authority and holding no CLRA claim without privity of sale); Here, neither Martian Sales nor O.P.M.S. do direct to consumer sales. *See* https://opmkratom.com/faqs/.

that they also fail to explain what disclosure, if any, Martian Sales should be forced to make in the future. Their claim for injunctive relief fails for that reason as well.

## CONCLUSION

For the foregoing reasons, this Court should dismiss each of Plaintiffs' claims with prejudice.

Dated: February 9, 2024

Respectfully Submitted,

Squire Patton Boggs (US) LLP

By: /S/ Adam R. Fox
Adam R. Fox
Erin M. Gilmore

Attorneys for Defendant
MARTIAN SALES, INC.

- 23 -

MARTIAN SALES' MOTION TO DISMISS
CASE NO. 3:23-CV-06202
1100206540\3\AMERICAS