# EXHIBIT 35

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHLEEN MOLLER** | * | **CIVIL ACTION NO. 24-0228-WBV-DPC** |
| | * | |
| **VERSUS** | * | **JUDGE WENDY B. VITTER** |
| | * | |
| **MARTIAN SALES, INC; JOPEN, LLC,** | * | **MAGISTRATE DONNA PHILLIPS** |
| a Texas limited liability company; | * | **CURRAULT** |
| **JOHNSON FOODS, LLC**, a Wyoming | * | |
| limited liability company; **LP IND., LLC,** | * | |
| a Wyoming limited liability company; | * | |
| **CAG HOLDINGS, LLC**, a Wyoming | * | |
| limited liability company; **RMH** | * | |
| **HOLDINGS, INC.**, a Wyoming | * | |
| corporation; **ABC INSURANCE** | * | |
| **COMPANY and John Does 1-4.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**DEFENDANT JOPEN, LLC'S RESPONSES AND OBJECTIONS
TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**

TO:   Plaintiff, Kathleen Moller, by and through her attorneys of record, Nelson W. Wagar, III, Sarah Wagar Hickman, Wagar Hickman, LLP, 1401 West Causeway Approach, Mandeville, Louisiana and Michael Cowgill, Tamara J. Williams mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida 34236

Defendant JOpen, LLC, pursuant to the Federal Rules of Civil Procedure, responds to Plaintiff's Kathleen Moller's First Set of Requests for Production, as follows:

**GENERAL OBJECTIONS**

1.   Defendant objects to the Requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, oppressive, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence.

2.   Defendant objects to the Requests to the extent that they are contradicted by, inconsistent with, or impose on Defendant any obligations in excess of the requirements of the Federal Rules of Civil Procedure.

Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody and control.

**REQUEST NO. 3:**

Produce documents sufficient to identify each shareholder, director, and officer, both past and present, of Defendant.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made).

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for documents responsive to this Request that relate to Louisiana; to the extent Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody and control.

**REQUEST NO. 4:**

Produce documents sufficient to identify any parent company or companies of Defendant, and all subsidiaries of the parent company of Defendant.

**RESPONSE:**

Subject to its General Objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for documents responsive to this Request; to the extent Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody and control.

**REQUEST NO. 5:**

Produce all general liability insurance policies and product liability insurance policies held for damages caused by OPMS kratom within Louisiana.

**RESPONSE:**

Defendant does not believe that any responsive documents exist. However, subject to its General Objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for documents responsive to this Request; to the extent Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody and control.

**REQUEST NO. 6:**

Produce all documents exchanged with governmental authorities or public officials within Louisiana regarding kratom.

**RESPONSE:**

No responsive documents exist in JOpen's possession, custody, or control.

**REQUEST NO. 7:**

Produce all contracts and agreements to do business with any entity within Louisiana.

**RESPONSE:**

Defendant objects to this Request on the grounds that it is overbroad, unduly burdensome, and seeks information that is neither relevant to the subject matter of this action nor to the determination of any motion made (or that could be made). Specifically, the phrase "[a]ll contracts and agreements to do business with any entity within Louisiana" is overbroad to the extent that it relates to products or time periods not at issue in this litigation.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for documents responsive to this Request; to the extent Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody and control related to any retailers identified in this action.

DATED: September 12, 2024

Respectfully submitted,

By /s/ Gwendolyn C. Payton
**Hayley R. Ambler**
Louisiana Bar No. 25848
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6080
Facsimile: (404) 541-3268
hambler@ktslaw.com

**Gwendolyn C. Payton** (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
Telephone: (206) 497-9600
Facsimile: (206) 299-0414
gpayton@ktslaw.com

**Maeghan E. Whitehead** (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone: (214) 922-7138
Facsimile: (214) 279-4456
mewhitehead@ktslaw.com

*Counsel for Defendants LP IND., LLC; CAG HOLDINGS, LLC; RMH HOLDINGS, INC.; MARTIAN SALES, INC.; and JOPEN, LLC.*