UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHLEEN MOLLER** | * | **CIVIL ACTION NO. 24-0228-WBV-DPC** |
| | * | |
| **VERSUS** | * | **JUDGE WENDY B. VITTER** |
| | * | |
| **MARTIAN SALES, INC; JOPEN, LLC,** | * | **MAGISTRATE DONNA PHILLIPS** |
| a Texas limited liability company; | * | **CURRAULT** |
| JOHNSON FOODS, LLC, a Wyoming | * | |
| limited liability company; LP IND., LLC, | * | |
| a Wyoming limited liability company; | * | |
| CAG HOLDINGS, LLC, a Wyoming | * | |
| limited liability company; RMH | * | |
| HOLDINGS, INC., a Wyoming | * | |
| corporation; ABC INSURANCE | * | |
| COMPANY and John Does 1-4. | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### JOPEN, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FOURTH SET OF INTERROGATORIES

TO: Plaintiff, Kathleen Moller, by and through her attorneys of record, Nelson W. Wagar, III, Sarah Wagar Hickman, Wagar Hickman, LLP, 1401 West Causeway Approach, Mandeville, Louisiana 70471 and Michael Cowgill, Tamara J. Spires, mctlaw, 1515 Ringling Blvd., Suite 700, Sarasota, Florida 34236.

Defendant JOpen, LLC ("Defendant"), pursuant to the Federal Rules of Civil Procedure, responds to Plaintiff Kathleen Moller's Fourth Set of Requests for Interrogatories ("Interrogatories"), as follows:

### GENERAL OBJECTIONS

1. Defendant objects to the Interrogatories to the extent that they are vague, ambiguous, overbroad, unduly burdensome, oppressive, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence.

2. Defendant objects to the Interrogatories to the extent that they are contradicted by, inconsistent with, or impose on Defendant any obligations in excess of the requirements of the Federal Rules of Civil Procedure.

**EXHIBIT C**

      3.      Defendant objects to the Interrogatories to the extent they seek information and materials protected by the attorney-client privilege, attorney-work product doctrine, and any other applicable privilege.

      4.      Defendant objects to the Interrogatories to the extent that they seek information or documents that constitute or contain trade secrets, proprietary information, and/or other confidential information. Defendant will produce such information pursuant to the Protective Order entered by the Court in this matter on December 17, 2024 [D.E. 62], and only if such information is not subject to any other objections.

      5.      Defendant objects to the Interrogatories to the extent that they seek information or documents that are not in its possession, custody, or control and are equally or more easily accessible to Plaintiff.

      6.      Defendant objects to the Interrogatories to the extent they seek information or documents outside the scope of the time, place, subject matter, and circumstances of the occurrences mentioned or complained of in the Third Amended Complaint, dated March 24, 2025 (the "Complaint"). Paragraphs 27 and 30 of the Complaint allege that injuries were suffered on February 6, 2023, allegedly after consumption of an unspecified kratom product. Accordingly, actions or activities by Defendant after February 6, 2023—as well as issues, documents, or communications in connection with activities other than the production and/or distribution of the kratom product Plaintiff allegedly consumed—do not give rise to Plaintiff's cause of action. Defendant will respond to the Interrogatories for the following dates: January 1, 2020, through February 6, 2023.

7.  Defendant does not concede that any of the responses are or will be admissible evidence at trial. Further, Defendant does not waive any objection, whether or not asserted herein, to use any such answer at trial.

8.  These Responses and Objections have been prepared pursuant to a reasonably and duly diligent investigation and search for the necessary information.

