## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN MOLLER | * | CIVIL ACTION NO. 24-0228-WBV-DPC |
| | * | |
| VERSUS | * | JUDGE WENDY B. VITTER |
| | * | |
| MARTIAN SALES, INC; JOPEN, LLC, | * | MAGISTRATE DONNA PHILLIPS |
| a Texas limited liability company; | * | CURRAULT |
| JOHNSON FOODS, LLC, a Wyoming | * | |
| limited liability company; LP IND., LLC, | * | |
| a Wyoming limited liability company; | * | |
| CAG HOLDINGS, LLC, a Wyoming | * | |
| limited liability company; RMH | * | |
| HOLDINGS, INC., a Wyoming | * | |
| corporation; ABC INSURANCE | * | |
| COMPANY and John Does 1-4. | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### DEFENDANT JOPEN, LLC'S RESPONSES AND OBJECTIONS
### TO PLAINTIFF'S FOURTH SET OF REQUESTS FOR PRODUCTION

TO:    Plaintiff, Kathleen Moller, by and through her attorneys of record, Nelson W. Wagar, III, Sarah Wagar Hickman, Wagar Hickman, LLP, 1401 West Causeway Approach, Mandeville, Louisiana 70471 and Michael Cowgill, Tamara J. Spires, mctlaw, 1515 Ringling Blvd., Suite 700, Sarasota, Florida 34236.

Defendant JOpen, LLC ("Defendant"), pursuant to the Federal Rules of Civil Procedure, responds to Plaintiff Kathleen Moller's Fourth Set of Requests for Production ("Requests"), as follows:

### GENERAL OBJECTIONS

1.    Defendant objects to the Requests to the extent that they are vague, ambiguous, overbroad, unduly burdensome, oppressive, not relevant to the subject matter of this action, and not reasonably calculated to lead to the discovery of admissible evidence.

2.    Defendant objects to the Requests to the extent that they are contradicted by, inconsistent with, or impose on Defendant any obligations in excess of the requirements of the Federal Rules of Civil Procedure.

## EXHIBIT D

3.      Defendant objects to the Requests to the extent they seek information and materials protected by the attorney-client privilege, attorney-work product doctrine, and any other applicable privilege.

4.      Defendant objects to the Requests to the extent that they seek information or documents that constitute or contain trade secrets, proprietary information, and/or other confidential information. Defendant will produce such information pursuant to the Protective Order entered by the Court in this matter on December 17, 2024 [D.E. 62], and only if such information is not subject to any other objections.

5.      Defendant objects to the Requests to the extent that they seek information or documents that are not in its possession, custody, or control and are equally or more easily accessible to Plaintiff.

6.      Defendant objects to the Requests to the extent they seek information or documents outside the scope of the time, place, subject matter, and circumstances of the occurrences mentioned or complained of in the Third Amended Complaint, dated March 24, 2025 (the "Complaint"). Paragraphs 27 and 30 of the Complaint allege that injuries were suffered on February 6, 2023, allegedly after consumption of an unspecified kratom product. Accordingly, actions or activities by Defendant after February 6, 2023—as well as issues, documents, or communications in connection with activities other than the production and/or distribution of the kratom product Plaintiff allegedly consumed—do not give rise to Plaintiff's cause of action. Defendant will respond to the Interrogatories for the following dates: January 1, 2020, through February 6, 2023.

7.     Defendant does not concede that any of the responses are or will be admissible evidence at trial. Further, Defendant does not waive any objection, whether or not asserted herein, to use any such answer at trial.

8.     These Responses and Objections have been prepared pursuant to a reasonably and duly diligent investigation and search for the necessary information.

## SPECIFIC OBJECTIONS TO DEFINITIONS

1.     Defendant objects to the definition of "identify" to the extent that it contradicts, is inconsistent with, or imposes on Defendant any obligations in excess of the requirements of the Federal Rules of Civil Procedure.

## SPECIFIC RESPONSES AND OBJECTIONS TO
## FOURTH REQUESTS FOR PRODUCTION

**REQUEST NO. 1:**    Produce all versions, including drafts, of product labels for OPMS Silver Green Vein Maeng Da 4 Oz. Powder packages from incorporation to present.

