## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KATHLEEN MOLLER** | * | **CIVIL ACTION NO. 24-0228-WBV-DPC** |
| | * | |
| **VERSUS** | * | **JUDGE WENDY B. VITTER** |
| | * | |
| **MARTIAN SALES, INC; JOPEN, LLC,** | * | **MAGISTRATE DONNA PHILLIPS** |
| **a Texas limited liability company;** | * | **CURRAULT** |
| **JOHNSON FOODS, LLC, a Wyoming** | * | |
| **limited liability company; LP IND., LLC,** | * | |
| **a Wyoming limited liability company;** | * | |
| **CAG HOLDINGS, LLC, a Wyoming** | * | |
| **limited liability company; RMH** | * | |
| **HOLDINGS, INC., a Wyoming** | * | |
| **corporation; ABC INSURANCE** | * | |
| **COMPANY and John Does 1-4.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### DEFENDANT JOHNSON FOODS, LLC'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S THIRD SET OF REQUESTS FOR PRODUCTION

TO:    Plaintiff, Kathleen Moller, by and through her attorneys of record, Nelson W. Wagar, III, Sarah Wagar Hickman, Wagar Hickman, LLP, 1401 West Causeway Approach, Mandeville, Louisiana and Michael Cowgill, Tamara J. Williams mctlaw, 1605 Main Street, Suite 710, Sarasota, Florida 34236

Defendant Johnson Foods, LLC, pursuant to the Federal Rules of Civil Procedure, responds

to Plaintiff Kathleen Moller's Fourth Set of Requests for Production, as follows:

### GENERAL OBJECTIONS

1.    Defendant objects to the Requests to the extent that they are vague, ambiguous,

overbroad, unduly burdensome, oppressive, not relevant to the subject matter of this action, and

not reasonably calculated to lead to the discovery of admissible evidence.

2.    Defendant objects to the Requests to the extent that they are contradicted by,

inconsistent with, or impose on Defendant any obligations in excess of the requirements of the

Federal Rules of Civil Procedure.

# EXHIBIT B

3.      Defendant objects to the Requests to the extent they seek information and materials protected by the attorney-client privilege, attorney-work product doctrine, and any other applicable privilege.

4.      Defendant objects to the Requests to the extent that they seek information or documents that constitute or contain trade secrets, proprietary information, and/or other confidential information. Defendant will produce such information pursuant to the Protective Order entered by the Court in this matter on December 17, 2024 [D.E. 62], and only if such information is not subject to any other objections.

5.      Defendant objects to the Requests to the extent that they seek information or documents that are not in its possession, custody, or control and are equally or more easily accessible to Plaintiff.

6.      Defendant objects to the Requests to the extent they seek information or documents outside the scope of the time, place, subject matter, and circumstances of the occurrences mentioned or complained of in the Third Amended Complaint, dated March 24, 2025 (the "Complaint"). Paragraphs 27 and 30 of the Complaint allege that injuries were suffered on February 6, 2023, allegedly after consumption of an unspecified kratom product. Accordingly, actions or activities by Defendant after February 6, 2023—as well as issues, documents, or communications in connection with activities other than the production and/or distribution of the kratom product Plaintiff allegedly consumed—do not give rise to Plaintiff's cause of action. Defendant will respond to the Interrogatories for the following dates: January 1, 2020, through February 6, 2023.

7.    Defendant does not concede that any of the responses are or will be admissible evidence at trial. Further, Defendant does not waive any objection, whether or not asserted herein, to use any such answer at trial.

8.    These Responses and Objections have been prepared pursuant to a reasonably and duly diligent investigation and search for the necessary information.

<u>SPECIFIC OBJECTIONS TO DEFINITIONS</u>

1.    Defendant objects to the definition of "identify" to the extent that it contradicts, is inconsistent with, or imposes on Defendant any obligations in excess of the requirements of the Federal Rules of Civil Procedure.

<u>SPECIFIC RESPONSES AND OBJECTIONS TO<br>THIRD REQUESTS FOR PRODUCTION</u>

<u>REQUEST NO. 1</u>:

Produce all documents associated to the clinical testing of NPI-001 conducted with Nutrasource Pharmaceutical Services, Inc.

<u>RESPONSE</u>:  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* documents associated to the" referenced clinical testing, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery.  The clinical testing of NPI-001 and Nutrasource Pharmaceutical Services, Inc. have nothing to do with the product at issue in this case. None of this information bears any relationship to the claims and defenses in this lawsuit.  *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at *4—

5 (E.D. La. Jan. 9, 2003) (same). Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known. This information was developed at significant expense and has been maintained as confidential. Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

**REQUEST NO. 2:**

Produce all documents associated to testing or study of NPI-001 conducted with Integrated Laboratory Systems, LLC.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* documents associated to the" referenced clinical testing, which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery. The testing and study of NPI-001 and Integrated Laboratory Systems, LLC have nothing to do with the product at issue in this case. None of this information bears any relationship to claims and defenses in this lawsuit. *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same). Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to

manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known. This information was developed at significant expense and has been maintained as confidential. Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

**REQUEST NO. 3:**

Produce all Certificates of Analysis for NPI-001.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* Certificates of Analysis for NPI-001," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery. The Certificates of Analysis for NPI-001 have nothing to do with the product at issue in this case. None of this information bears any relationship to claims and defenses in this lawsuit. *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same). Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known. This information was developed at significant expense and has been maintained as confidential.

Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

**REQUEST NO. 4:**

Produce all communications and documents exchanged with Pinney & Associates regarding NPI-001.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications and documents exchanged with Pinney & Associates regarding NPI-001," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery. Communications and documents exchanged with Pinney & Associates regarding NPI-001 have nothing to do with the product at issue in this case. None of this information bears any relationship to claims and defenses in this lawsuit. *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same). Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known. This information was developed at significant expense and has been maintained as confidential. Disclosure would cause substantial competitive harm by allowing competitors, some

of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

**REQUEST NO. 5:**

Produce all communications and documents exchanged with NP Pharma Holdings, LLC regarding NPI-001.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications and documents exchanged with NP Pharma Holdings, LLC regarding NPI-001," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery.  Communications and documents exchanged with NP Pharma Holdings, LLC regarding NPI-001 have nothing to do with the product at issue in this case.  None of this information bears any relationship to claims and defenses in this lawsuit.  *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same).  Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known.  This information was developed at significant expense and has been maintained as confidential.  Disclosure would cause substantial competitive harm by allowing competitors, some

of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

**REQUEST NO. 6:**

Produce all communications and documents exchanged with Della Terra regarding NPI-001.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications and documents exchanged with Della Terra regarding NPI-001," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery. Communications and documents exchanged with Della Terra regarding NPI-001 have nothing to do with the product at issue in this case.  None of this information bears any relationship to claims and defenses in this lawsuit.  *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same).  Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known.  This information was developed at significant expense and has been maintained as confidential. Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

**REQUEST NO. 7:**

Produce all communications and documents exchanged with Mac Haddow regarding NPI-001.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications and documents exchanged with Mac Haddow regarding NPI-001," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery.  Communications and documents exchanged with Mac Haddow regarding NPI-001 have nothing to do with the product at issue in this case.  None of this information bears any relationship to claims and defenses in this lawsuit.  *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same).  Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known.  This information was developed at significant expense and has been maintained as confidential.  Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

**REQUEST NO. 8:**

Produce all communications and documents exchanged with Ramsey Atallah regarding NPI-001.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications and documents exchanged with Ramsey Atallah regarding NPI-001," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery. Communications and documents exchanged with Ramsey Atallah regarding NPI-001 have nothing to do with the product at issue in this case. None of this information bears any relationship to claims and defenses in this lawsuit. *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same). Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known. This information was developed at significant expense and has been maintained as confidential. Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

**REQUEST NO. 9:**

Produce all communications and documents exchanged with Marilyn Heustis regarding NPI-001.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications and documents exchanged with Marilyn Heustis

regarding NPI-001," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery. Communications and documents exchanged with Marilyn Heustis regarding NPI-001 have nothing to do with the product at issue in this case. None of this information bears any relationship to claims and defenses in this lawsuit. *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same). Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known. This information was developed at significant expense and has been maintained as confidential. Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

**REQUEST NO. 10:**

Produce all communications and documents exchanged with Jack Henningfield regarding NPI-001.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications and documents exchanged with Jack Henningfield regarding NPI-001," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February

2023.  Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery.  Communications and documents exchanged with Jack Henningfield regarding NPI-001 have nothing to do with the product at issue in this case.  None of this information bears any relationship to claims and defenses in this lawsuit.  *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same). Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known.  This information was developed at significant expense and has been maintained as confidential.  Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.


**REQUEST NO. 11:**

Produce all communications and documents exchanged with Mark Jennings regarding NPI-001.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications and documents exchanged with Mark Jennings regarding NPI-001," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery.

Communications and documents exchanged with Mark Jennings regarding NPI-001 have nothing to do with the product at issue in this case. None of this information bears any relationship to claims and defenses in this lawsuit. *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same). Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known. This information was developed at significant expense and has been maintained as confidential. Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

**REQUEST NO. 12:**

Produce all communications and documents exchanged with Peyton Palaio regarding NPI-001.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications and documents exchanged with Peyton Palaio regarding NPI-001," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery. Communications and documents exchanged with Peyton Palaio regarding NPI-001 have nothing to do with the product at issue in this case. None of this information bears any relationship to

claims and defenses in this lawsuit.  *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same).  Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known.  This information was developed at significant expense and has been maintained as confidential.  Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

