## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN MOLLER | * | CIVIL ACTION NO. 24-0228-WBV-DPC |
| | * | |
| VERSUS | * | JUDGE WENDY B. VITTER |
| | * | |
| MARTIAN SALES, INC; JOPEN, LLC, a | * | MAGISTRATE DONNA PHILLIPS |
| Texas limited liability company; | * | CURRAULT |
| JOHNSON FOODS, LLC, a Wyoming | * | |
| limited liability company; NUZA, LLC, a | * | |
| Wyoming limited liability company; | * | |
| CALIBRE MANUFACTURING, LLC, a | * | |
| Wyoming limited liability company; LP | * | |
| IND., LLC, a Wyoming limited liability | * | |
| company; CAG HOLDINGS, LLC, a | * | |
| Wyoming limited liability company; | * | |
| RMH HOLDINGS, INC., a Wyoming | * | |
| corporation; FMK GROUP, INC., a | * | |
| Wyoming corporation; PNW | * | |
| HOLDINGS, LLC, a Wyoming limited | * | |
| liability company; CC US HOLDINGS, | * | |
| LLC, a Wyoming limited liability | * | |
| company; PEYTON SHEA PALAIO; | * | |
| MARK JENNINGS; EYAL DAVID | * | |
| GABBAY; and MARK REILLY. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * * | * | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM MARTIAN SALES, INC.

### I.    INTRODUCTION

Pursuant to F.R.C.P. 37, Plaintiff, Kathleen Moller, moves the court for an order compelling Defendant Martian Sales, Inc. ("Martian") to provide substantive responses to Plaintiff's Third Set of Interrogatories (hereinafter "ROGS") and Plaintiff's Third Set of Requests for Production to Martian (hereinafter "RFPs") (collectively referred to hereinafter as "Plaintiff's Discovery Requests") and impose sanctions against Martian as follows:

1) Strike all "General Objections" asserted by Martian;

2)  Strike all responses in which Martian asserts privilege and compel production of all responsive documents;

3)  Within seven days of this Court's order; compel Martian to supplement its discovery responses and provide substantive responses to all Plaintiff's ROGS and RFPs propounded;

4)  Order that Martian identify, by specific Bates Stamp numbers, the pages and documents responsive to each of Plaintiff's RFPs in its written responses;

5)  For each objection asserted by Martian in its response to each RFP propounded, state whether any responsive materials are being withheld on the basis of that specific objection, as required by FRCP 34(b)(2)(C);

6)  Award Plaintiff costs and attorney's fees in bringing this motion.

## II.    <u>STATEMENT OF FACTS</u>

Plaintiff issued her Third Set of Interrogatories to Martian[1] and Third Set of Requests for Production[2] to Martian on August 5, 2025. Exhibit A and B. Martian provided its written objections and responses to Plaintiff's Discovery Requests (hereinafter collectively "Martian's Discovery Responses") on September 4, 2025.[3] Plaintiff took issue with Martian's Discovery Responses.

On September 9, 2025, the parties participated in a virtual meet and confer to discuss Plaintiff's issues with Martian's objections and responses to Plaintiff's Third Set of ROGS and RFPs.[4] Counsel for the parties could not reach an agreement regarding Martian's improper objections and responses to the overwhelming majority of Plaintiff's Discovery Requests.

---

[1]  Plaintiff's Third Set of Interrogatories to Martian Sales, Inc., attached hereto as **Exhibit A.**
[2]  Plaintiff's Third Set of Request for Production to Martian Sales, Inc., attached hereto as **Exhibit B**.
[3]  Martian Sales, Inc.'s Responses and Objections to Plaintiff's Third Set of Interrogatories, attached hereto as **Exhibit C**; Martian Sales, Inc.'s Responses and Objections to Plaintiff's Third Set of Requests for Production, attached hereto as **Exhibit D**.
[4]  Recap Correspondence from Discovery Conferral, attached as **Exhibit E**.

Now, Plaintiff files this motion to compel, petitioning the Court to order Martian to completely and non-evasively respond to Plaintiff's discovery requests in accordance with the Federal Rules of Civil Procedure.

### III.    LEGAL AUTHORITY AND ARGUMENT

#### A.    Martian Failed to Provide Substantive Answers and Responses to Plaintiff's Discovery Requests.

The Federal Rules of Civil Procedure allow for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(2); see also, *In re England*, 375 F.3d 1169, 1177 (D.C. Cir. 2004) ("The Federal Rules of Civil Procedure encourage the exchange of information through broad discovery"). The United States Supreme Court has explained that discovery, "will be construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978). Consistently with the notice-pleading system established by the Rules, discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues. *Id*. Nor is discovery limited to the merits of a case, for a variety of fact-oriented issues may arise during litigation that are not related to the merits. *Id.* A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action or if there is any possibility that the information sought may lead to the discovery of admissible evidence. See Fed.R.Civ.P. 26(b)(1); see also, *Yeager v. Corinthian Colleges, Inc.*, 2002 WL 1976773, *3 (E.D. La. 2002).

