**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KATHLEEN MOLLER** | * | **CIVIL ACTION NO. 24-0228-WBV-DPC** |
| | * | |
| **VERSUS** | * | **JUDGE WENDY B. VITTER** |
| | * | |
| **MARTIAN SALES, INC; JOPEN, LLC, a Texas limited liability company; JOHNSON FOODS, LLC, a Wyoming limited liability company; LP IND., LLC, a Wyoming limited liability company; CAG HOLDINGS, LLC, a Wyoming limited liability company; RMH HOLDINGS, INC., a Wyoming corporation; ABC INSURANCE COMPANY and John Does 1-4.** | * | **MAGISTRATE DONNA PHILLIPS CURRAULT** |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |

**THIRD SET OF INTERROGATORIES TO DEFENDANT, MARTIAN SALES, INC.**

TO: MARTIAN SALES, INC., Defendant

In accordance with FRCP 33, you are required to answer separately each of the following interrogatories within thirty (30) days after service of this request. Each answer not objected to must be answered separately and fully in writing under oath. The person who answers the forgoing interrogatories must sign them, and the attorney who objects must sign any objections.

**DEFINITIONS**

1. The term "defendant" or "you" as used in these interrogatories shall include, in addition to the named party or parties, their attorneys, agents, servants, employees, representatives, private investigators and others who are in possession of or who may have obtained information for or on behalf of the named party or parties.

**EXHIBIT A**

2. The term "describe" or "explain" means to fully, faithfully, and accurately set forth every fact, event and/or circumstance, including omissions, evidencing, reflecting, supporting, and/or undercutting the matter and inquiry.

3. The term "factual basis" when used in reference to one of Defendant's contentions or affirmative defenses does not seek a "dress rehearsal" of the Defendant's case for trial. The term seeks a meaningful explanation of the facts supporting the merit of the Defendant's contention, with sufficient specificity to comport with the letter and spirit of good faith discovery under the Civil Rules. For example, stating the "factual basis" for an affirmative defense should allow a party or court to understand why the defense should not be subject to summary dismissal.

4. The term "identify" as used in these interrogatories with reference to a document means to state the date, author, type of document or some other means of identifying it and its present location or custodian. If any such document was but is no longer in your possession or subject to your control, state what disposition was made of it.

5. The terms "identify", or "identity" as used in these interrogatories with reference to an individual person means to state his or her full name, present address, telephone number, present or last known position and business affiliation and his or her position and business affiliation at the time in question.

6. The term "kratom" refers to any form or derivative of product or material from the tree known as Mitragyna speciosa, including the various Kratom "Product Categories" that have been made available by you for sale.

7. The term "manufacturer" refers to Kratom manufacturers or suppliers.

8. The term "specific" and "specifically" as hereinafter used in these interrogatories means precisely, exactly, or definitely, setting forth in detail the precise circumstances, events or

transactions, or conditions that are the subject of the interrogatory. If you are unable to be specific, then you should provide a general answer.

9. The word "affiliate" refers to any organizations, individual persons (including members, owners, directors, or officers), or business concerns: with any shared management or ownership (including but not limited to rights to profits, royalties, and/or revenue distributions) with JOPEN, LLC (including its predecessors back to April 5, 2018, and its successors, owners, controllers, and/or those doing business as the entity (DBA's).

## INTERROGATORIES

1. Please identify all changes to OPMS kratom labeling, warnings, instructions for use, and disclaimers including the date in chronological order and a description of the changes made.

**ANSWER:**

2. Please identify every person responsible for OPMS kratom labeling, warnings, instructions for use, and disclaimers, including job title and dates of employment.

**ANSWER:**

3. Please identify all documents, discussions, meetings, e-mails, text messages, phone calls, video calls, and drafts related to decision(s) to change the disclaimer language on the OPMSkratom.com website in or around June 2022, including the addition of: "Some publications have suggested kratom may be associated with serious potential side effects including seizures, liver damage, withdrawal, addiction, abuse, and death."

**ANSWER:**

4. Please identify all publications and documents that you considered in your decision to include the following statement on the OPMS Disclaimer Page in or around June

2022: “Some publications have suggested kratom may be associated with serious potential side effects including seizures, liver damage, withdrawal, addiction, abuse, and death.”

