UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN MOLLER | * | CIVIL ACTION |
| VERSUS | * | NO. 24-228 |
| MARTIAN SALES, INC., ET AL. | * | SECTION "D" (2) |

## ORDER AND REASONS

Pending before me is the Motion to Seal Supplemental Brief filed by Defendants Johnson Foods, LLC and Martian Sales, Inc. ECF No. 189. In connection with Plaintiff's motion to compel (ECF No. 172), the undersigned ordered supplemental briefing regarding the similarities and differences between the OPM Silver product at issue in this matter and Johnson Foods' NPI-001 product currently being developed. Defendants have now filed a supplemental memorandum addressing same, which includes highly sensitive, detailed information that is redacted from public regulatory filings. ECF No. 189 at 2-4.

Having considered the record, the submissions and argument of counsel, and the applicable law, the Motion is GRANTED for the reasons stated herein.

I. **APPLICABLE LAW AND ANALYSIS**

There is a presumption in favor of access to judicial records,[1] and the standard for placing a document under seal is different from that governing whether unfiled discovery should be kept confidential.[2] Because the sealing of judicial records is the exception rather than the norm, the court must be "ungenerous" with its discretion to seal judicial records.[3] Before sealing a document, the court must assess governing case law and determine that sealing is necessary. "To

---

[1] *8fig, Inc. v. Stepup Funny, L.L.C.*, 135 F.4th 285, 293 (5th Cir. 2025).
[2] *See Bin Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021); Local Rule 5.6.
[3] *Bin Hoa Le,* 990 F.3d at 418-19 (citations omitted); *see June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022).

1

decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[4]  Sealings "must be explained at 'a level of detail that will allow for [appellate] review.' And a court abuses its discretion if it 'ma[kes] no mention of the presumption in favor of the public's access to judicial records' and fails to 'articulate any reasons that would support sealing.'"[5]

While there is a presumption of public access to judicial records, courts have recognized that this access is not absolute.[6]  In certain cases, litigants may have good reasons to file documents under seal.[7]  For instance, courts have found compelling interests in secrecy when a case involves a minor, protected banking or financial information, trade secrets, and national security matters.[8] Courts also recognize the strong interest in keeping personal financial records from public view, particularly when the information is that of a non-party individual.[9]

Having reviewed the supplemental memorandum, the Court finds that sealing same is necessary and does not violate the public's right of access.  The supplemental memorandum contains detailed information regarding the composition of each product and demonstrates that

---

[4] *June Med. Servs.*, 22 F.4th at 521 (cleaned up).
[5] *Binh Hoa Le*, 990 F.3d at 419 (citations omitted); *accord. United States v. Ahsani*, 76 F.4th 441, 452 (5th Cir. 2023) (citations omitted).
[6] *See, e.g.*, *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)); *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information (citations omitted)); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (noting that courts have recognized "parties' strong interest in keeping their detailed financial information sealed" because the public has a "relatively minimal interest in [that] particular information" (citations omitted)); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).
[7] *Binh Hoa Le*, 990 F.3d at 419.
[8] *Doe v. Crawford*, 702 F. Supp. 3d 509, 513 (S.D. Miss. 2023) (citations omitted).
[9] *St. Charles-Guillot Inv., LLC v. One Source Roofing, Inc.*, No. 23-30, 2024 WL 5440833, at *2 (E.D. La. Oct. 21, 2024) (Long, J.) (citations omitted).

NPI-001 and the OPM Silver product have different compositions. In light of the differing compositions, discovery regarding NPI-001 is not relevant to these claims involving OPM silver.

## II.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Motion to Seal (ECF No. 189) is GRANTED.

IT IS FURTHER ORDERED that the deferred portion of the Motion to Compel (ECF Nos. 171-73, 187) is DENIED.

New Orleans, Louisiana, this  15th  day of December, 2025.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE