UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KATHLEEN MOLLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-228**<br>**c/w 24-781** |
| **MARTIAN SALES, INC., ET AL.** | **SECTION: D (2)** |

## ORDER AND REASONS

Before the Court is a Motion for Leave to Supplement Argument and Evidence of Plaintiff's Motion for Partial Summary Judgment, filed by plaintiff, Kathleen Moller.[1] Defendants, LP Ind., LLC, CAG Holdings, LLC, RMH Holdings, Inc., Martian Sales, Inc., Johnson Foods, LLC, JOpen, LLC, Nuza, LLC, Calibre Manufacturing, LLC, FMK Group, Inc., PNW Holdings, LLC, CC US Holdings, LLC, Peyton Palaio, Mark Jennings, David Gabbay, and Mark Reilly (collectively, "Defendants") oppose the Motion.[2] The Motion was set for submission on December 23, 2025,[3] and is therefore ripe for determination.

After careful consideration of the parties' memoranda and the applicable law, the Motion is **GRANTED in part and DENIED in part.**

---

[1] R. Doc. 186.
[2] R. Doc. 190.
[3] R. Doc. 186.

I.     **FACTUAL AND PROCEDURAL BACKGROUND**[4]

This is an action for the wrongful death of Harmony Miller, who died on February 6, 2023, allegedly as the result of the ingestion of OPMS brand kratom.[5] Plaintiff, the mother of Harmony Miller, alleges that Defendants are liable for the death of her daughter because they import, package, distribute, and/or sell dangerous kratom products to Louisiana residents, including Harmony.[6] Pertinent to the instant Motion, Plaintiff alleges that, "[a]ll defendants named herein are alter egos of one another and operate as a single business enterprise through a secretive web of affiliates, individuals, shell companies, alter egos, business names, assumed names, and/or trade names,"[7] and that, "OPMS kratom is imported, packaged, distributed, and sold through a complex web of companies that includes Defendants. This web is referred to herein as the OPMS enterprise."[8]

In May 2024, several of the defendants filed motions to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and failure to state a claim under Fed. R. Civ. P. 12(b)(6).[9] During a Telephone Status Conference held on July 16, 2024, the Court issued an oral Order denying the motions without prejudice, granting Plaintiff's request to conduct jurisdictional discovery, and gave Plaintiff until January 27, 2025 to conduct jurisdictional discovery.[10] On May 23, 2025, all of the

---

[4] In the interest of judicial economy, and because the factual background of this case was extensively detailed in the Court's December 3, 2025 Order and Reasons (R. Doc. 184), the Court will limit its recitation of the factual and procedural background to matters relevant to the instant Motion.
[5] R. Docs. 1, 7, & 100.
[6] R. Doc. 100 at ¶¶ 25–64.
[7] *Id*. at ¶ 25.
[8] *Id*. at ¶ 54.
[9] R. Docs. 32 & 45. *See* R. Docs. 48, 50, & 51.
[10] R. Doc. 54.

Defendants filed another Motion to Dismiss, again asserting that Plaintiff's claims should be dismissed for lack of personal jurisdiction as to all defendants except JOpen, LLC under Rule 12(b)(2) and for failure to state a claim against any defendant under Rule 12(b)(6).[11]  Plaintiff opposes the Motion, Defendants have filed a Reply, and the Motion to Dismiss remains pending as of the date of this Order.[12]  On June 30, 2025, the same day Plaintiff filed an Opposition to the Motion to Dismiss, Plaintiff filed a Motion for Partial Summary Judgment – Determination of Piercing the Veil, Single Business Enterprise, and Alter Ego for Jurisdictional Purposes.[13]  Defendants oppose the Motion,[14] which remains pending at this time.

