STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN MOLLER | * | CIVIL ACTION |
| VERSUS | * | NO. 24-228 |
| MARTIAN SALES, INC., ET AL. | * | SECTION "D" (2) |

**ORDER AND REASONS**

Pending before me is Plaintiff Kathleen Moller's Motion to Enforce Court Order. ECF No. 201. Defendants JOpen, LLC and Martian Sales timely filed Opposition memorandum, and Plaintiff timely filed a Reply. ECF Nos. 210, 212. Although Plaintiff requested oral argument, the Court finds oral argument unnecessary. *See* ECF No. 213.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff Kathleen Moller's Motion to Enforce Court Order is GRANTED IN PART AND DENIED IN PART for the reasons stated herein.

**I.    BACKGROUND**

Plaintiff Kathleen Moller filed suit against, among others, Martian Sales, Inc., JOpen, LLC, and Johnson Foods, LLC after the death of her 36-year-old daughter, whom she contends died as a result of ingesting Defendants' kratom products. ECF No. 100 ¶¶ 30-33. Plaintiff appears to assert state law wrongful death and products liability claims. *Id.* ¶¶ 58-64. Chief Judge Vitter initially authorized jurisdictional discovery and continued all other deadlines, but later entered a Scheduling Order setting this matter for trial on April 13, 2026, and establishing a November 18, 2025, and a January 20, 2026, fact discovery deadline, and subsequently extended the expert discovery deadline to February 20, 2026, and the motion submission date to March 17, 2026. ECF Nos. 54, 158, 195.

1

On November 11, 2025, Plaintiff filed three motions to compel, requesting JOpen and Johnson Foods be compelled to provide substantive responses to Plaintiff's fourth set of interrogatories and requests for production and Martian Sales be compelled to provided same to Plaintiff's third set of interrogatories and requests for production. ECF Nos. 171, 172, 173; *see* ECF Nos. 171-2, -3, -4, -5 (Plaintiff's fourth set and JOpen's responses), 172-2, -3 (Plaintiff's fourth set and Johnson Foods's responses), 173-2, -3, -4, -5 (Plaintiff's third set and Martian Sales's responses). At Plaintiff's request, the Court set oral argument on the motions on December 3, 2025. ECF Nos. 174, 175, 176, 181. During the hearing, the Court granted, denied, and deferred in part Plaintiff's motions. *See* ECF No. 187 (December 3, 2025, Minute Entry noting Court's granted, denied, and deferred in part Plaintiff's motions "as stated on the record").[1] On December 17, 2025, JOpen served its supplemental responses to Plaintiff's fourth set of interrogatories and requests for production, and Martian Sales served its supplemental responses to Plaintiff's third set of requests for production, as well as same to Plaintiff's third set of interrogatories on December 30, 2025. ECF Nos. 201-3, -4, -5, -6. They also served a privilege log on December 17, 2025. ECF No. 201-1 at 3.

## II.  PENDING MOTIONS

### A. Motion to Enforce Court Order

On January 19, 2026, Plaintiff filed this Motion to Enforce the Court's December 3, 2025, Order against JOpen and Martian Sales, requesting the Court compel Defendants to produce documents withheld based on direction or advice of counsel and sanction them pursuant to Rule 37(b)(2)(A) and (C). ECF Nos. 201, 201-1 at 1-2.[2] As a specific sanction, Plaintiff requests the

---

[1] The Court later denied the deferred portion of Plaintiff's motions. ECF No. 192.
[2] Plaintiff additionally brought this motion against Johnson Foods, but upon review, there is no assertion that Johnson violated any court order made at the December 3, 2025, hearing. *See* ECF No. 201-1 at 1. Thus, the Court treats Plaintiff's motion as only against JOpen and Martian Sales.