## SPECIFIC OBJECTIONS TO DEFINITIONS

1.  Defendant objects to the definition of "identify" to the extent that it contradicts, is inconsistent with, or imposes on Defendant any obligations in excess of the requirements of the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES TO
## FOURTH SET OF INTERROGATORIES

1.  Please identify all changes to OPMS kratom labeling, warnings, instructions for use, and disclaimers including the date in chronological order and a description of the changes made.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome because it seeks, without any limitation as to time or specific product, "all changes to OPMS kratom labeling, warnings, instructions for use, and disclaimers," which is not reasonably tailored to the claims and defenses in this proceeding, which only concern events which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Interrogatory to the extent it seeks to require Defendant to respond on behalf of any entity other than Defendant or otherwise seeks information or documents that are not in its possession, custody, or control. Given Plaintiff's representations in her initial disclosures and her discovery responses that Decedent consumed OPMS Silver Maeng Da capsule and powder kratom products, Defendant responds to this Interrogatory as to OPMS Silver products. *See* Pla.'s Responses to Def.'s First

Interrogatories, Interrogatory No. 15; Pla.'s Responses to Def.'s First Requests for Production of Documents; Pla.'s Initial Disclosures; MOLLER_0000023 – 26.

Subject to the foregoing objections, Defendant responds as follows:

Warning/Disclaimer:

As of January 1, 2020 and through approximately mid-2020, OPMS Kratom products, including OPMS Silver products, included a warning that provided:

**Warning:**
Mitragyna speciosa is an unapproved dietary ingredient. The manufacturers / re-sellers of this product, therefore, can not advise on its use. Ingesting Mitragyna speciosa can be dangerous. Consult your physician about potential interactions, other possible complications, and precautionary measures before considering this product. Inform your physician of the alkaloid content, labeled on the package.

Manufacturers / Re-sellers assume no responsibility for the use or misuse of this product.

Keep out of reach of children. 18+ Only.

**Warning:**

Only for use as a botanical specimen. Mitragyna speciosa is an unapproved dietary ingredient. The manufacturers/re-sellers of this product, therefore, cannot advise on its use. Ingesting Mitragyna speciosa can be dangerous. Consult your physician about potential interactions, other possible complications, and precautionary measures before considering this product. By opening this package, you accept full responsibility for the use of the product, including, but not limited to any adverse events or health complications. Inform your physician of the alkaloid content, labeled on the package. This product has been sterilized; all potential contaminants are removed for safety purposes. Manufacturers / Re-sellers assume no responsibility for the use or misuse of this product.

Keep out of reach of children. DO NOT USE IF YOU ARE PREGNANT, PLAN TO BECOME PREGNANT, OR WHILE BREASTFEEDING. NOT FOR SALE TO MINORS! 18+ ONLY. (21+ IN TENNESSEE).

Manufacturers / Re-sellers assume no responsibility for the use or misuse of this product.

From mid-2020 to mid-2022, Defendant's website contained the following disclaimer regarding OPMS Kratom products, including OPMS Silver products:

From mid-2022 to early 2023, the website contained the following disclaimer and directions regarding OPMS Silver products:

**OPMS Silver Disclaimer and Directions:**

**Directions:** Consult with a licensed healthcare provider before using this product for any reason to determine if this product is right for you, and if so, how to use it safely. You should also consult with a licensed healthcare provider about potential interactions or other possible complications before using this product. Do not use this product if you have a serious medical condition or use prescription medications. Do not use this product in combination with any medications, including prescription and over-the-counter medications, vitamins, herbal supplements, drugs, nicotine or any other substance, including any other Kratom product. Tell your healthcare provider about all the medicines, vitamins, nicotine, herbal supplements, drugs, and any other substance including any other kratom that you take or have taken. Inform your doctor of the alkaloid content, labeled on the package, and that of any other kratom product you may have taken in the past. All information presented here is not a substitute for or alternative to information from healthcare practitioners. Do not alter packaging for retail sales.

**DO NOT ALTER PACKAGING FOR RETAIL SALES.**

**DO NOT USE IF SEAL IS BROKEN**

**NOT FOR SALE TO MINORS! 18+ ONLY ( TENNESSEE 21+ ONLY). Keep out of reach of children.**

Only for use as a botanical specimen. Not recommended for long term use or multiple uses consecutively. Not intended for daily use, this includes this product and in combination with other Kratom products.

**Disclaimer:** This product has not been evaluated by the Food and Drug Administration. These statements have not been evaluated by the FDA. This product has not been deemed fit for US consumption by FDA. By using this product, you accept full responsibility for the use of the product, including but not limited to any adverse events or health complications that may arise from use. Manufacturers assume no responsibility or liability for the use or misuse of this product. For current full disclaimer and warning, visit www.opmskratom.com.