**RESPONSE:**    Defendant objects to this Request to the extent it is duplicative of Request for Production Nos. 1 and 5 in Plaintiff's Second Set of Requests for Production.  Defendant further objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* versions, including drafts, of product labels" for the referenced product, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Subject to the foregoing objections, Defendant refers Plaintiff to the product labels for OPMS Silver Green Vein Maeng Da 4 Oz. Powder packages previously produced and Bates-labeled DEF_MOLLER_002953 – 55.  No additional responsive documents exist.

**REQUEST NO. 2:**    Produce all versions, including drafts, of product labels for OPMS Silver Green Vein Maeng Da 30 capsule packages from incorporation to present.

**RESPONSE:**    Defendant objects to this Request to the extent it is duplicative of Request for Production Nos. 1 and 5 in Plaintiff's Second Set of Requests for Production.  Defendant further objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* versions, including drafts, of product labels" for the referenced product, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Subject to the foregoing objections, Defendant refers Plaintiff to the product labels for OPMS Silver Green Vein Maeng Da 30 capsule packages previously produced and Bates-labeled DEF_MOLLER_002941 – 43.  No additional responsive documents exist.


**REQUEST NO. 3:**    Produce all versions of OPMSkratom.com from incorporation to present, including all unpublished web pages.

**RESPONSE:**    Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* versions of OPMSkratom.com," including "unpublished web pages," throughout its entire existence, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request to the extent the requested documents and information are equally or more easily accessible to Plaintiff.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 and will produce relevant, non-privileged documents in its possession, custody, or control.


**REQUEST NO. 4:**    Produce    all    versions    of    the    disclaimer    located    at https://opmskratom.com/disclaimer/ from incorporation to present.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* versions" of the referenced disclaimer throughout its entire existence, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request to the extent the requested documents and information are equally or more easily accessible to Plaintiff.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 and will produce relevant, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 5:**  Produce all communications between JOPEN, LLC and Mark Reilly regarding OPMS kratom.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications between" Defendant and Mark Reilly "regarding OPMS kratom," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Subject to the foregoing objections, Defendant refers Plaintiff to the Distribution Agreement between Defendant and Martian Sales, Inc. previously produced and Bates-labeled DEF_MOLLER_003578 – 93.  Defendant further responds that, to extent that it may be considered a "communication," Defendant refers Plaintiff to Defendant's Response to Request for Production No. 32,  through which Defendant agreed to search for and produce agreements, contracts, or proposed agreements or contracts applicable to January 1, 2020 through February 6, 2023 between Defendant and the other named Defendants related to the distribution of O.P.M.S. kratom. Defendant will not respond further to this impossibly broad and unduly burdensome Request.

**REQUEST NO. 6:**    Produce all communications between JOPEN, LLC and Mark Jennings regarding OPMS kratom.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications between" Defendant and Mark Jennings "regarding OPMS kratom," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Subject to the foregoing objections, to the extent that it may be considered a "communication," Defendant refers Plaintiff to Defendant's Response to Request for Production No. 32,  through which Defendant agreed to search for and produce agreements, contracts, or proposed agreements or contracts applicable to January 1, 2020 through February 6, 2023 between Defendant and the other named Defendants related to the distribution of O.P.M.S. kratom. Defendant will not respond further to this impossibly broad and unduly burdensome Request.

**REQUEST NO. 7:**    Produce all communications between JOPEN, LLC and Peyton Palaio regarding OPMS kratom.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications between" Defendant and Peyton Palaio "regarding OPMS kratom," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Subject to the foregoing objections, Subject to the foregoing objections, to the extent that it may be considered a "communication," Defendant refers Plaintiff to Defendant's Response to Request for Production No. 32,  through which Defendant agreed to search for and produce agreements, contracts, or proposed agreements or contracts applicable to January 1, 2020 through February 6, 2023 between Defendant and the other named Defendants related to the distribution

of O.P.M.S. kratom.  Defendant will not respond further to this impossibly broad and unduly burdensome Request.

**REQUEST NO. 8:**    Produce all communications between JOPEN, LLC and Chris Dockery regarding OPMS kratom.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications between" Defendant and Chris Dockery "regarding OPMS kratom," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Subject to the foregoing objections, no responsive documents exist.