**REQUEST NO. 13**:

Produce all communications and documents exchanged with NP Biotech, LLC regarding NPI-001.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications and documents exchanged with NP Biotech, LLC regarding NPI-001," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery.  Communications and documents exchanged with NP Biotech, LLC regarding NPI-001 have nothing to do with the product at issue in this case.  None of this information bears any relationship to claims and defenses in this lawsuit.  *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and

non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same). Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known.  This information was developed at significant expense and has been maintained as confidential.  Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

**REQUEST NO. 14:**

Produce all communications and documents exchanged with Precision Biologics, Inc. regarding NPI-001.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications and documents exchanged with Precision Biologics, Inc. regarding NPI-001," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery.  Communications and documents exchanged with Precision Biologics, Inc. regarding NPI-001 have nothing to do with the product at issue in this case.  None of this information bears any relationship to claims and defenses in this lawsuit.  *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs'

claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same). Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known. This information was developed at significant expense and has been maintained as confidential. Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

**REQUEST NO. 15:**

Produce all communications and documents exchanged with Pacific West Holdings, LLC regarding NPI-001.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications and documents exchanged with Pacific West Holdings, LLC regarding NPI-001," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery. Communications and documents exchanged with Pacific West Holdings, LLC regarding NPI-001 have nothing to do with the product at issue in this case. None of this information bears any relationship to claims and defenses in this lawsuit. *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black &*

*Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at \*4–5 (E.D. La. Jan. 9, 2003) (same).  Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known.  This information was developed at significant expense and has been maintained as confidential.  Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

**REQUEST NO. 16:**

Produce all communications and documents with any other named defendants regarding NPI-001 and/or OPMS kratom.

**RESPONSE:**  Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* communications and documents exchanged with any other named defendants regarding NPI-001 and/or OPMS kratom," which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023.  Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery regarding NPI-001.   Communications and documents exchanged with any other named defendants regarding NPI-001 have nothing to do with the product at issue in this case.  None of this information bears any relationship to claims and defenses in this lawsuit.  *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at \*8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A.

02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same). Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known. This information was developed at significant expense and has been maintained as confidential. Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

Subject to these objections, Defendant responds that it has no communications or documents with any other named defendants regarding OPMS kratom.

**REQUEST NO. 17 (mislabeled as REQUEST NO. 16):**

Produce all design specification and manufacturing specification sheets, or documents containing such information, regarding NPI-001.

**RESPONSE:** Defendant objects to this Request on the grounds that it is overbroad and unduly burdensome because it seeks "*all* design specification and manufacturing specification sheets, or documents containing such information, regarding NPI-001,*" which is not reasonably tailored to the claims and defenses in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023. Defendant further objects to this Request as irrelevant and outside the scope of permissible discovery. Documents regarding NPI-001 have nothing to do with the product at issue in this case. None of this information bears any relationship to claims and defenses in this lawsuit. *See Reyes v. Cooper Tire & Rubber Co.*, Case No. 09-3680-SRD-SS, 2010 WL 9073201, at *8 (E.D. La. June 23, 2010) (finding irrelevant and non-discoverable information about other products that were not the subject of the plaintiffs' claims in product liability

litigation); *State Farm Fire & Cas. Co. v. Black & Decker, Inc.*, Case Nos. Civ.A. 02-1154, Civ.A. 02-1584, 2003 WL 103016, at *4–5 (E.D. La. Jan. 9, 2003) (same).  Defendant further objects that this Request seeks highly confidential trade secrets and proprietary commercial information, including but not limited to manufacturing processes, product formulations, and research data that derive independent economic value from not being generally known.  This information was developed at significant expense and has been maintained as confidential.  Disclosure would cause substantial competitive harm by allowing competitors, some of whom may be named as co-defendants, to replicate Defendant's proprietary processes and research.

DATED: September 3, 2025

Respectfully submitted,

By  */s/ Gwendolyn C. Payton*
**Hayley R. Ambler**
Louisiana Bar No. 25848
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree Street NE, Suite 2800
Atlanta, Georgia 30309
Telephone:  (404) 815-6080
Facsimile:  (404) 541-3268
hambler@ktslaw.com

**Gwendolyn C. Payton** (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
1420 Fifth Avenue, Suite 3700
Seattle, Washington 98101
Telephone:  (206) 497-9600
Facsimile:  (206) 299-0414
gpayton@ktslaw.com

**Maeghan E. Whitehead** (admitted *pro hac vice*)
**KILPATRICK TOWNSEND & STOCKTON LLP**
2001 Ross Avenue, Suite 4400
Dallas, Texas 75201

Telephone:  (214) 922-7138
Facsimile:  (214) 279-4456
mewhitehead@ktslaw.com

*Counsel for Defendants JOHNSON FOODS, LLC.*

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of September, 2025, a copy of the foregoing document was served on all counsel of record by electronic mail.

*/s/ Gwendolyn C. Payton*
Gwendolyn C. Payton