The party opposing discovery has the burden to establish that the information sought has no possible bearing on the claim or defense of the party seeking discovery. *Goodyear Tire &*

*Rubber Co. v. CEVA Logistics Singapore, Ltd.,* 348 F.R.D. 54, 66 (E.D. La. 2024). If relevance is in doubt, a court should allow discovery. *Id.*

A party served with written discovery must fully answer each request to the full extent that it is not objectionable and affirmatively explain what portion of an interrogatory or document request is objectionable and why, affirmatively explain what portion of the interrogatory or document request is not objectionable and the subject of the answer or response, and affirmatively explain whether any responsive information or documents have been withheld. Fed. R. Civ. P. 33(b)(3) & (4); Fed. R. Civ. P. 34(b)(2)(B) & (C); *Heller v. City of Dallas,* 303 F.R.D. 466, 485 (N.D. Tex. 2014); *Goodyear*, 348 F.R.D. at 66 (citing, *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 580 (N.D. Tex. 2018). Vague or open-ended responses to specific discovery requests, or responses that merely state an intention to make some production at an unspecified date of the responding party's choosing, fail to meet the requirements of the Rules and, therefore, pursuant to Rule 37(a)(3), they must be treated as a failure to answer or respond. *Silicon Knights, Inc. v. Epic Games, Inc.*, 917 F.Supp.2d 503, 533-34 (E.D.N.C. 2012) (citing *Kinetic Concepts, Inc. v. ConvaTec Inc.*, 268 F.R.D. 226, 247 (M.D.N.C. 2010). The fact that a discovery request calls for a thorough response, one that will take time and effort to answer, does not make it improper or overly burdensome on its face. *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016).

Under Rule 34, a party responding to a request for production must state that the production will be provided or state with specificity the grounds for objection, including the reasons. Fed. R. Civ. P. 34(b)(2)(B). Any objection must state whether any responsive materials are being withheld on the basis of that objection. Fed R. Civ. P. 34(b)(2)(C). If the responding party objects, it must specify the objectionable part and permit inspection of the rest. *Id. "*Objections interposed without also clearly indicating whether any document or information is being withheld are improper."

*Goodyear*, 348 F.R.D. at 67 (citing *Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, No. 13-2809, 2015 WL 269051, at 4 (E.D. La. 2015)). Courts have long interpreted the rules to prohibit general, non-specific boilerplate objections. *Id.* at 68 (citing *Chevron*, 2015 WL 269051 at 3 (citation omitted) (noting that an objection is boilerplate and insufficient "when it merely states the legal grounds for the objection without: (1) specifying how the discovery request is deficient and (2) specifying how the objecting party would be harmed if it were forced to respond to the request"; *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485–86 (5th Cir. 1990) (citations omitted) (noting simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive," is inadequate to "voice a successful objection").

When a party withholding information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party <u>must</u> (i) expressly make the claim and (ii) describe the nature of the documents, communications, or tangible things not produced or disclose—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed R. Civ. P. 26(b)(5)(A) (emphasis added).

The use of the word "must" in the privilege log requirement indicates that the production of a privilege log is mandatory, not to be ignored. *Johnston Transocean Offshore Deepwater Drilling, Inc.*, No. CV 18-491, 2019 WL 1558040, at *2 (E.D. La. Apr.10, 2019).

The failure to produce a privilege log as required by Rule 26 constitutes a waiver in its own right. *X Corp. v. Media Matters for America*, 2024 WL 4416887, at *4 (N.D. Tex. 2024). When a withholding party "fail[s] to provide a privilege log" and "fail[s] to properly substantiate [its]

objections by submitting evidence necessary to sustain its burden of proof to [its] objections," privilege is waived. *Id*. (See also, *Johnston*, 2019 WL 1558040, at *2, noting that, "as plainly indicated by rule 26(b)(5), the question whether materials are privileged is for the court, not the [party asserting the privilege], to decide, and the court has a right to insist on being presented with sufficient information to make that decision.").

A party responding to discovery must produce responsive documents not only that are within that party's actual, physical possession but also documents that are within the party's constructive possession, custody or control. Fed. R. Civ. P. 26(a)(1)(A)(ii); 34(a)(1); *Goodyear*, 348 F.R.D. at 67.