**ANSWER:**

5. Please state the maximum safe dose for OPMS Silver Green Vein Maeng Da capsules.

**ANSWER:**

6. Please state the maximum safe dose for OPMS Silver Green Vein Maeng Da powder.

**ANSWER:**

7. Please state the instructions for use of OPMS Silver Green Vein Maeng Da capsules.

**ANSWER:**

8. Please state the instructions for use of OPMS Silver Green Vein Maeng Da powder.

**ANSWER:**

9. Please describe the manufacturing process for OPMS Silver Green Vein Maeng Da capsules.

**ANSWER:**

10. Please describe the design process for OPMS Silver Green Vein Maeng Da capsules.

**ANSWER:**

11. Please describe the manufacturing process for OPMS Silver Green Vein Maeng Da powder.

**ANSWER:**

12. Please describe the design process for OPMS Silver Green Vein Maeng Da powder.

**ANSWER:**

13. Please state any risk of drug-drug interaction known to you regarding OPMS Silver Green Vein Maeng Da powder.

**ANSWER:**

14. Please state any risk of drug-drug interaction known to you regarding OPMS Silver Green Vein Maeng Da capsules.

**ANSWER:**

15. Identify all third parties, consultants, companies, or affiliates who performed any of the following functions for You regarding OPMS Kratom from incorporation to the Present:

a. Research and development

b. Industry and/or regulatory relations

c. Regulatory compliance

d. Public relations

e. Marketing and/or Advertising

f. Safety surveillance and risk management

g. Adverse event identification and collection; and

h. Evaluating scientific evidence and publications related to Kratom

For each individual or entity that You identify, describe the nature of their service(s) performed and the date(s) in which they performed such service.

**ANSWER:**

16. Identify all industry associations or organizations regarding the production, marketing, sale, or distribution of Kratom that You are or were a member of from 2011 to Present.

**ANSWER:**

17. Has anyone, whether internally or a third-party, informed You that Kratom may interact with certain drugs, medications, vitamins, or herbal supplements? If so, please describe the substance of the communications, the drugs/medications/vitamins/herbal supplements at issue in those communications, and state: every individual/entity that informed you of such information and when such communication occurred.

**ANSWER:**

18. Please describe all efforts You, or any third parties on your behalf, have made to warn consumers about the risk between Kratom and cardiac adverse events.

**ANSWER:**

19. Identify all studies, tests, clinical trials, investigations, or analysis You, or third parties on your behalf, have conducted or plan to conduct regarding Kratom.

**ANSWER:**

20. Do You contend that the OPMS Kratom that Harmony Moller consumed was inauthentic, changed, altered, or modified in any way after it was manufactured (i.e., in any way that is relevant to the incident and alleged defect at issue)? If so, please describe with specificity all contentions in this regard, and identify the entity or person(s) who You contend made the changes.

**ANSWER:**

21. Please state the identity of each person who aided in answering these interrogatories and which number interrogatories such individuals assisted in answering.

**ANSWER:**

Dated: August 5, 2025

Respectfully submitted,

By: */s/ Michael Cowgill*

Michael J. Cowgill (FL Bar # 1010945)
*Admitted pro hac vice*
Tamara J. Spires (FL Bar #127625)
*Admitted pro hac vice*
**mctlaw**
1605 Main Street, Suite 710
Sarasota, Florida 34236
mcowgill@mctlaw.com
tspires@mctlaw.com

-and-

**NELSON W. WAGAR, III (No. 13136)**
**SARAH WAGAR HICKMAN (No. 35823)**
**Wagar Hickman, LLP**
1401 West Causeway Approach
Mandeville, Louisiana 70471
Telephone (985) 888-8740
shickman@wagarhickman.com
cwagar@wagarhickman.com

***Attorneys for Plaintiff, Kathleen Moller***

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 5th day of August 2025, served a copy of the foregoing pleading on counsel for all parties to this proceeding via electronic mail, facsimile, and/or by U.S. mail, properly addressed with first-class postage prepaid.

*/s/ Michael Cowgill*
**Michael Cowgill**