In the instant Motion, Plaintiff seeks leave under Fed. R. Civ. P. 15(d) to supplement the argument and evidence supporting her Motion for Partial Summary Judgment.[15]  Plaintiff seeks to supplement her Motion for Partial Summary Judgment with evidence obtained during merits-based discovery that occurred since filing the motion, including an expert report prepared by Ryan Clark, two recent orders issued by state courts in Louisiana and Colorado denying requests for dismissal based upon lack of personal jurisdiction in wrongful death cases involving the same defendants, and the deposition testimony of Peyton Palaio and JOpen's corporate representative.[16]  Plaintiff asserts that the evidence is relevant to her alter

---

[11] R. Doc. 122.
[12] *See* R. Docs. 130 & 148.
[13] R. Doc. 132.
[14] R. Doc. 143.
[15] R. Doc. 186.
[16] R. Doc. 186-1 at pp. 2–3.  Although not mentioned in her Memorandum in Support of her Motion for Leave, Plaintiff's proposed pleading includes a section titled "Martian Sales, Inc. is the manufacturer of the OPMS kratom product consumed by the decedent as a matter of law."  R. Doc. 186-2 at p. 2.

ego/single business enterprise claims, that she is acting in good faith in supplementing her evidence and argument, and that Defendants will not be unfairly prejudiced by the supplementation of the evidence since all but the expert report came from Defendants during discovery.[17]

Defendants argue that Rule 15(d) does not apply because Plaintiff is not trying to supplement a pleading, as defined by Rule 7(a), and is instead trying to supplement a motion.[18] Defendants agree that this Court has discretion to grant Plaintiff leave to supplement the evidence and argument supporting her Motion for Partial Summary Judgment, but assert that the Court can deny Plaintiff's request if it concludes that the explanation for her tardiness is unpersuasive or that Plaintiff lacked diligence in filing her pleading.[19] Defendants claim that Plaintiff has given no explanation for her tardiness and lack of diligence, and that the Court should deny her Motion.[20] Defendants assert that Plaintiff offers no explanation for why the testimony she now seeks to include with her prior motion was not sought during jurisdictional discovery, when she conducted six other corporate depositions prior to the January 27, 2025 deadline.[21] Defendants claim that the testimony is repetitive and consistent with prior testimony, and is therefore not "new" evidence.[22]

---

This argument was not raised in Plaintiff's Motion for Partial Summary Judgment. *See, generally*, R. Doc. 132-1.
[17] R. Doc. 186-1 at pp. 2 & 3 (citing *ClaimSolution Inc. v. The Best Claims Solutions Inc.*, Civ. A. No. 23-02379-PHX-MTL, 2025 WL 1556971, at *1 (D. AZ. June 2, 2025) (Liburdi, J.)).
[18] R. Doc. 190 at pp. 3–4.
[19] *Id*. at p. 4 (quoting *Aguillard v. Louisiana College*, Civ. A. No. 1:17-CV-01671, 2019 WL 13421322, at *1 (W.D. La. Sept. 24, 2019) (Doughty, J.)).
[20] R. Doc. 190 at p. 4.
[21] *Id*. at pp. 4–5. *See Id*. at pp. 2–3.
[22] *Id*. at p. 5.

Defendants further assert that Plaintiff hired Clark to provide an expert report concerning her Motion for Partial Summary Judgment, that his report confirms that he was retained for that purpose, and that Plaintiff offers no explanation for why his report could not have been submitted in connection with the Motion for Partial Summary Judgment.[23] Defendants also assert that the two orders issued by other courts are irrelevant to the instant litigation, apply the wrong substantive law, and that Plaintiff fails to explain why her new argument that Martian Sales is the manufacturer of O.P.M.S. kratom under Louisiana law was not previously raised.[24] Defendants argue that Plaintiff is asking the Court to reopen the briefing and evidentiary record on Plaintiff's Motion for Partial Summary Judgment for consideration of matters that could, and should, have been previously raised.[25]

## II.  LAW AND ANALYSIS

Plaintiff seeks leave to supplement the argument and evidence supporting her Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 15(d), which provides, "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."[26] Rule 15(d) further provides that, "[t]he court may permit supplementation even though the *original pleading* is defective in stating a claim or defense.  The court may order that

---

[23] *Id.* at p. 5.
[24] *Id.* at pp. 5–6.
[25] *Id.* at p. 6.
[26] R. Doc. 186-1 at pp. 1–2; Fed. R. Civ. P. 15(d).