2

Court strike all discovery responses of Defendants that assert privilege based on direction or advice of counsel. ECF No. 201-1 at 1. Plaintiff additionally invokes the Court's inherent power. *Id.* at 4. Plaintiff asserts JOpen's supplemental responses to Plaintiff's Interrogatory Nos. 3 and 4 raising attorney-client privilege do not comply with the Court's Order addressing them. *Id.* at 4-6. She asserts JOpen has provided no production nor a reasonable date for same for RFP No. 23. *Id.* at 7. As to RFP No. 18, 21, 22, 28, 29, 30, and 32 to JOpen and RFP Nos. 5, 14, 17, 18, 20, 22, 23, 24, 25, 26, 27, 29, 31, 32, 33, 34, 35, 38, and 39 to Martian Sales, Plaintiff asserts their respective supplemental responses that state production will occur or has occurred subject to privilege are deficient because neither defendant indicates whether any documents have been withheld and on what basis if so, and Plaintiff received a "document dump" as part of Martian Sales's production. *Id.* at 7-8. As to RFP Nos. 5, 6, 9, and 19 to JOpen, Plaintiff asserts that she provided narrowed key words in a December 23, 2025, letter to its counsel, but JOpen has not made production nor provided a reasonable date it will provide same. *Id.* at 8-9; *see* ECF No. 201-7 (December 23, 2025, letter).

In JOpen and Martian Sales's Opposition, JOpen argues it did not violate the Court's Order regarding Interrogatory Nos. 3 and 4 because the Court conditioned JOpen's production of attorney-client communications on invocation of the advice of client defense, which it has not invoked. ECF No. 210 at 2-3. Defendants assert the 119-page production is not a "document dump," and thus, they are not required to identify which documents respond to which requests. *Id.* at 3. JOpen argues its supplemental response to RFP No. 23 is not deficient because it has not yet filed an answer and thus has not yet asserted any affirmative defenses. *Id.* at 4. Defendants indicate their January 20, 2026, Second Supplemental Responses moot the failure to state whether documents were withheld of privilege because the responses state no responsive documents were

3

withheld based on same. *Id.* at 4-5; *see* ECF Nos. 210-1, -2 (Defendants' second supplemental responses).

In Reply, Plaintiff reiterates her argument concerning JOpen's supplemental responses to Interrogatory Nos. 3 and 4 and that the information is relevant to Plaintiff's claims. ECF No. 212 at 2-4. Plaintiff reiterates her argument concerning RFP Nos. 5, 6, 9, and 19 to JOpen. *Id.* at 5-6. Regarding Defendants' second supplemental responses, Plaintiff argues she must rely on process of elimination to determine for which interrogatories documents were withheld based on privilege, and Defendants still did not timely comply with the Court's Order. *Id.* at 6. Plaintiff also clarifies the issue regarding the alleged "document dump" is moot. *Id.* at 7.

### III.  APPLICABLE LAW AND ANALYSIS

#### A.  Rule 37(b)(2) Sanctions

Rule 37(b) of the Federal Rules of Civil Procedure provides for sanctions for failure to obey discovery orders. To impose a sanction under Rule 37(b)(2), there must be a violation of a discovery order.[3] The scope of Rule 37(b)(2) includes "any order 'to provide or permit discovery,'"[4] thus sanctions under Rule 37(b)(2) are "available to orders against a party having this effect regardless of what rule they were made under."[5] The "order need not have been in writing."[6] "Sanctions may be imposed even for a violation of a court's oral order[ ] as long as a party has 'unequivocal notice'" that the court has directed it to provide requested discovery.[7]

---

[3] *Ryder v. Union Pac. R.R. Co.*, No. 15-431, 2017 WL 4163660, at *2 (M.D. La. Sept. 20, 2017) (quoting *Reyes v. Julia Place Condos. Homeowners Ass'n, Inc.*, No. 12-2043, 2016 WL 5871278, at *2 (E.D. La. Oct. 7, 2016)).
[4] FED. R. CIV. P. 37(b) advisory committee's note to 1970 amendment.
[5] 8b WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 2289 (3d. ed. 2025).
[6] *Id.* (citing cases).
[7] *Eubanks v. Eubanks*, No. 17-1217, 2017 WL 3380476, at *3 (E.D. La. Aug. 4, 2017) (Morgan, J.) (brackets added) (quoting *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) (quoting *Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp.*, 982 F.3d 363, 368 (9th Cir. 1992))); *accord. Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 164 (7th Cir. 1994) ("[A]n oral directive from the district court provides a sufficient basis for Rule 37(b)(2) sanctions if it unequivocally directs a party to provided requested discovery." (citing cases)); *Avionic Co. v. Gen. Dynamics Corp.*, 957 F.2d 555, 558 (8th Cir. 1992) ("Oral proceedings compelling discovery that unequivocally given a litigant notice