**Warning:** This is kratom leaf. The mitragynine and other alkaloid content in this product are listed on the label. Treat accordingly and proceed with enhanced caution. As with all kratom products, do not use without first consulting your healthcare professional. Using Mitragyna Speciosa can be dangerous. There have been reports of adverse health effects associated with the use of kratom products. Some publications have suggested kratom may be associated with serious potential side effects including seizures, liver damage, withdrawal, addiction, abuse, and death. Please review FDA's advisories and commentary for concerns about kratom products, available at FDA's website. Do not take more than 3 capsules or 1.5 grams of powder per 24 hour period, do not take any other kratom product or any medications, vitamins, nicotine, herbal supplements, drugs, or any other substance within 24 hours before and after of taking this product. Do not use this product for multiple days consecutively, that includes this product and in combination with other kratom products. Mixing Mitragyna Speciosa with medications, vitamins, nicotine, herbal supplements, drugs, or with any other kratom product; extract or non extract, or with any other substance may result in a drug interaction and can be highly dangerous. Do not use this product in combination with medications, vitamins, herbal supplements, drugs, alcohol, nicotine, or any other substances including other kratom products. Do not use if you are pregnant, plan to become pregnant, or while breastfeeding. Do not take this product if you have any type of blood disorder, liver or kidney disorder, high blood pressure, heart disease, central nervous system disorder, or any other medical condition. Do not use this product while operating motor vehicles or heavy machinery. Contact your healthcare provider immediately or seek emergent care if you experience any adverse effects.

From early 2023 to present, the website contains the following disclaimer and directions for OPMS Silver:

**OPMS Silver Disclaimer and Directions:**

**Directions:** DO NOT USE IF SEAL IS BROKEN. Do not use before reading the package folds and visiting www.opmskratom.com and reading the full directions, disclaimers, terms, and warnings. By using this product or by opening the seal of its packaging, you agree to the terms, found at www.opmskratom.com. Consult with a licensed healthcare provider before using this product for any reason to determine if this product is right for you. If so, ask your provider how to use it safely. You should also consult with a licensed healthcare provider about potential interactions or other possible complications before using this product. During this consultation, be sure to request advisement on enzyme inhibition, specifically related to CYP enzymes. Do not use this product if you have a serious medical condition or use prescription medications. Do not use this product in combination with any medications, including, prescription and over-the-counter medications, vitamins, herbal supplements, drugs, nicotine or any other substances, including any other kratom products. Tell your healthcare provider about all the medicines, vitamins, nicotine, herbal supplements, drugs, and other substances, including any other kratom product you take or have taken. Inform your doctor of the alkaloid content labeled on the package and any other kratom product you may have taken in the past. All information presented here is not a substitute for, or alternative to, information from licensed healthcare practitioners. Do not take more than 2 grams of powder in a 24-hour period. Do not take more than 4 capsules of Silver label products in a 24-hour period. Do not take more than 5 days per month. **Warning:** This is a kratom extract, NOT raw leaf. The mitragynine and other alkaloid content in this product are multiple times greater than that of raw kratom leaf, resulting in an increased potency with this extract product. Treat accordingly and proceed with enhanced caution. As with all kratom products, do not use them without first consulting your healthcare professional. Using Mitragyna Speciosa can be dangerous. There have been reports of adverse health effects associated with using kratom products. Some publications have suggested kratom may be associated with serious potential side effects, including seizures, liver damage, withdrawal, addiction, abuse, and death. Please review the FDA's advisories and commentary for concerns about kratom products, available at the FDA's website. Do not take any other kratom product or any medications, vitamins, nicotine, herbal supplements, drugs, or any other substances within 24 hours before and after taking this product. Do not take Kratom Extract unless you have taken non-extract kratom multiple times in the past with no adverse effects. Do not use this product for multiple days consecutively, which includes this product and combined with other kratom products. Mixing Mitragyna Speciosa extracts with medications, vitamins, nicotine, herbal supplements, drugs, or with any other kratom product, extract or non-extract, or with any other substance, may result in drug interaction and can be highly dangerous. Do not use this product in combination with medications, vitamins, herbal supplements, drugs, alcohol, nicotine, or any other substances, including other kratom products. Do not use if you are pregnant, plan to become pregnant, or while breastfeeding. Do not take this product if you have any type of blood disorder, liver or kidney disorder, high blood pressure, heart disease, central nervous system disorder, or any other medical condition. Do not use this product while operating motor vehicles or heavy machinery. Contact your healthcare provider immediately or seek emergency care if you experience any adverse effects. Not intended for daily use, this includes this product and in combination with other kratom products. **Disclaimer:** This product has not been evaluated by the Food and Drug Administration. These statements have not been evaluated by the FDA. This product has not been deemed fit for US consumption by the FDA. By using this product, you accept full responsibility for the use of the product, including but not limited to any adverse events or health complications that may arise from use. Manufacturers assume no responsibility or liability for the use or misuse of this product. Only for use as a botanical specimen. Not recommended for long-term use or multiple uses consecutively. Do not alter packaging for retail sales. NOT FOR SALE TO MINORS! 18+ ONLY (TENNESSEE 21+ ONLY). Keep out of reach of children.