**REQUEST NO. 9:**    Produce all communications between JOPEN, LLC and Johnson Foods, LLC, Alexander Cohen, Kelly Miano, Gabriela Cezar, and Luis Perez regarding NPI-001 (a/k/a Mitragyn Mitra-Leaf).

**RESPONSE:**   Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications between" Defendant and the referenced entity and individuals "regarding NPI-001," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery.  Communications between Defendant and others regarding NPI-001 have nothing to do with the product at issue in this case.  None of this information bears any relationship to the claims and defenses in this lawsuit.  *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-

1154, Civ.A. 02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same). Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known. This information was developed at significant expense and has been maintained as confidential. Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

Subject to the foregoing objections, Defendant states it has no responsive communications.

**REQUEST NO. 10:** Produce all communications between JOPEN, LLC and The Ra Shop, 2198 Florida St, Mandeville, LA 70448.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications between" Defendant and The Ra Shop, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Request as argumentative and assuming facts not in evidence to the extent this Request suggests Defendant has any relationship to The Ra Shop.

Subject to the foregoing objections, no responsive documents exist.

**REQUEST NO. 11:** Produce all communications between JOPEN, LLC and the distributor of OPMS kratom to The Ra Shop, 2198 Florida St, Mandeville, LA 70448.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications between" Defendant and "the distributor of OPMS kratom to" The Ra Shop, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Defendant further objects to this Request as argumentative and assuming facts not in evidence to the extent this Request suggests Defendant has any relationship to the distributor who purportedly provided O.P.M.S. kratom The Ra Shop.  Finally, Defendant objects to the Request as vague and ambiguous, as Plaintiff does not identify "the distributor of OPMS kratom" with whom she seeks communications.

Subject to the foregoing objections, no responsive documents exist.

**REQUEST NO. 12:**  Produce all marketing materials provided to all distributors of OPMS kratom within Louisiana.

**RESPONSE:**   Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* marketing materials provided to *all* distributors of OPMS kratom within Louisiana," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred involving Plaintiff in Louisiana in February 2023.  Defendant further objects to this Request as argumentative and assuming facts not in evidence to the extent this Request suggests Defendant marketed any kratom products in Louisiana.

Subject to the foregoing objections, Defendant has produced business-to-business magazine advertisements.  No additional responsive documents exist.

**REQUEST NO. 13:**   Produce all documents, including invoices, exchanged with The Ra Shop, 2198 Florida St, Mandeville, LA 70448.

**RESPONSE:**   Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* documents . . . exchanged with" The Ra Shop, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events

which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Request as argumentative and assuming facts not in evidence to the extent this Request suggests Defendant has any relationship to The Ra Shop. Finally, Defendant objects to this Request as duplicative with Request for Production No. 10.

Subject to the foregoing objections, no responsive documents exist.

**REQUEST NO. 14:**  Produce all documents, including invoices, exchanged with the distributor of OPMS kratom to The Ra Shop, 2198 Florida St, Mandeville, LA 70448.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications between" Defendant and The Ra Shop, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Request as argumentative and assuming facts not in evidence to the extent this Request suggests Defendant has any relationship to The Ra Shop. Finally, Defendant objects to this Request as duplicative with Request for Production No. 11. Finally, Defendant objects to the Request as vague and ambiguous, as Plaintiff does not identify "the distributor of OPMS kratom" with whom she seeks communications.

Subject to the foregoing objections, no responsive documents exist.

**REQUEST NO. 15:**  Produce all communications and documents exchanged between JOPEN, LLC and the Food and Drug Administration.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications between" Defendant and the Food and Drug Administration, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Subject to the foregoing objections, Defendant refers Plaintiff to the Food and Drug Administration documents previously produced and Bates-labeled DEF_MOLLER_003648 – 51. No additional responsive documents exist.

**REQUEST NO. 16:**  Produce all communications and documents exchanged between JOPEN, LLC and Kathleen Moller.

**RESPONSE:**  No responsive documents exist.

**REQUEST NO. 17:**  Produce all communications and documents exchanged between JOPEN, LLC and Harmony Moller.

**RESPONSE:**  No responsive documents exist.

**REQUEST NO. 18:**  Produce all adverse event reports, including customer complaints, associated to OPMS kratom from incorporation to present.