> A party has "control" over documents or materials that it has the legal right to obtain even though it has no copy and even if the documents are owned or possessed by a nonparty. Thus, documents owned or possessed by agents, attorneys, hired consultants, and other third parties hired by a party that the party can reasonably obtain upon request fall within that party's custody or control. "Control" over a corporate affiliate's documents is not equivalent to veil piercing.

*Goodyear*, 348 F.R.D. 67-68 (internal citations omitted).

The party seeking discovery has the burden to show that the other party has control over the material sought. *Id.* at 68.

> To establish control over documents in the possession of a non-party, the movant must typically show that there is a relationship, either because of some affiliation, employment or statute, such that a party is able to command release of certain documents by the non-party person or entity in actual possession. ***Factors to consider in determining whether a party has "control" of materials include*** whether the party could secure the materials from the non-party to meet its own business needs or whether, by virtue of stock ownership or otherwise, the party effectively controls the other entity, specifically considering commonality of ownership, exchange or intermingling of directors, officers, or employees of the two corporations, exchange of documents between the corporations in the ordinary course of business, any benefit or involvement of the non-party corporation in the transaction, and involvement of the non-party corporation in the litigation. Thus, courts regularly order corporate parties to produce documents in the possession of corporate relatives—such as parent, sibling, or subsidiary corporations.

*Id.* (**emphasis added**).

Where relevant information is in possession or control of one party and not provided, adverse inferences may be drawn that such information would be harmful to the party who fails to provide it. *Weeks v. ARA Services*, 869 F.Supp. 194 (S.D.N.Y. 1994).

Pursuant to Rule 37, the court where the action is pending may, on motion, order sanctions if a party, after being properly served with interrogatories or requests for production fails to serve its answers, objections, or written responses. Fed. R. Civ. P. 37(d)(1)(A)(ii). "A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2); *see also*, *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Resources Authority,* 93 F.R.D. 62 (D.C. Puerto Rico 1981).

### i.     Martian's General Objections To Plaintiff's Discovery Request Are Improper.

Plaintiff takes issue with Martian's general objections and petitions the court to strike all such objections.

As set out above, the federal courts, specifically including this Court in *Chevron*, *supra*, have long interpreted the rules to prohibit general, non-specific boilerplate objections. The Rules require objections to specifically identify which part of a written request is objectionable with an explanation as to why. General objections inherently fail to satisfy the specificity requirement and are therefore not prohibited and ineffective to assert or preserve any objections. (See, *Chevron* 2015 WL 269051 at *3, stating that, "boilerplate and general objections, including those vaguely asserting privilege(s), "are taglines, completely devoid of any individualized factual analysis.") (See also, *Johnston,* 2019 WL 1558040, at *2, noting that, "in every respect, general objections are textbook examples of what federal courts have routinely deemed to be improper objections.")

Plaintiff takes particular issue with Martian's general objection enumerated as number four in both of Martian's Discovery Responses. General objection number four states:

> "Defendant objects to the Requests to the extent that they seek information or documents that constitute or contain trade secrets, proprietary information, and/or other confidential information. Defendant will produce such information pursuant to the Protective Order entered by the Court in this matter on December 17, 2024 [D.E. 62], and only if such information is not subject to any other objections.

Exhibit C and D.

This objection is wholly improper. Here, Martian acknowledges that it might have responsive information or documents and if so, it will only produce non-privileged material; confidential material will be produced pursuant to the protective order; and it reserves the right to withhold additional material based on other objections. According to this objection, it is unclear whether Martian will produce any responsive material, or if any responsive material even exists.

Martian fails to comply with Rule 33(b)(4) and 34(b)(2)(C), stating with specificity, whether or not it withheld production of any documents. Therefore, all general objections raised by Martian, especially general objection number four, are improper and should be stricken.

Plaintiff also takes particular issue with Martian's unilaterally imposed temporal limitation on the discovery it produced to the time period between January 1, 2020, and February 6, 2023. See General Objection No. 6, included in Martian's Discovery Responses, attached as Exhibit C and D.

During the meet and confer conference between Plaintiff's and Martian's counsel, Plaintiff proposed limiting its requests to the five years prior to decedent's death through present. Exhibit E. In other words, Plaintiff proposed broadening the scope of discovery from February 6, 2018 through September 9, 2025. Without citation to any authority to support its position, Martian was unwilling to broaden the scope beyond the roughly three-year period it unilaterally imposed.