the opposing party plead to the supplemental pleading within a specified time."[27]  The Court agrees with Defendants that Rule 15(d) is not applicable in this instance, as Plaintiff seeks to supplement her pending Motion for Partial Summary Judgment, and a motion is not a "pleading," as that term is defined in Fed. R. Civ. P. 7(a).[28]  The Court notes that Plaintiff did not file a reply brief to address this point.  Further, Plaintiff failed to cite any legal authority from this Circuit to support her request to supplement her Motion for Partial Summary Judgment pursuant to Rule 15(d).[29]

While the Fifth Circuit has made clear that district courts have discretion in determining whether to grant leave to supplement argument and evidence,[30] it is unclear what standard should apply in exercising that discretion.  At least one court from within this Circuit has suggested that, "a court may deny a motion for leave to supplement summary judgment evidence if, among other things, it concludes that the movant's explanation of its tardiness is unpersuasive or if the movant lacked diligence in presenting its pleading."[31]  The Court is also mindful of the good cause analysis applicable when determining whether a Scheduling Order deadline may be modified under Fed. R. Civ. P. 16(b)(4), which requires the Court to consider: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the

---

[27] Fed. R. Civ. P. 15(d) (emphasis added).
[28] *See* Fed. R. Civ. P. 7(a); Committee Notes on Rules–2009 Amendment to Fed. R. Civ. P. 15 ("Serving a motion attacking the pleading did not terminate the right to amend, because a motion is not a 'pleading' as defined in Rule 7.").
[29] *See, generally*, R. Doc. 186-1.
[30] *See Snapt Inc. v. Ellipse Communications Inc.*, 430 Fed.Appx. 346, 353 (5th Cir. 2011) ("We consider the denial of Snapt's motion for leave to supplement its summary judgment evidence for an abuse of discretion.").
[31] *Aguillard v. Louisiana College*, Civ. A. No. 1:17-CV-01671, 2019 WL 13421322, at *1 (W.D. La. Sept. 24, 2019).

requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice.[32]

Having considered all of these factors, the Court denies Plaintiff's request to supplement her Motion for Partial Summary Judgment with an expert report obtained from her own expert and with a new argument regarding Martian Sales, Inc.'s purported role as a manufacturer under Louisiana's product liability law. Plaintiff offers no explanation for why she did not, or could not, obtain her expert report from Ryan Clark prior to filing her Motion for Partial Summary Judgment, nor does Plaintiff address Defendants' assertion that Clark was hired "specifically in connection with Plaintiff's Motion for Partial Summary Judgment."[33] Plaintiff likewise offers no explanation for why she did not previously assert that Martian Sales, Inc. is a manufacturer under Louisiana law, and there is no indication from the proposed pleading submitted by Plaintiff that the argument is based upon evidence obtained after the January 27, 2025 jurisdictional discovery deadline. While Plaintiff points to "photographs of Kratom product found in decedent's bedroom" to support her claim that Martian Sales, Inc. is a manufacturer, the Court notes that identical photographs were submitted as part of an exhibit to Plaintiff's Motion for Partial Summary Judgment.[34] The Court finds that Plaintiff was dilatory in raising these two issues and that Defendants will be prejudiced if Plaintiff is allowed to supplement her Motion for Partial Summary Judgment with the expert report and a

---

[32] Fed. R. Civ. P. 16(b)(4).
[33] R. Doc. 190 at p. 5 (*citing* R. Doc. 186-7 at p. 5).
[34] *Compare* R. Doc. 186-3 *with* R. Doc. 132-44 at pp. 174–175.

new argument based upon evidence that was in Plaintiff's possession when she filed the Motion.

To the extent Plaintiff seeks to supplement her Motion for Partial Summary Judgment with the deposition testimony from Mark Reilly, the Court notes that that deposition occurred almost eight months before Plaintiff filed her Motion for Partial Summary Judgment on June 30, 2025.[35]  While there may be some explanation for why Plaintiff now offers this deposition testimony, Plaintiff has failed to provide that explanation.  As such, this request is denied.