4

If a court finds a party failed to obey its order to provide discovery, Rule 37(b)(2)(A) authorizes the court to "issue further just orders." The "orders" are "sanction[s]."[8] The sanctions may be the following:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

FED. R. CIV. P. 37(b)(2)(A). Rule 37(b) sanctions "serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)."[9] The sanction imposed should be the least severe sanction adequate to achieve those functions under the particular circumstances.[10]

Rule 37(b)(2) thus "empowers the courts to impose sanctions for failures to obey discovery orders. In addition to a broad range of sanctions, including contempt, [Rule 37(b)(2)] authorizes the court to impose a concurrent sanction of reasonable expenses, including attorney's fees, caused by the failure to obey a discovery order."[11] And the court has "broad discretion under Rule 37(b)

---

of the discovery required are a sufficient basis for Rule 37(b)(2) sanctions." (internal quotations and citations omitted)).

[8] *See Compaq Comput. Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) (second quote) (quoting *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 707 (1982)).

[9] *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986).

[10] *Keplar v. Google, LLC*, 346 F.R.D. 41, 54 (N.D. Tex. 2024) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488-90 (5th Cir. 2012)).

[11] *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012) (citation omitted). Rule 37(b)(2)(C) requires that, "[i]nstead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both pay the reasonable expenses, including attorney's fees, cause by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." "A party's discovery conduct is found to be 'substantially justified' under Rule 37 if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Keplar*, 346 F.R.D. at 53 (quoting

5

to fashion remedies suited to the misconduct."[12] But that discretion is "limited"; "[u]sually, . . . a finding of bad faith or willful misconduct [is required] to support the severest remedies under Rule 37(b)—striking pleadings or dismissal of a case."[13]  "Lesser sanctions do not require a finding of willfulness,"[14] such as those imposed under Rule 37(b)(2)(C).[15]  "For a lesser sanction" to be imposed, the court must determine the sanction is "just" and "related to the particular 'claim' which was at issue in the order to provide discovery."[16]

While Rule 37(b)(2)(A)(iii) authorizes the Court to strike, in whole or in part, "pleadings," a discovery response is not a pleading.  Rather, Rule 7(a) defines pleadings as "[o]nly" a complaint or third-party complaint; an answer to a complaint, designated counterclaim, crossclaim, or third-party complaint; or a reply to an answer if ordered by the Court.  Thus, Plaintiff's request that this Court sanction Defendants by striking their discovery responses is improper.[17]  And while the Court has the inherent authority to sanction conduct that constitutes a violation of its orders,[18] the Court may generally turn to that power only if "there is no statute or rule that adequately addresses the conduct."[19]  Given that Rule 37 is specifically designed to address the alleged misconduct (i.e..,

---

*S.E.C. v. Kiselak Cap. Grp. LLC*, No. 09-256, 2012 WL 369450, at *5 (N.D. Tex. Feb. 3, 2012) (quoting *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)))).
[12] *Smith* 685 F.2d at 488 (quoting *Pressey v. Patterson*, 898 F.2d 1018, 1021 (5th Cir. 1990)).
[13] *Id.* (first quote and brackets added) (quoting *Pressey*, 898 F.3d at 1021).
[14] *Id.* at 488-89 (citing *Chilcutt v. United States*, 4 F.3d 1313, 1323 n.23 (5th Cir. 1993)).
[15] *See id.* at 489 (noting district court imposed "one of the least severe sanctions under its authority[, attorneys' fees and expenses,] after finding "no willful misconduct" (citing *Chilcutt*, 4 F.3d at 1320 n.17)).
[16] *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019) (per curiam) (quoting *Compaq Comput. Corp.*, 387 F.3d at 413 (quoting *Ins. Corp. of Ir.*, 456 U.S. at 707)).
[17] *Cf. Caliber Home Loans, Inc. v. Cove*, 346 F.R.D. 65, 70 (N.D. Tex. 2024) (finding discovery responses and answers not subject to a Rule 12(f) motion to strike because they are not listed pleadings under Rule 7(a)).
[18] *Positive Software Sols., Inc. v. New Century Mortg. Corp.*, 619 F.3d 458 (5th Cir. 2010) (quoting *NASCO, Inc. v. Calcasieu Television & Radio, Inc.*, 894 F.2d 696, 703 (5th Cir. 1990); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).
[19] *Keplar*, 346 F.R.D. at 55 (quoting *Coastal Bridge Co., L.L.C. v. Heatec, Inc.*, 833 F. App'x 565, 573 (5th Cir. 2020); and citing *Chambers*, 501 U.S. at 50 ("Furthermore, when there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power."); *accord. Sarco Creek Ranch v. Greeson*, 167 F. Supp. 3d 835, 845 (S.D. Tex. Mar. 4, 2016) (Costa, J.) ("The Court also has inherent power to impose sanction when other rules do not provide an *adequate* remedy." (emphasis added) (citing *Chambers*, 501 U.S. at 50)).