<u>Labeling:</u>

From January 2020 to November 2020, the following is an example of the packaging for OPMS Kratom Silver capsules:



From November 2020 to the present, the following is an example of the packaging for OPMS Kratom Silver capsules:



From December 2019 to November 2020, the following is an example of the packaging for OPMS Kratom Silver powder:



From November 2020 to the present, the following is an example of the packaging for OPMS Kratom Silver powder:



Defendant also refers Plaintiff to the labels and packaging for OPMS Silver Maeng Da capsule and powder products that Defendant previously produced and Bates-labeled DEF_MOLLER_002941 – 43 (capsules), and DEF_MOLLER_002953 – 55 (powder).

2. Please identify every person responsible for OPMS kratom labeling, warnings, instructions for use, and disclaimers, including job title and dates of employment.

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome because it seeks, without any limitation as to time, "every person responsible for OPMS kratom labeling, warnings, instructions for use, and disclaimers," which is not reasonably tailored to the claims and defenses in this proceeding, which only concern events which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Interrogatory to the extent it seeks to require Defendant to respond on behalf of any entity other than Defendant or otherwise seeks information or documents that are not in its possession, custody, or control.

Subject to the foregoing objections, Defendant responds that Martian Sales, Inc. was responsible for OPMS Kratom labeling and warnings from January 1, 2020, through February 6, 2023. During this period, Mark Reilly was Martian Sales' president. Mr. Reilly approved OPMS Kratom's labeling and warnings based on directions from legal counsel, and received recommendations from David Gabbay at A1 Wholesale.

3. Please identify all documents, discussions, meetings, e-mails, text messages, phone calls, video calls, and drafts related to decision(s) to change the disclaimer language on the OPMSkratom.com website in or around June 2022, including the addition of: "Some publications have suggested kratom may be associated with serious potential side effects including seizures, liver damage, withdrawal, addiction, abuse, and death."

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome because it seeks "all documents, discussions, meetings, e-mails, text messages, phone calls, video calls, and drafts," regarding the subject disclaimer language, which

is not reasonably tailored to the claims and defenses in this proceeding, which only concern events which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Interrogatory as vague and ambiguous with respect to the phrase "related to decision(s) to change the disclaimer language on the OPMSkratom.com website in or around June 2022." Defendant also objects to this Interrogatory to the extent it seeks to require Defendant to respond on behalf of any entity other than Defendant or otherwise seeks information or documents that are not in its possession, custody, or control. Finally, Defendant objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege.

Subject to the foregoing objections, Defendant responds that it consulted and relied on the advice of counsel regarding the disclaimer language.

4.   Please identify all publications and documents that you considered in your decision to include the following statement on the OPMS Disclaimer Page in or around June 2022: "Some publications have suggested kratom may be associated with serious potential side effects including seizures, liver damage, withdrawal, addiction, abuse, and death."