**RESPONSE:**  Defendant objects to the phrases "adverse event reports" and "customer complaints associated to" as vague and ambiguous.  Defendant further objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* adverse event reports, including customer complaints" throughout Defendant's existence, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for adverse event reports associated with O.P.M.S. kratom products.  To the extent Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 19:** To the extent not otherwise encompassed herein, produce all communications and documents exchanged between JOPEN, LLC and any other named defendant regarding kratom.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications and documents exchanged between" Defendant and all other named Defendants, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Subject to the foregoing objections, to the extent that it may be considered a "communication," Defendant refers Plaintiff to Defendant's Response to Request for Production No. 32, through which Defendant agreed to search for and produce agreements, contracts, or proposed agreements or contracts applicable to January 1, 2020 through February 6, 2023 between Defendant and the other named Defendants related to the distribution of O.P.M.S. kratom. Defendant will not respond further to this impossibly broad and unduly burdensome Request.

**REQUEST NO. 20:** Produce all discovery produced in the following matters:

- *Rachel McKibban, as Personal Representative of the Estate of Jordan McKibban, Deceased v. JOpen, LLC et. al.,* Case No. 23-2-01183-08 (Superior Court of the State of Washington In and For Cowlitz County);

- *Dana Pope individually as surviving parent of Ethan Pope, and as the Administrator of the Estate of Ethan Pope, deceased, and John Pope as surviving parent of Ethan Pope v. OPMS a/k/a Optimized Plant Mediated Solution et al.*, Civil Action No.: 22—A-1536 (State Court of Cobb County, GA);

- *Susan Weber v. OPMS a/k/a Optimized Plant Mediated Solution et al*., Civil Action No.: 23EV000485 (State Court of Fulton County, GA);

- *Dusti Young, as Anticipated Representative of the Estate of Dustin Hernandez, Deceased, and Brenda Sandoval v. "OPMS Wholesale;" JOpen, LLC et al*., Cause No. CC-23-01707- 12 C (County Court of Dallas, Texas);

- *Joquawn Mays, as personal representative of the Estate of Cassandra L. Douglas v. Martian Sales, Inc. et al*., Case No. 23-523-CAAXMX (Circuit Court of The Third Judicial Circuit, Columbia County, FL); and

- *Kevin Bradley and Mary Bradley, Individually, and on behalf of Brooks Bradley v. Martian Sales, Inc. et al*., No. 2024-0799, Div. CV3 (4th Judicial District Court, Ouachita Parish, LA).

**<u>RESPONSE</u>:**    Defendant objects to Request for Production No. 20 as improper because it attempts to circumvent ordinary discovery between the parties to this lawsuit—governed by the Federal Rules of Civil Procedure.  It is improper to seek identification and production of every document produced in numerous other state and federal lawsuits.  *See Greater New Orleans Fair Housing Action Ctr., Inc. v. Dorian Apartments, LLC*, 2016 WL 6157534, at *6 (E.D. La. Oct. 24, 2016) (holding request for "all" discovery produced in other lawsuits was "overbroad" and "a fishing expedition"); *see also, e.g.*, *Open Cheer & Dance Championship Series, LLC v. Varsity Spirit, LLC*, 2024 WL 5048013, at *5 (N.D. Tex. Dec. 9, 2024) ("[C]loned discovery, requesting all documents produced or received during other litigation or investigations, is irrelevant and immaterial . . . ."); *Bartlett v. Societe Generale de Banque au Liban SAL*, 2023 WL 8828864 (E.D.N.Y.  Dec.  21, 2023) (upholding decision denying plaintiff's request to seek and use discovery produced in another action); *Insignia Systems Inc. v. News Corp.*, 2020 WL 12570807 (D. Minn. Mar. 24, 2020) ("[t]here could be a number of reasons why documents appropriately requested and provided in another case—even if the subject matter of those cases seem to overlap—would be irrelevant or burdensome to provide in another case.  If relevant and proportional documents exist in the custody or control of the responding party, the appropriate thing to do is to request those documents.") (quoting *Goro v. Flowers Foods, Inc.*, No. 17-cv-02580-JLS-JLB, 2019 WL 6252499, at *18-19 (S.D. Cal. Nov. 22, 2019)); *In re Outpatient Med. Ctr. Employee Antitrust Litig.*, 21 Civ. 305, 2023 WL 4181198 (N.D. Ill. June 26, 2023) (request for all documents produced in another action was facially overbroad; "cloned discovery" requests seeking all documents produced or received during other litigation or investigations disfavored); *Moore v. Morgan Stanley & Co., Inc.*, No. 07 C 5606, 2008 WL 4681942 at *2, *5 (N.D. Ill. May