Harmony Moller died on February 6, 2023 as a result of the OPMS kratom product she consumed. It is vital that Martian's knowledge of kratom risks, safety, adverse event reporting, and

changes to warnings and disclaimers related to OPMS kratom be provided for the entirety of OPMS kratom's existence.

Additionally, Plaintiff takes particular issue with Martian unilaterally imposed limitation on discovery to the specific kratom product the decedent in this matter consumed and to only those issues, documents, or communications occurring in Louisiana. See General Objection No. 6, included in Martian's Discovery Responses, attached as Exhibit C and D.

The Rules do not place such restrictive constraints on discovery requests. Plaintiff is entitled to receive discovery on any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc.*, 437 U.S. at 351. This includes information and documents related to Martian's knowledge of the potential harm and risks of the ***same or similar*** products. *BPP Retail Properties, LLC v. North American Roofing Services, Inc.*, 300 F.R.D. 59, 63 (D. Puerto Rico 2014).

Further, most of Martian's activities occurred outside of or prior to its products entering into Louisiana, including any testing, shipping, packaging, and/or research conducted regarding the efficacy and/or danger of its products. All these categories of information go to issues such as liability and what Martian's knew, or should have known, regarding risks and the potential harm of its kratom products.

Martian's unilaterally imposed limitation on the scope of Plaintiff's discovery is not supported by the Rules or any established precedent. It attempts to exclude extensive swaths of documents and information that bear on or could lead to other information and documents that bear on issues in this case.

Martian should be required to fully answer Plaintiff's Discovery Requests with specificity and without any unilaterally imposed limitation that improperly narrows the scope of discovery.

ii.     **<u>Martian's Answers And Objections To Plaintiff's Interrogatories Are
Inadequate, Incomplete, And Non-Responsive.</u>**

<u>Interrogatory No. 1.</u>

This ROG requests that Martian, "identify all changes to OPMS kratom labeling, warnings,
instructions for use, and disclaimers including the date in chronological order and a description of
the changes made." Exhibit A.

Martian objects to ROG No.1 on the grounds that the request is overbroad, unduly
burdensome, seeks information not in Martian's possession, custody, or control; Martian will only
respond regarding OPMS Silver products, which relate to the event occurring in Louisiana in
February 2023. Exhibit C.

Plaintiff is not limited to discovery on only the specific product the decedent took the day
of her death. Plaintiff already limited the scope of its inquiry to OPMS Kratom products, not
Martian's entire product line which includes a variety of kratom brands. Further, any differences
among the labels, warnings, instructions, for use, or disclaimers may lead to evidence regarding
Martian's knowledge of differences in the product's potential risks and/or overall knowledge of
potential risks in the consumption of Kratom as a whole.

As previously explained, Martian is required to produce all information and documents
that are also in its constructive possession, custody, or control. Fed. R. Civ. P. 26(a)(1)(A)(ii);
34(a)(1); *Goodyear*, 348 F.R.D. at 67. As more fully briefed in Plaintiff's Opposition to
Defendants' Motion to Dismiss, Dkt No. 130, and other prior pleadings, the defendants to this
lawsuit are all alter egos to one another and operate as a single business enterprise. "Documents
owned or possessed by agents, attorneys, hired consultants, and other third parties hired by a party
that the party can reasonably obtain upon request fall within that party's custody or control."
*Goodyear*, 348 F.R.D. at 67.

> ***Factors to consider in determining whether a party has "control" of materials include*** whether the party could secure the materials from the non-party to meet its own business needs or whether, by virtue of stock ownership or otherwise, the party effectively controls the other entity, specifically considering commonality of ownership, exchange or intermingling of directors, officers, or employees of the two corporations, exchange of documents between the corporations in the ordinary course of business, any benefit or involvement of the non-party corporation in the transaction, and involvement of the non-party corporation in the litigation. Thus, courts regularly order corporate parties to produce documents in the possession of corporate relatives—such as parent, sibling, or subsidiary corporations.

*Id.* at 68 (***emphasis added***).

To the extent that the information requested is within the possession, custody, or control of an agent of Martian or of one of Martian's affiliates or alter egos, the information is within Martian's constructive control, and it must provide such information responsive to this and all other discovery requests.

The response that Martian provides to this interrogatory only includes the warning that was on the OPMS Kratom products packaging from January 1, 2020, through "mid-2020." The additional warnings and disclaimers provided in its answer were only on its website. Further, Martian produced pictures of the packaging of the front side of the OPMS Kratom products, but not the backside of the products, which is where any warning or disclaimer is affixed. This response is overwhelmingly nonresponsive.