To the extent that Plaintiff seeks to include the more recent deposition testimony of Eyal David Gabbay, the corporate representative for JOpen,[36] the Court exercises its discretion to allow that testimony. Defendants have not shown any prejudice to them if Plaintiff is allowed to supplement argument and evidence in support of her Motion for Summary Judgment with this evidence.  Instead, Defendants contend that, "[i]ndeed, the 'new' testimony is not new at all but is repetitive and consistent with what has always been in the record."[37]  Accepting Defendants' response as accurate, there is no prejudice to them to allow the supplementation of this deposition testimony.[38]  Further, to the extent Plaintiff seeks to supplement her Motion for Partial Summary Judgment with the deposition testimony of Peyton Palaio obtained on October 9, 2025, at least one of the statements

---

[35] R. Doc. 132.
[36] The deposition was held October 16, 2025.  *See* R. Doc. 186-6.
[37] R. Doc. 190 at p. 5.
[38] And to the extent that Defendants contend that rehashing the same testimony would be a waste of time, the Court declines to find so.

cited in Plaintiff's proposed pleading is already addressed in Plaintiff's Motion for Partial Summary Judgment.[39] It is unclear to the Court whether the remaining portions of Palaio's deposition testimony are repetitive of information obtained from the five or six corporate depositions that were purportedly taken in the fall of 2024.[40] Nonetheless, the Court finds that Defendants will not be prejudiced if Plaintiff is allowed to supplement her Motion for Partial Summary Judgment by referencing the recent testimony, since the testimony came directly from Defendants. As such, the Court grants Plaintiff's request to supplement the argument and evidence supporting her Motion for Partial Summary Judgment with Palaio's recent deposition testimony.

The Court also grants Plaintiff's request to supplement her Motion for Partial Summary with two recent orders from other courts addressing the same, or a similar, issue that is presently before this Court. One of the orders was issued only two months ago,[41] while the other was issued on the same day that Plaintiff filed her Motion for Partial Summary Judgment.[42] Defendants will not be prejudiced by the addition of this evidence, as several of the defendants are parties in one or both of

---

[39] *Compare* R. Doc. 186-2 at p. 4 ("Nuza currently sources and supplies raw kratom for OPMS") *with* R. Doc. 132-1 at p. 20 ("JOpen is truly the hub of the OPMS network insofar as it pays for raw kratom sourced by Nuza . . . .").

[40] *See* R. Doc. 190 at pp. 2–3 (On October 2, 2024, Plaintiff deposed the corporate representative of CAG Holding. On October 28 and 29, 2024, Plaintiff deposed the corporate representative of Martian Sales. On November 22, 2024, Plaintiff deposed the corporate representative of Johnson Foods. On December 4, 2024, Plaintiff further deposed the corporate representatives of CAG Holdings and RMH Holdings. On December 17, 2024, Plaintiff served second sets of requests for production and interrogatories, to which Defendants responded on January 16, 2025. On January 22, 2025, Plaintiff deposed the corporate representative of LP.").

[41] R. Doc. 186-8.

[42] R. Doc. 186-9.

those cases. The Court finds it appropriate for those orders to have been brought to its attention.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the Motion for Leave to Supplement Argument and Evidence of Plaintiff's Motion for Partial Summary Judgment, filed by Kathleen Moller,[43] is **GRANTED in part and DENIED in part.** The Motion is **GRANTED** to the extent that Plaintiff seeks to supplement her Motion for Partial Summary Judgment[44] with testimony from the October 9, 2025 deposition of Peyton Palaio, the October 16, 2025 corporate deposition of JOpen, and two court orders issued in other jurisdictions. The Motion is otherwise **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff shall have until Tuesday, **February 10, 2026** to file a supplemental memorandum addressing the additional evidence which has been allowed, which shall be limited to five pages.

**IT IS FURTHER ORDERED** that Defendants shall have until Thursday, **February 19, 2026** to file a response, if any, to Plaintiff's supplemental memorandum, which shall also be limited to five pages.

New Orleans, Louisiana, February 2, 2026.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[43] R. Doc. 186.
[44] R. Doc. 132.