failure to produce court-ordered discovery),[20] exercise of the Court's inherent authority to strike the discovery response is inappropriate.

### B. Alleged Violations and Appropriate Sanction

1. RFP Nos. 5, 6, 9, 19, and 23 to JOpen

Plaintiff asserts JOpen's supplemental response to RFP No. 23 violates the Court's December 3, 2025, Order on rolling production.[21] That discovery request sought production of "all documents relied on in support of any affirmative defense [JOpen] assert[s] in this matter."[22] After raising objections and referring to documents already produced, JOpen responded it "will supplement" production as "discovery and investigation progresses."[23] Plaintiff also asserts that JOpen's failure to provide supplemental responses to RFP Nos. 5, 6, 9, and 19 after she narrowed their scope violates that Order as well.[24] JOpen does not address this issue.

As the Court explained during the hearing, Rule 34(b)(2)(A) and (B) obligates a respondent "to produce [requested] documents within 30 days or specify a reasonable date" by which production will occur; "rolling production" of the documents is not authorized.[25] For the requests for production in dispute, the Court ordered Defendants to amend and supplement their responses to provide a reasonable time by which production will occur.[26]

The Court finds JOpen's supplemental response to RFP No. 23 does not violate the Court's Order on rolling production because that Order did not pertain to that request. The Court heard argument on disputes regarding specific discovery requests as identified in Plaintiff's motion and

---

[20] *See Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970) ("[Rule 37(b)] is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions.").
[21] ECF No. 201-1 at 7.
[22] ECF No. 201-4 at 15.
[23] *Id.*
[24] ECF No. 201-1 at 8-9.
[25] ECF 201-2 at 6-7 (5:17-6:5).
[26] *Id.* at 7, 22 (6:3-8, 21:10-21).

issued orders as to those disputes. RFP No. 23 was not among the requests for production at issue,[27] and that request was not discussed.[28] As such, no order pertains to RFP No. 23, rendering the request for sanctions improper.[29] Lastly, considering JOpen has not yet filed an Answer, RFP No. 23 appears premature.[30] Of course, once an Answer is filed, Rule 26(f)'s duty to supplement would be triggered.

Plaintiff listed RFP Nos. 5, 6, 9, and 19 in her motion to compel, described the alleged impropriety of JOpen's initial responses, and requested relief.[31] The discovery requests sought production of "all communications" JOpen had with other persons regarding OPMS kratom and NPI-001.[32] At the hearing, the Court addressed these requests, noting they are "broad" and should be "narrow[ed]" to certain topics about which Plaintiff seeks discovery and for which JOpen can

---

[27] *See* ECF No. 171-1 at 18-21. A proper Rule 37(a) motion requires the moving party to specifically identify each discovery request in dispute and the nature and basis of each dispute, ask the court for specific relief as to each request, and include a concise discussion of the facts and authority that support the motion as to each discovery request in dispute. *Holmes v. Reddoch*, No. 19-12749, 2020 WL 5749157, at *4 (E.D. La. Sept. 25, 2020) (quoting *Samsung Elecs. Am. Inc. v. Yang Kun "Michael" Chung*, 325 F.R.D. 578, 594 (N.D. Tex. 2017); and citing *McGinley v. Luv N' Care, Ltd.*, No. 17-0821, 2018 WL 9814589, at *7 (W.D. La. Sept. 10, 2018)).

[28] The only mention of RFP No. 23 is Plaintiff's reference to it in a discussion concerning Bates range numbers. *See* ECF 201-2 at 15-17 (14:24-15:1, 16:1-8).