**ANSWER:** Defendant objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome because it seeks "all publications and documents" regarding the subject disclaimer language, which is not reasonably tailored to the claims and defenses in this proceeding, which only concern events which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Interrogatory to the extent it seeks to require Defendant to respond on behalf of any entity other than Defendant or otherwise seeks information or documents that are not in its possession, custody, or control. Finally, Defendant objects on the ground that this Interrogatory seeks information protected by the attorney-client privilege.

Subject to the foregoing objections, Defendant responds that it consulted and relied on the advice of counsel regarding the disclaimer language.

5. Please state the maximum safe dose for OPMS Silver Green Vein Maeng Da capsules.

**ANSWER:** Defendant objects to this Interrogatory as vague and ambiguous with respect to the phrase "maximum safe dose," and as argumentative and assuming facts not in evidence to the extent that the Interrogatory assumes that kratom products may be lethal or otherwise unsafe. Defendant further objects that this Interrogatory prematurely seeks expert opinion. Defendant will provide expert opinions in accordance with the scheduling order governing this matter.

6. Please state the maximum safe dose for OPMS Silver Green Vein Maeng Da powder.

**ANSWER:** Defendant objects to this Interrogatory as vague and ambiguous with respect to the phrase "maximum safe dose," and as argumentative and assuming facts not in evidence to the extent that the Interrogatory assumes that kratom products may be lethal or otherwise unsafe. Defendant further objects that this Interrogatory prematurely seeks expert opinion. Defendant will provide expert opinions in accordance with the scheduling order governing this matter.

7. Please state the instructions for use of OPMS Silver Green Vein Maeng Da capsules.

**ANSWER:** Defendant objects to this Interrogatory as vague and ambiguous with respect to the phrase "instructions for use of OPMS Silver Green Vein Maeng Da capsules." Subject to these objections, Defendant states that the directions contained on the packaging for OPMS Silver Green Vein Maeng Da capsules provide: "Consult your healthcare professional to determine if this product is right for you & how to use it safely. 1 capsule per use. Read leaflet and visit www.OPMSkratom.com for full directions." The referenced website provides for OPMS Silver

products: "**Directions:** DO NOT USE IF SEAL IS BROKEN.  Do not use before reading the package folds and visiting www.opmskratom.com and reading the full directions, disclaimers, terms, and warnings.  By using this product or by opening the seal of its packaging, you agree to the terms, found at www.opmskratom.com.  Consult with a licensed healthcare provider before using this product for any reason to determine if this product is right for you.  If so, ask your provider how to use it safely.  You should also consult with a licensed healthcare provider about potential interactions or other possible complications before using this product.  During this consultation, be sure to request advisement on enzyme inhibition, specifically related to CYP enzymes.  Do not use this product if you have a serious medical condition or use prescription medications.  Do not use this product in combination with any medications, including, prescription and over-the-counter medications, vitamins, herbal supplements, drugs, nicotine or any other substances, including any other kratom products.  Tell your healthcare provider about all the medicines, vitamins, nicotine, herbal supplements, drugs, and other substances, including any other kratom product you take or have taken.  Inform your doctor of the alkaloid content labeled on the package and any other kratom product you may have taken in the past.  All information presented here is not a substitute for, or alternative to, information from licensed healthcare practitioners.  Do not take more than 2 grams of powder in a 24-hour period.  Do not take more than 4 capsules of Silver label products in a 24-hour period.  Do not take more than 5 days per month.  **Warning:** This is a kratom extract, NOT raw leaf.  The mitragynine and other alkaloid content in this product are multiple times greater than that of raw kratom leaf, resulting in an increased potency with this extract product.  Treat accordingly and proceed with enhanced caution.  As with all kratom products, do not use them without first consulting your healthcare professional.  Using Mitragyna Speciosa can be dangerous.  There have been reports of adverse health effects