30, 2008) (holding that "[a] party's requested discovery must be tied to the particular claims at issue in the case" and that "just because the information was produced in another lawsuit ... does not mean that it should be produced in this lawsuit"); *Midwest Gas Servs., Inc. v. Indiana Gas Co.*, No. IP99–0690–C–Y/G, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000) (party seeking documents produced in another matter ordinarily must "do their own work and request the information they seek directly" and "must make proper requests describing the information in which they are interested.").

**REQUEST NO. 21:**  Produce all product testing for the kratom contained in the OPMS kratom package bearing the following identifying numbers: AE SGMD30 22356; SN 17567963 (See MOLLER_000023-24).

**RESPONSE:**  Defendant objects to this Request as argumentative and assuming facts not in evidence to the extent this Request suggests Defendant tests kratom products.  It does not. Defendant further objects to this Request on the ground that it seeks information in the custody, possession, and control of third parties.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for documents related to the referenced kratom product.  To the extent Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 22:**  Produce all product testing for the kratom contained in the OPMS kratom package bearing the following identifying numbers: AE SGMD4 26622; SN 1532978 (See MOLLER_000025-26).

**RESPONSE:**  Defendant objects to this Request as argumentative and assuming facts not in evidence to the extent this Request suggests Defendant tests kratom products.  It does not.

Defendant further objects to this Request on the ground that it seeks information in the custody, possession, and control of third parties.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for documents related to the referenced kratom product. To the extent Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 23:** Produce all documents relied on in support of any affirmative defense you assert in this matter.

**RESPONSE:** Defendant objects to this Request as overbroad in seeking "all documents . . . in support of any affirmative defense." Defendant further objects to this Request as an improper and premature "contention" discovery request. *See Miller v. St. Tammany Parish Sch. Bd.*, 2019 WL 13275397, at *1 (E.D. La. Feb. 1, 2019) (contention discovery requests "are ordinarily not favored in this district"); *see also Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, 2017 WL 3011144, at *3 (E.D. La. July 14, 2017) (declining to require defendant to answer contention interrogatories related to its affirmative defenses because discovery was in an "early stage" and plaintiff "offered no explanation for its need for answers to contention interrogatories at this stage of litigation").

Subject to these objections, Defendant refers Plaintiff to the materials produced by Plaintiff with her Initial Disclosures and the written discovery responses and document production of the parties. Defendant's investigation of the facts relating to this case is ongoing. As discovery and investigation progress, Defendant will supplement its document production.

**REQUEST NO. 24:** Produce all documents relied on for creation of and changes to product labels and product disclaimers, including those posted on the OPMSkratom.com website.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* documents relied on" for the referenced label and product disclaimer changes, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request as argumentative and assuming facts not in evidence to the extent this Request suggests Defendant makes decisions related to product labeling and disclaimers.  It does not.  Defendant also objects to this Request on the ground that it seeks information in the custody, possession, and control of third parties.  Finally, Defendant objects to this Request as seeking documents and information protected by the attorney-client privilege.

Subject to these objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for responsive documents.  To the extent Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody, or control.


**REQUEST NO. 25:**  Produce all documents related to the post market surveillance of OPMS kratom.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* documents related to the post market surveillance of OPMS kratom," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request as argumentative and assuming facts not in evidence to the extent this Request suggests Defendant was involved with post-market surveillance of any kratom products. It was not.  Finally, Defendant objects to this Request on the ground that it seeks information in the custody, possession, and control of third parties.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for responsive documents.  To the extent Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 26:**  Produce all medical literature reviewed by JOPEN, LLC concerning the safety and/or efficacy of kratom.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* medical literature reviewed by" Defendant "concerning the safety and/or efficacy of kratom," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for responsive medical literature.  To the extent Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 27:**  Produce all medical literature reviewed by JOPEN, LLC concerning the safety and/or efficacy of kratom.

**RESPONSE:**  Defendant objects to this Request as duplicative of Request for Production No. 26. Defendant refers Plaintiff to its objections and responses to Request No. 26.