During the meet and confer conference, counsel for Martian indicated they would "look into" providing the back of the packages. Exhibit E. To date, no supplemental answers or documents have been produced. Martian has not fully responded to this interrogatory. Plaintiff has already agreed to limit the scope to five years prior to decedent's death to present.

<u>Interrogatory No 2.</u>

This ROG requests that Martian, "identify every person responsible for OPMS kratom labeling, warnings, instructions for use, and disclaimers including job titles and dates of employment." Exhibit A.

Martian objects to this interrogatory on essentially the same grounds asserted in ROG No. 1, that the request is overbroad, unduly burdensome, seeks information not in Martian's possession, custody, or control; Martian will only respond regarding OPMS Silver products, which relate to the event occurring in Louisiana in February 2023. Exhibit C.

Martian also asserts that the president of Martian Sales, Mark Reilly, approved OPMS Kratom labeling and warning based on direction from legal counsel and recommendations received from David Gabbay at A1 Wholesale. Upon information and belief, David Gabbay is also the sole member of JOPEN and should also have information responsive to this interrogatory. Any discussions between Mr. Reilly and Mr. Gabbay on behalf of their respective companies, whether or not in the presence of counsel, are not privileged, unless they are admitting that their companies are in fact one and the same entity. Further, during the meet and confer, Martian's counsel indicated that no documents or information were being withheld based on privilege. Exhibit E.

The labeling, warnings, instructions for use, and disclaimers, if any, were prepared by someone, at the direction of someone, they were ultimately approved by someone (regardless if the approval was given based on communications with counsel), they were incorporated into the labeling and packaging by someone, and were created/included on the website and/or packaging for reasons based in fact or evidence. They did not materialize out of thin air and end up on OPMS products without someone taking action.

Martian is in possession or control, constructive or otherwise, of information or documents responsive to this interrogatory and it must fully answer the interrogatory.

Interrogatory Nos. 3 & 4.

Plaintiff requested the following information from Martian:

ROG No. 3: "Identify all documents, discussions, meetings, e-mails, text messages, phone calls, video calls, and drafts related to decision(s) to change the disclaimer language on the OPMSkratom.com website in or around June 2022, including the addition of: "Some publications have suggested kratom may be associated with serious potential side effects including seizures, liver damage, withdrawal, addiction, abuse, and death."

ROG No. 4: "Please identify all publications and documents that you considered in your decision to include the following statement on the OPMS Disclaimer Page in or around June 2022: "Some publications have suggested kratom may be associated with serious potential side effects including seizures, liver damage, withdrawal, addiction, abuse, and death."

Exhibit A.

Martian objects to ROGS No. 3 and 4, asserting that both are overbroad and unduly burdensome, and seek information outside its control or protected by attorney-client privilege, and will not respond beyond February 2023 regarding the event that took place in Louisiana. Exhibit C. Martian further indicates that, "subject to the foregoing objections, Defendant responds that it consulted and relied on the advice of counsel regarding the disclaimer language. *Id.*

As to ROG No.3, Martian further claims that the request is vague and ambiguous with respect to the phrase "related to decision(s) to change the disclaimer language on the OPMSkratom.com website in or around June 2020." However, Martian fails to provide any explanation, whatsoever, as to what part of the quoted language was vague or ambiguous, how/why the language was vague or ambiguous, nor does it indicate whether any information or documents are being withheld on the basis of the objection. Pursuant to the authority cited above, such objection fails.

Martian fails to fully answer ROG No. 4. The quoted language directly from the OPMSKratom.com website states, "some publications have suggested kratom may be associated with serious potential side effects including seizures, liver damage, withdrawal, addiction, abuse, and death." Martian fails to provide any information or produce any documents regarding these referenced publications, which would not be protected by any asserted privilege.

Further, Martian's counsel asserted that they were not withholding any information based on privilege and no privilege log was produced.

Martian's answers to both ROGS are nonresponsive. Martian should be compelled to produce the requested information or in the alternative, this Court should permit adverse inferences to be drawn that such information would be harmful to Martian. *See*, Fed. R. Civ. P. 37(C)(1); *Weeks v. ARA Services*, 869 F.Supp 194, 195 (citing, *Baxter v. Palmigiano*, 425 U.S. 308, 316-20, 96 S.Ct. 1551, 47 L.Ed.2d 810 (1976)).

<u>Interrogatory Nos. 5 & 6.</u>

Here, Plaintiff requested that Martian, "state the maximum safe dose for OPMS Silver Green Vein Maeng Da capsules and powder." Exhibit A.