[29] *See* 8B WRIGHT & MILLER, *supra* note 5, § 2282 ("[T]he party seeking discovery must obtain an order under Rule 37(a) requiring the recalcitrant party . . . to make the discovery *sought*; it is only a violation of this order that is punishable under Rule 37(b)." (emphasis added)), *cited with approval in Connelly v. Veterans Admin. Hosp.*, No. 12-2660, 2014 WL 2003093, at *3 (E.D. La. May 15, 2014) (Brown, J.).

[30] *See Waste Mgmt. of La., LLC v. River Birch, Inc.*, No. 11-2405, 2017 WL 2271982, at *4 (E.D. La. May 24, 2017) ("[T]he Committee Comments to [Rule 26] confirm that requiring relevance to a claim or defense 'signals to the court that it has the authority to confine discovery to the claims and defenses asserted in the pleadings, and signals to the parties that they have no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings.'" (quoting *Whitney v. Krystal Co.*, No. 10-773, 2012 WL 777161, at *1 (M.D. Ala. Mar. 7, 2012))); *Samsung Elecs. Am.*, 321 F.R.D. at 280 (citing *United States v. All Assets Held at Bank Julius Baer & Co.*, 202 F. Supp. 3d 1, 7, 8-9 (D.D.C. 2016) ("Claimant cannot lead a fishing expedition to find materials that might possibly become relevant to an as-yet unpleaded specific performance or unclean hands defense. . . . Claimant seeks discovery 'which does not presently appear germane on the theory that it might conceivably become so.'" (citation omitted)); *United States v. $70,990,605*, 305 F.R.D. 20, 26 (D.D.C. 2015) (denying as premature discovery relating to unpleaded constitutional defenses)); *Zamora v. GC Servs., LP*, No. 15-48, 2017 WL 1861843, at *6 (W.D. Tex. Feb. 17, 2017) (noting that, to evaluate the relevancy of discovery sought, the court must look to the claims and defenses asserted in the pleadings and that the defendant has not "filed any answer wherein it asserts" the defense is seeks discovery on).

[31] *See* ECF No. 171-1 at 18-20.

[32] *See* ECF No. 171-3 at 3-4.

do key word searches.[33]  Plaintiff provided search terms in her December 23, 2025, letter to Defendants.[34]

Plaintiff provided her search terms six days after JOpen served its first supplemental responses (December 17, 2025).  But JOpen's January 20, 2026, Second Supplemental Responses to the requests appear to be the same as before.[35]  In other words, JOpen received the search terms and appears to have made no supplementation.[36]  That said, the December 3, 2025, transcript does not reveal any unequivocal order requiring JOpen to make a supplemental production in accordance with Plaintiff's search terms.  While that may have been implicit, absent a specific order, sanctions are improper.  The Court does, however, hereby ORDER JOpen to produce documents based on the search terms provided, with a time limitation of January 1, 2020, to February, 6, 2023, pursuant to Rule 26(e)(1)(B) by February 28, 2026.  Failure to do so may result not only in sanctions under Rule 37(b)(2) but also (c)(1).

2. Defendants' Responses Raising Privilege

Plaintiff asserts Defendants' supplemental responses to certain requests for production do not disclaim assertion of privilege.  Plaintiff raised Defendants' initial responses to the requests in her respective motions to compel against Defendants.[37]  Defendants do not contest whether they violated an Order; instead, they assert the issue is moot because they have addressed the issue with their January 20, 2026, Second Supplemental Responses.

On invocation of privilege, the Court explained:

> [T]o the extent there's been any invocations of privilege without an accompanying privilege log, that's a problem. I'll give [Defendants] an additional 14 days . . . to provide a privilege log to identify any document withheld based on privilege.

---

[33] *See* ECF No. 201-2 at 11-12 (10:17-11:17).
[34] ECF No. 201-7 at 3.
[35] *Compare* ECF No. 201-4 at 5-7, 11-12, *with* ECF No. 210-1 at 5-7, 11-12.
[36] *See* FED. R. CIV. P. 26(e)(1)(A).
[37] *See* ECF No. 171-1 at 18-21; No. 173-1 at 19-21.