associated with using kratom products. Some publications have suggested kratom may be associated with serious potential side effects, including seizures, liver damage, withdrawal, addiction, abuse, and death. Please review the FDA's advisories and commentary for concerns about kratom products, available at the FDA's website. Do not take any other kratom product or any medications, vitamins, nicotine, herbal supplements, drugs, or any other substances within 24 hours before and after taking this product. Do not take Kratom Extract unless you have taken non-extract kratom multiple times in the past with no adverse effects. Do not use this product for multiple days consecutively, which includes this product and combined with other kratom products. Mixing Mitragyna Speciosa extracts with medications, vitamins, nicotine, herbal supplements, drugs, or with any other kratom product, extract or non-extract, or with any other substance, may result in drug interaction and can be highly dangerous. Do not use this product in combination with medications, vitamins, herbal supplements, drugs, alcohol, nicotine, or any other substances, including other kratom products. Do not use if you are pregnant, plan to become pregnant, or while breastfeeding. Do not take this product if you have any type of blood disorder, liver or kidney disorder, high blood pressure, heart disease, central nervous system disorder, or any other medical condition. Do not use this product while operating motor vehicles or heavy machinery. Contact your healthcare provider immediately or seek emergency care if you experience any adverse effects. Not intended for daily use, this includes this product and in combination with other kratom products. **Disclaimer: This product has not been evaluated by the Food and Drug Administration. These statements have not been evaluated by the FDA. This product has not been deemed fit for US consumption by the FDA. By using this product, you accept full responsibility for the use of the product, including but not limited to any adverse events or health complications that may arise from use. Manufacturers assume no**

responsibility or liability for the use or misuse of this product.  **Only for use as a botanical specimen.  Not recommended for long-term use or multiple uses consecutively.**  Do not alter packaging for retail sales.  NOT FOR SALE TO MINORS! 18+ ONLY (TENNESSEE 21+ ONLY).  Keep out of reach of children."

8.   Please state the instructions for use of OPMS Silver Green Vein Maeng Da powder.

**ANSWER:**  Defendant objects to this Interrogatory as vague and ambiguous with respect to the phrase "instructions for use of OPMS Silver Green Vein Maeng Da powder."  Subject to these objections, Defendant states that the directions contained on the packaging for OPMS Silver Green Vein Maeng Da powder provide: "Consult your healthcare professional to determine if this product is right for you, and if so, how to use it safely."

9.   Please describe the manufacturing process for OPMS Silver Green Vein Maeng Da capsules.

**ANSWER:**  Defendant objects to this Interrogatory as vague and ambiguous with respect to the phrase "manufacturing process."  Defendant further objects on the grounds that this Interrogatory is unduly burdensome because Defendant does not manufacture the kratom products that it distributes, including OPMS Silver Green Vein Maeng Da capsules.  As such, it is not reasonable to demand that Defendant describe "the manufacturing process" for this product.  Defendant also reiterates its response to Interrogatory No. 2 of Plaintiff's First Set of Interrogatories—namely, Defendant contracts with Martian Sales, and at or around the incident date alleged in the Complaint, Martian Sales worked with the following manufacturer:

   Calibre Manufacturing, LLC
      c/o Gwendolyn Payton
      Kilpatrick Townsend & Stockton LLP

> 1420 Fifth Avenue
> Suite 3700
> Seattle, Washington 98101

10. Please describe the design process for OPMS Silver Green Vein Maeng Da capsules.

**ANSWER:** Defendant objects to this Interrogatory as vague and ambiguous with respect to the phrase "design process." Defendant further objects on the grounds that this Interrogatory is unduly burdensome because Defendant does not "design" the kratom products that it distributes, including OPMS Silver Green Vein Maeng Da capsules. As such, it is not reasonable to demand that Defendant describe "the design process" for this product. Defendant also reiterates its response to Interrogatory No. 2 of Plaintiff's First Set of Interrogatories—namely, Defendant contracts with Martian Sales, and at or around the incident date alleged in the Complaint, Martian Sales worked with the following manufacturer:

> Calibre Manufacturing, LLC
> c/o Gwendolyn Payton
> Kilpatrick Townsend & Stockton LLP
> 1420 Fifth Avenue
> Suite 3700
> Seattle, Washington 98101