**REQUEST NO. 28:**  Produce all medical literature or documents discussing or comparing kratom to other medications, including opioids.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* medical literature or documents discussing or comparing kratom to other medications, including opioids," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request to the extent the requested documents and information are equally or more easily accessible to Plaintiff.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for responsive medical literature or documents. To the extent Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 29:**  Produce all medical literature or documents discussing any potential drug-drug interactions with kratom.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* medical literature or documents discussing *any* potential drug-drug interactions with kratom," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Request to the extent the requested documents and information are equally or more easily accessible to Plaintiff.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for responsive .  To the extent Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 30:**  Produce all medical literature or documents discussing any risks of taking kratom with an underlying medical condition, including but not limited to coronary ostia takeoff.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* medical literature or documents "discussing *any* risks of taking kratom with an underlying medical condition, including but not limited to coronary ostia takeoff," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request to the extent the requested documents and information are equally or more easily accessible to Plaintiff.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for responsive medical literature or documents. To the extent Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 31:**  Produce all documents related to the design and manufacturing specifications of OPMS kratom from creation to present.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* documents related to the design and manufacturing specifications" of all O.P.M.S. kratom products with no limitation as to time, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request as argumentative and assuming facts not in evidence to the extent this Request suggests Defendant had any involvement in the design or manufacture of O.P.M.S. kratom or any other kratom products.  It did not.

Subject to the foregoing objections, Defendant has no responsive documents.

**REQUEST NO. 32:**  Produce all agreements, contracts, or proposed agreements or contracts between JOPEN, LLC and any other named Defendant related to OPMS kratom.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* agreements, contracts, or proposed agreements or contracts," between Defendant and other Defendants somehow "related to kratom," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Subject to the foregoing objections, Defendant will produce the requested documents.

**REQUEST NO. 33:**  Produce all documents received from third parties regarding a potential adverse reaction regarding kratom.

**RESPONSE:**  Defendant objects to this Request as the phrase "potential adverse reaction" is vague and ambiguous.  Defendant further objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* documents received from third parties," regarding any "potential adverse event regarding kratom" from any "third parties," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request on the ground that it seeks information in the custody, possession, and control of third parties.

Subject to the foregoing objections, no responsive documents exist.

**REQUEST NO. 34:**  Produce all product specification sheets regarding OPMS kratom.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* product specification sheets," regarding any O.P.M.S. kratom

products at any point in time, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.

Subject to the foregoing objections, Defendant has no responsive documents.

**REQUEST NO. 35:**  Produce all documents stating a serving size for OPMS kratom and documents relied on to determine that serving size.

**RESPONSE:**  Defendant objects to this Request on the grounds that the phrase "serving size" is vague and ambiguous.  Defendant further objects on the grounds that this Request is overbroad and unduly burdensome because it seeks "*all* documents stating a serving size," for any O.P.M.S. kratom products at any point in time, including *all* "documents relied  on to determine that serving size," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Finally, Defendant objects to this Request as argumentative and assuming facts not in evidence to the extent this Request suggests Defendant had any involvement in making decisions about potential serving sizes for any kratom products.  It did not.

Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for responsive documents.  To the extent Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody, or control.

**REQUEST NO. 36:**  Produce all documents relied on or referenced in your responses to Plaintiff's Fourth Set of Interrogatories to JOPEN, LLC.

**RESPONSE:**  Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for responsive documents.  To the extent Defendant discovers documents

responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody, or control.

DATED:  September 3, 2025

Respectfully submitted,

By  */s/ Gwendolyn C. Payton*
**Hayley R. Ambler**
Louisiana Bar No. 25848
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
Telephone:  (404) 815-6080
Facsimile:  (404) 541-3268
hambler@ktslaw.com

**Gwendolyn C. Payton** (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
Telephone:  (206) 497-9600
Facsimile:  (206) 299-0414
gpayton@ktslaw.com

**Maeghan E. Whitehead** (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201
Telephone:  (214) 922-7138
Facsimile:  (214) 279-4456
mewhitehead@ktslaw.com

*COUNSEL FOR JOPEN, LLC*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on the 3rd day of September, 2025, a copy of the foregoing document was served on all counsel of record by electronic mail.

*/s/ Gwendolyn C. Payton*
Gwendolyn C. Payton