Martian objects to these interrogatories as vague and ambiguous as to the phrase "maximum safe dose" without providing any actual substantive answer. Martian fails to provide any explanation as to how or why it believes the phrase is vague and ambiguous. Pursuant to the authority cited above, such objection fails to comply with the Rules and is waived.

Martian further objected to the interrogatories as prematurely seeking an expert opinion. An expert opinion is reached after reviewing documents and information received or conducting its own inspection/investigation. Disclosure of an expert and/or his testimony is not required until the expert disclosure deadline. However, documents and information that may be relevant for an

expert in forming his opinion are not protected from disclosure in discovery and, to the extent they already exist, must be disclosed if responsive to a discovery request, barring a properly asserted privilege and produced privilege log. Nothing in Rule 26 shields from production the materials that an expert will rely on in forming his/her opinion. *See*, Fed. R. Civ. P. 26. Further, it is not clear why an expert opinion as to litigation on wrongful death is a basis for failing to disclose the maximum safe dose for a product sold by Martian since approximately 2012, long before litigation began.

Both of Martian's answers to these interrogatories are non-responsive. Martian should be compelled to fully respond to these interrogatories or, in the alternative, this Court should permit adverse inferences to be drawn that such information would be harmful to Martian.

<u>Interrogatory No. 7.</u>

ROG No. 7 requests that Martian, "state the instruction for use of OPMS Silver Green Vein Maeng Da capsules." Exhibit A.

Martian objects to this interrogatory, stating it's vague and ambiguous as to the phrase "instructions for use of OPMS Silver Green Vein Maeng Da capsules." Martian failed to provide any explanation as to how or why it believed the phrase was vague and ambiguous. Pursuant to the authority cited above, such objection fails to comply with the Rules and is waived.

Martian answers Interrogatory No. 7 with quoted language it says was on the back of the specific product package referenced with the directions of use, along with the warning label and disclaimer.

During the meet and confer, Martian's counsel was asked what the timeframe was that this language was on the package. Martian's counsel responded that the timeframe was the 2020-2023 timeframe stated in the general objections. However, this contradicts the answer Martian provided

to Interrogatory No. 1, wherein it only stated that OPMS Kratom products had a specific warning and disclaimer on the packaging between January 1, 2020, and mid-2020 and then all of the other disclosed warnings and disclaimers were on the website. One, or likely both, of its answers to these interrogatories are incomplete.

In the Directions quoted by Martian in its answer to Interrogatory No. 7, there was an instruction not to use more than 2 grams of powder in a 24-hour period and to not take the product more than 5 days per month. Martian has not provided any information, documentation, or explanation on when these directions were provided with the products at issue, that they were part of the products at issue, how these directions were developed, or what the recommendation for use was based on. Such information would be responsive to Interrogatory Nos. 3-6, and Martian should be compelled to respond.

Interrogatory Nos. 9 through 12.

ROG No. 9 and 11 requests that Martian, "describe the *manufacturing process* for OPMS Silver Green Vein Maeng Da capsules and powder." Exhibit A.

ROG No. 10 and 12 requests that Martian, "describe the *design process* for OPMS Silver Green Vein Maeng Da capsules and powder." Exhibit A.

These interrogatories request information on the manufacturing and design process of Martian's products. Martian objects to these interrogatories as vague and ambiguous as to the phrase "manufacturing process" and "design process."  Martian fails to identify how or why it believes the terms are vague. Pursuant to the authority cited above, such an objection fails to comply with the Rules and is waived.

Martian argues that these interrogatories are unduly burdensome because it does not manufacture or design the kratom products it distributes. Per the authority cited above and the

arguments more thoroughly laid out in Plaintiff's Opposition to Defendant's Motion to Dismiss, Dkt. No. 30, Martian is in constructive control of the information responsive to these interrogatories. Indeed, Martian pays for the manufacture of OPMS kratom. Also, Defendants' are alter egos of each other and are part of a single business enterprise, as explained in Plaintiff's Opposition to Defendant's Motion to Dismiss, Dkt. No. 30. Martian is in constructive control of all information responsive to these interrogatories.

Martian should be compelled to fully comply with its obligation to provide the requested information.

<u>Interrogatory Nos. 13 & 14.</u>

ROG Nos. 13 and 14 requests that Martian, "state any risk of drug-drug interaction known to you regarding OPMS Silver Green Vein Maeng Da powder and capsules." Exhibit A.