> If [Defendants] responses are not clear as to whether or not [they have] withheld any documents based on privilege . . . [they will] need to amend to indicate there were no documents withheld based on privilege.[38]

Defendants did not serve amended responses by December 17, 2025, as directed. Although they did so after Plaintiff filed this motion, their belated compliance does not prohibit the imposition of sanctions.[39] An award of attorneys' fees and expenses is appropriate.[40] Defendants have made no attempt at showing an award of fees would be unjust or that their failure is substantially justified.[41] Accordingly, the Court will award Plaintiff $250 for Defendants' failure to timely serve amended responses, as ordered, pursuant to Rule 37(b)(2)(C).

3. JOpen's Responses to Interrogatory Nos. 3 and 4

The parties dispute whether JOpen's supplemental responses to Interrogatory Nos. 3 and 4 violates the Court's December 3, 2025, Order. Those interrogatories read:

> 3. Please identify all documents, discussions, meetings, e-mails, text messages, phone calls, video calls, and drafts related to decision(s) to change the disclaimer language on the OPMSkratom.com website in or around June 2022, including the addition of: "Some publications have suggested kratom may be associated with serious potential side effects including seizures, liver damage, withdrawal, addiction, abuse, and death."
>
> 4. Please identify all publications and documents that you considered in your decision to include the following statement on the OPMS Disclaimer Page in or around June 2022: "Some publications have suggested kratom may be associated with serious potential side effects including seizures, liver damage, withdrawal, addiction, abuse, and death."[42]

---

[38] ECF No. 201-2 at 6 (6:10-19).
[39] *See N. Am. Marine, Inc. v. M/V Theotokos*, No. 08-4778, 2010 WL 2675692, at *1 (E.D. La. June 29, 2010) (finding Rule 37(b)(2)(C) sanctions appropriate because defendant did not produce court-ordered discovery until after plaintiff filed its motion for sanctions).
[40] *Id.*
[41] "The burden rests on the party who failed to comply with the order to show that an award of attorney's fees would be unjust or that the opposing party's position was substantially justified." *Keplar*, 346 F.R.D. at 53 (quoting *Kiselak Cap.*, 2012 WL 369450, at *3).
[42] ECF No. 171-2 at 3-4.

After asserting objections, including attorney-client privilege, JOpen responded to both that "it consulted and relied on the advice of counsel regarding the disclaimer language."[43]

At the hearing, the Court explained:

> Interrogatories 3 and 4 seem to ask for . . . warnings and discussions about changing warnings of the packages. Clearly, in this products case, the warnings that were related to the product are pretty critical information. And so as I understand, there was an answer that entailed a reliance on advice of counsel, but then it appears that there was an invocation of privilege. . . .
>
> Because if you've invoked reliance on the advice of counsel, then you're waiving your [attorney-client] privilege based on that reliance. At least that's my understanding of Louisiana law and privilege.
>
> . . . .
>
> So, again, I don't know whether that privilege was invoked on those or not, but if it was, that needs to be reevaluated under the law because I think by relying on advice of counsel, you've waived the privilege . . . .[44]

And the Court later told Plaintiff:

> Look, if [Defendants have] invoked advice of counsel, then I would send a request that says give me all of the documents and communications that you relied on from your counsel in doing this because – and that I am compelling, because if they've invoked and relied on advice of counsel, they've waived privilege.[45]

JOpen's supplemental responses to Interrogatory Nos. 3 and 4 state:

> At the hearing on December 3, 2025, the Court requested that Defendant consider whether reliance on advice of counsel waived privilege. After a review of the relevant case law, the privilege is not waived here, as any documents responsive to this request do not "support an element of a legal claim or defense." *In re Itron, Inc.*, 883 F.3d 553, 558 (5th Cir. 2018). Namely, "[t]his is not a case in which a party has asserted a claim or defense that explicitly relies on the existence or absence of the very communications for which he claims a privilege." *In re Burlington Northern, Inc.*, 822 F.2d 518, 533 (5th Cir. 1987). Any disclaimer language on the OPMSkratom.com website is either sufficient or insufficient as a matter of law. Defendant does not argue that the disclaimer is sufficient because counsel advised to add such disclaimer. Rather, Defendant states that the "decision(s) to change the disclaimer language on the OPMSkratom.com website" was made on advice of counsel, and thus any documents related to such decision are privileged. This does not relate to an

---

[43] ECF No. 171-4 at 9-10.
[44] *See* ECF No. 201-2 at 10-11 (9:4-10:2).
[45] *Id.* at 29 (28:1-7).