11. Please describe the manufacturing process for OPMS Silver Green Vein Maeng Da powder.

**ANSWER:** Defendant objects to this Interrogatory as vague and ambiguous with respect to the phrase "manufacturing process." Defendant further objects on the grounds that this Interrogatory is unduly burdensome because Defendant does not manufacture the kratom products that it distributes, including OPMS Silver Green Vein Maeng Da powder. As such, it is not reasonable to demand that Defendant describe "the manufacturing process" for this product. Defendant also reiterates its response to Interrogatory No. 2 of Plaintiff's First Set of

Interrogatories—namely, Defendant contracts with Martian Sales, and at or around the incident date alleged in the Complaint, Martian Sales worked with the following manufacturers:

> Calibre Manufacturing, LLC
> c/o Gwendolyn Payton
> Kilpatrick Townsend & Stockton LLP
> 1420 Fifth Avenue
> Suite 3700
> Seattle, Washington 98101

12. Please describe the design process for OPMS Silver Green Vein Maeng Da powder.

**ANSWER:** Defendant objects to this Interrogatory as vague and ambiguous with respect to the phrase "design process." Defendant further objects on the grounds that this Interrogatory is unduly burdensome because Defendant does not "design" the kratom products that it distributes, including OPMS Silver Green Vein Maeng Da powder. As such, it is not reasonable to demand that Defendant describe "the design process" for this product. Defendant also reiterates its response to Interrogatory No. 2 of Plaintiff's First Set of Interrogatories—namely, Defendant contracts with Martian Sales, and at or around the incident date alleged in the Complaint, Martian Sales worked with the following manufacturers:

> Calibre Manufacturing, LLC
> c/o Gwendolyn Payton
> Kilpatrick Townsend & Stockton LLP
> 1420 Fifth Avenue
> Suite 3700
> Seattle, Washington 98101

13. Please state any risk of drug-drug interaction known to you regarding OPMS Silver Green Vein Maeng Da powder.

**ANSWER:** Defendant objects to this Interrogatory as argumentative and assuming facts not in evidence to the extent the Interrogatory suggests that the OPMS Silver Green Vein Maeng Da powder product presents a "risk of drug-drug interaction." Defendant further objects to this

Interrogatory as prematurely requesting information subject to expert opinion. Defendant will provide expert reports in accordance with the Court's scheduling order.

14.     Please state any risk of drug-drug interaction known to you regarding OPMS Silver Green Vein Maeng Da capsules.

**ANSWER:** Defendant objects to this Interrogatory as argumentative and assuming facts not in evidence to the extent the Interrogatory suggests that the OPMS Silver Green Vein Maeng Da capsule products presents a "risk of drug-drug interaction." Defendant objects to this Interrogatory as prematurely requesting information subject to expert opinion. Defendant will provide expert reports in accordance with the Court's scheduling order.

DATED:  September 3, 2025

                                        Respectfully submitted,

                        By  */s/ Gwendolyn C. Payton*
                           **Hayley R. Ambler**
                           Louisiana Bar No. 25848
                           **KILPATRICK TOWNSEND & STOCKTON LLP**
                           1100 Peachtree Street NE, Suite 2800
                           Atlanta, Georgia 30309
                           Telephone:  (404) 815-6080
                           Facsimile:  (404) 541-3268
                           hambler@ktslaw.com

                           **Gwendolyn C. Payton** (admitted *pro hac vice*)
                           **KILPATRICK TOWNSEND & STOCKTON LLP**
                           1420 Fifth Avenue, Suite 3700
                           Seattle, Washington 98101
                           Telephone:  (206) 497-9600
                           Facsimile:  (206) 299-0414
                           gpayton@ktslaw.com

                           **Maeghan E. Whitehead** (admitted *pro hac vice*)
                           **KILPATRICK TOWNSEND & STOCKTON LLP**
                           2001 Ross Avenue, Suite 4400
                           Dallas, Texas 75201
                           Telephone:  (214) 922-7138
                           Facsimile:  (214) 279-4456
                           mewhitehead@ktslaw.com

                           *COUNSEL FOR JOPEN, LLC*

## **CERTIFICATE OF SERVICE**

    This is to certify that on September 3, 2025, a copy of the foregoing document was served on all counsel of record by electronic mail.

                           */s/ Gwendolyn C. Payton*
                           Gwendolyn C. Payton