Martian objects to theses interrogatories as prematurely seeking information subject to an expert opinion and then fails to provide any substantive answer without stating whether any information or documents are being withheld. Nothing in Rule 26 shields from production the materials that an expert will rely on in forming his/her opinion or information or documents otherwise responsive to these discovery request. *See*, Fed. R. Civ. P. 26. Additionally, it is not clear that Martian has any knowledge beyond what its experts may opine, to the extent it does, it should respond with such knowledge.

Both of Martian's answers to these interrogatories are non-responsive. It should be compelled to fully respond to these interrogatories or, in the alternative, this Court should permit adverse inferences to be drawn that such information would be harmful to Martian.

<u>Interrogatory No. 15.</u>

ROG No. 15 requests that Martian,

"Identify all third parties, consultants, companies, or affiliates who performed any of the following functions for You regarding OPMS Kratom from incorporation to the Present: a. Research and development; b. Industry and/or regulatory relations; c. Regulatory compliance; d. Public relations; e. Marketing and/or Advertising; f. Safety surveillance and risk management; g. Adverse event identification and collection; and h. Evaluating scientific evidence and publications related to Kratom. For each individual or entity that You identify, describe the nature of their service(s) performed and the date(s) in which they performed such service."

Exhibit A.

Martian objects to ROG No.15 on the grounds that the request is overbroad, unduly burdensome, seeks information not in Martian's possession, custody, or control; Martian will only respond regarding OPMS Silver products, which relate to the event occurring in Louisiana in February 2023. Exhibit C.

Again, Plaintiff has already agreed to limit the timeframe to February 6, 2018 through September 9, 2025. Martain refuses to broaden the scope, and insists on narrowing the timeframe from January 1, 2020 through February 6, 2023. Martain also refuses to provide information related to the entire OPMS product line, and only wants to provide information related to OPMS Silver. For the reasons previously explained, this is wholly improper.

 Martian should be compelled to fully respond to this ROG.

Interrogatory No. 17.

Plaintiff ask the following:

"Has anyone, whether internally or a third-party, informed You that Kratom may interact with certain drugs, medications, vitamins, or herbal supplements? If so, please describe the substance of the communications, the drugs/medications/vitamins/herbal supplements at issue in those communications, and state: every individual/entity that informed you of such information and when such communication occurred."

Exhibit A.

Martian responds with a slew of improper objections and then subsequently states that, "no one informed it of such a risk as of February 6, 2023."

Plaintiff has already asked Martian to broaden discovery, which it refuses to do. Martian should be compelled to fully respond to this interrogatory for the reasons previously described.

Interrogatory No. 19.

Plaintiff asks Martian to, "identify all studies, tests, clinical trials, investigations, or analysis You, or third parties on your behalf, have conducted or plan to conduct regarding Kratom."

Martian essentially raises the same objection previously raised, then states that, "subject to its objections, the contract manufacturers performed testing, which Defendant will produce…"

This is non-responsive. Plaintiff's request is clear: *list* every study, test, or analysis about kratom, whether already completed or plan to be completed, that anyone working for Martian has conducted. Martian should not be allowed to dodge the request by asserting that it will make a production. Martian should be compelled to fully answer Plaintiff's request.

### iii.    Martian's Responses And Objections To Plaintiff's RFP's Are Inadequate, Incomplete, And Non-Responsive.

Martian responded to Plaintiff's RFPs Nos. 3 – 9, 14 – 15, 17 – 18, 20 – 27, 29 – 35, and 38 – 39, with substantially similar language, stating:

> "Subject to the foregoing objections, Defendant will conduct a reasonably diligent search from January 1, 2020 through February 6, 2023 for responsive documents. To the extent Defendant discovers documents responsive to this Request, Defendant will produce relevant, non-privileged documents in its possession, custody, or control."

Exhibit D.

All of Martian's responses to the RFPs mentioned above must be treated as a failure to respond.

Vague or open-ended responses to specific discovery requests, or responses that merely state an intention to make some production at an unspecified date of the responding party's choosing, fail to meet the requirements of the Rules and therefore, must be treated as a failure to answer or respond. *Silicon Knights,* 917 F.Supp.2d at 533-34. The 30 days permitted by Rule 34 is

to allow time for a responding party to conduct a diligent search before responding. At the time of production, Martian must certify that it conducted a diligent search and identify the efforts made to locate responsive document. See, *Murray v. LeBlanc*, 2023 WL 2028927, at *4 (M.D. La. Feb. 15, 2023). Here, Martian acknowledges that it has not yet conducted, or even begun, a diligent search for responsive information.

Additionally, Martian objects to nearly every RFP propounded by Plaintiff, claiming that each request is, "overbroad and unduly burdensome because it seeks "*all"* documents which is not reasonably tailored to the claims and defense in this proceeding, which only concerns events which allegedly occurred in Louisiana in February 2023." Exhibit D.