11

element of any claim or defense here, and thus the privilege is not waived under Louisiana law.[46]

Because the Court's discussion of Interrogatory Nos. 3 and 4 was a general discussion rather than an unequivocal ruling requiring JOpen to identify the items requested, there can be no violation of any Order.

C. **Waiver of the Attorney-Client Privilege**

Although the Federal Rules of Civil Procedure govern litigation in federal courts, under Rule 501 of the Federal Rules of Evidence, state law governs privilege issues in a civil case for which state law supplies the rule of decision. FED. R. EVID. 501. Accordingly, claims of attorney-client privilege are governed by state law when the court sits in diversity.[47] Thus, whether JOpen has waived attorney-client privilege is governed by Louisiana law in this case.[48]

Article 506(B) of the Louisiana Civil Code of Evidence provides that a client has the privilege to refuse to disclose, and to prevent another person from disclosing, a confidential communication, whether oral, written, or otherwise, made for the purpose of facilitating the rendition of professional legal services to the client. A "confidential communication" is not intended to be disclosed to anyone other than "[t]hose whom disclosure is made in furtherance of obtaining or rendering professional legal services for the client." LA. CODE EVID. art. 506(A)(5)(a).

As recognized by the Louisiana Supreme Court in *Smith v. Kavanaugh, Pierson & Talley*, a party waives Louisiana's attorney-client privilege when he "pleads a claim or defense in such a way that he will be forced inevitably to draw upon a privilege communication at trial in order to

---

[46] ECF No. 201-3 at 9-12.
[47] *Martin v. Lafon Nursing Facility of the Holy Family, Inc.*, 244 F.R.D. 352, 354 (E.D. La. 2007) (Africk, J.) (citing *Miller v. Transamerican Press*, 621 F.2d 721, 724 (5th Cir. 1980)); *Exxon Corp. v. St. Paul Fire & Marine Ins.*, 903 F. Supp. 1007, 1009 (E.D. La. 1995) (citing *United States v. Moore*, 970 F.2d 48, 49-50 (5th Cir. 1992)).
[48] *See* ECF No. 100 ¶ 28 (invoking diversity jurisdiction).

prevail. Consequently, he places at issue and waives his privilege as to communications on the same subject under his control."[49] This is known as the "placing at issue" waiver.[50] This waiver does not depend on the relevance of the privileged communications or on the adversary's need, no matter how strong, for the privileged communications.[51] Rather, this waiver only occurs when the party allegedly waiving the privilege "committed himself to a course of action that will require the disclosure of a privilege communication."[52] This principle is rooted in fairness—"when the [privilege] holder places the information at issue to his own benefit, allowing 'the privilege to protect against disclosure of such information would be manifestly unfair to the opposing party.'"[53]

A placing at issue waiver "must be found on an affirmative act by the privilege-holder that creates some detriment to the truth-seeking process in addition to that already in taken into account in the creation of the privilege itself."[54] That act is the privilege-holder's "affirmative *pleading* of a claim or defense that inevitably requires the introduction of privileged communications."[55] "A litigant's pleading of a claim or defense to which his attorney-client communications are relevant does not by such pleading alone waive his attorney client privilege."[56]

In a diversity case, substantive state law determines what constitutes an affirmative

---

[49] 513 So. 2d 1138, 1145 (La. 1987), *quoted in Dixie Mill Supply Co. v. Cont'l Cas. Co.*, 168 F.R.D. 554, 556 (E.D. La. 1996).
[50] *Gibbens v. Quality Rental Tools, Inc.*, No. 13-6401, 2014 WL 5432113, at *5 (E.D. La. Oct. 24, 2014).
[51] *Id.* (citing *Stumpf v. Stumpf,* 613 So. 2d 683, 685 (La. Ct. App. 5 Cir. 1993) (citing *Smith*, 513 So. 2d at 1146)).
[52] *Barrack v. Pailet, Meunier & Leblanc, L.L.P.*, No. 12-2716, 2014 WL 272124, at *6 (E.D. La. Jan. 23, 2014) (emphasis omitted) (quoting *Stumpf*, 613 So. 2d at 685 (quoting *Smith*, 513 So. 2d at 1146)).
[53] *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC,* No. 11-633, 2014 WL 29451, at *6 (M.D. La. Jan. 3, 2014) (quoting *Conkling v. Turner*, 883 F.2d 431, 434 (5th Cir. 1989)).
[54] *Smith*, 513 So. 2d at 1143.
[55] *LA CNI, LLC v. Landmark Am. Ins. Co.*, No. 06-112, 2006 WL 8435025, at *4 n.7 (M.D. La. Aug. 17, 2006) (emphasis added) (citing *Smith*, 513 So. 2d at 1143-44); *accord. Smith*, 513 So. 2d at 1141 ("A pleading must inevitably require the introduction of a privileged communication at trial to constitute a waiver."); *Moss v. State*, 925 So. 2d 1185, 1193 (La. 2006) (describing placing at issue waiver as "an affirmative pleading of a claim or defense that inevitably requires the introduction of privileged communications" and then finding such waiver did not occur because there was "no attempt on the part of the privilege-holder to interject as an issue the content of any privileged communication, either by way of claim or defense" (citing *Smith*, 513 So. 2d at 1143-44)).
[56] *Dixie Mill*, 168 F.R.D. at 556 (quoting *Smith*, 513 So. 2d at 1141).