Based on Martian's objections, which emphasize the word "all" when quoting the language of each RFPs it claims are overly broad and unduly burdensome, it appears that Martian objection is directed solely at the use of that word, without regard to the scope of discovery that Plaintiff proposed. Martian provides no explanation, factual support, or specificity to demonstrate how responding would be unduly burdensome or overbroad, as required by the Rules. To the extent an explanation can be inferred, Martian appears to argue that the RFPs are overbroad because it believes the information sought is irrelevant. However, as discussed above in connection with its general objections, Martian has improperly limited the scope of discovery to events that occurred in Louisiana in February 2023. This narrow scope of discovery is inconsistent with the Federal rules of Civil Procedure and should be rejected. Martian's attempt to limit the scope of discovery is an effort to shield information and documents that may prove its own, or other parties', culpability.

This Court should find that all documents requested by Plaintiff are relevant and discoverable. The Court should rule that Martian's improper objections, temporal discovery scope,

and failure to conduct a diligent search for responsive documents, is a failure to respond, and order Martian to supplement is discovery responses.

**B.** **Plaintiff is Entitled to Recover its Costs and Attorneys' Fees From Martian for Having to Bring this Motion to Compel.**

Pursuant to Rule 37(d)(3), "…the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to provide complete and substantive discovery responses. Martian's responses evidence repeated dilatory discovery tactics which this Court should not tolerate. An entry of fees and costs and any other sanctions that this Court deem proper and just may help in curtailing further motions practice on these issues.

## IV.    CONCLUSION

In conclusion, Plaintiff moves this Court for an Order concerning Martian Sales, Inc.'s Discovery Responses to Plaintiff's Third Set of Interrogatories and Request for Production of Documents, as follows:

1) **Strike Improper General Objections**. Strike all "General Objections" asserted by Martian. To the extent Martian is ordered to supplement its responses, it shall delete any references to "General Objections," and respond to each discovery request with specificity.

2) **Compel Full and Non-Evasive Responses**. Within seven days of this Court's order, Martian shall supplement all responses Interrogatory Nos. 1 – 15, 17, and 19, and to each Request for Production of Documents, Nos. 1 – 39; providing full, substantive, and non-evasive answers.

3) **Scope of Discovery**. The relevant timeframe for discovery in this matter is February 6, 2018 through September 9, 2025. Additionally, the entire OPMS kratom product line and all states outside of Louisiana are discoverable. Martian shall supplement Interrogatory Nos. 1 – 15, 17,

and 19, and Request for Production of Documents, Nos. 1 – 39, to encompass the above mentioned.

4) **Specific Objections**. For every objection asserted, Martian must identify, with specificity, what part or portion of the request is objectionable and why. Martian must then identify the portion of the request that is not objectionable and fully respond.

5) **Privilege Objections**. All privilege objection raised by Martian are overruled and stricken. Martian shall produce all information and documents responsive to each Interrogatory Nos. 1 – 15, 17, and 19, and Request for Production of Documents, Nos. 1 – 39, propounded in Plaintiff's third discovery request.

6) **Responsive Documents**. Martian shall produce all documents responsive to Plaintiff's Interrogatory Nos. 1 – 15, 17, and 19, and Request for Production of Documents, Nos. 1 – 39, that are within its actual or constructive control.

7) **Award Fees and Costs**. Martian will pay Plaintiffs attorney's costs and fees as the prevailing party for preparing and filing this Motion to Compel. Plaintiff must submit an affidavit of costs and fees within seven days of this Court's order.

Respectfully submitted:

**WAGAR HICKMAN, LLC**

*s/ Nelson W. Wagar, III*

**NELSON W. WAGAR, III (No. 13136)**
**SARAH WAGAR HICKMAN (No. 35823)**
**JENNIFER SEILER AVALLONE (No. 35613)**
1401 West Causeway Approach
Mandeville, Louisiana 70471
Telephone (985) 888-8740
shickman@wagarhickman.com
cwagar@wagarhickman.com
javallone@wagarhickman.com

-and-

**MICHAEL J. COWGILL** (FL Bar # 1010945)
*Pro Hac Vice*
**TAMARA J. WILLIAMS** (FL Bar # 127625)
*Pro Hac Vice*
**MCTLAW**
1605 Main Street, Suite 710
Sarasota, Florida 34236
Telephone 888.952.5242
mcowgill@mctlaw.com
twilliams@mctlaw.com

***Attorneys for Plaintiff, Kathleen Moller***