defense.[57]  Article 1005 of the Louisiana Civil Code of Civil Procedure sets out a list of affirmative defenses, but "[i]t is well-settled in Louisiana law" that the list is illustrative, not exclusive."[58] Invoking advice of counsel as an affirmative defense then is an affirmative act that inevitably requires introduction of privileged communications to prevail and thereby puts them at issue and waives attorney-client privilege to them.[59]

As Plaintiff notes, JOpen has not yet raised any defenses in a pleading because it has not filed an answer in this case.[60]  Instead, JOpen and the other defendants opted to file a motion Rule 12(b)(2) motion, which is currently pending.[61]  As JOpen is not yet required to file an answer,[62] it cannot be said to have waived any attorney-client privilege by placing any communication at issue. To do so, JOpen would be required to plead an affirmative defense that inevitably requires the introduction of the attorney-client communication at trial to prevail.

IV.     **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Plaintiff Kathleen Moller's Motion to Enforce Court Order (ECF No. 201) is GRANTED IN PART AND DENIED IN PART as stated herein.

---

[57] *LSREF2 Baron, L.L.C. v. Tauch*, 751 F.3d 394, 398 (5th Cir. 2014).
[58] *Id.* (first citing LA. CIV. CODE PROC. 1005; *Trinity Carton Co. v. Falstaff Brewing Corp.*, 767 F.2d 184, 193 n.15 (5th Cir. 1985); and then quoting *Bienvenu v. Allstate Ins. Co.*, 819 So. 2d 1077, 1079 (La. App. 4 Cir. 2002)).
[59] *McNeely v. Bd. of River Port Pilot Comm'rs for Port of New Orleans*, 534 So. 2d 1255, 1255-56 (La. 1988) (per curiam) (holding placing at issue waiver applied to permit deposition of a party's former counsel when that party invoked advice of counsel as a basis for its affirmative defense in its pleading, thereby placing privileged communication at issue), *cited with approval in Fucich Contracting, Inc. v. Shread-Kuyrkendall & Assocs., Inc.*, No. 18-2885, 2021 WL 1904859, at *4 (E.D. La. May 12, 2021) (Ashe, J.); *see also Dixie Mill*, 168 F.R.D. at 557 n.5 ("[At-issue] waiver clearly applies when a party asserts as a defense or element of its claims that it relied on the advice of counsel." (citing *McNeely*, 534 So. 2d at 1255-56)).
[60] ECF No. 212 at 3.
[61] ECF No. 122.
[62] The time for serving an answer is tolled while the Rule 12(b)(2) motion is pending.  *See* FED. R. CIV. P. 12(a)(4)(A).

IT IS FURTHER ORDERED that Defendant JOpen, LLC serves supplemental production responding to RFP Nos. 5, 6, 9, and 19 in accordance with the December 23, 2025, search terms to Plaintiff by February 28, 2026, pursuant to Rule 26(e)(1)(B).

IT IS FURTHER ORDERED that Defendants JOpen, LLC and Martian Sales pay Plaintiff $250.00 for failure to timely serve amended responses as ordered on December 3, 2025, pursuant to Rule 37(b)(2)(C).

New Orleans, Louisiana, this  19th  day of February, 2026.

*Donna Phillips Currault*
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE