UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN MOLLER | * | CIVIL ACTION |
| VERSUS | * | NO. 24-228 |
| MARTIAN SALES, INC., ET AL. | * | SECTION "D" (2) |

## ORDER AND REASONS

Pending before me is Plaintiff Kathleen Moller's Motion to Consider Whether Another Party's Material Should be Sealed pursuant to Local Rule 5.6(D)(2)(a), which requests that certain exhibits designated as confidential by Defendants LP Ind., LLC, CAG Holdings, LLC, RMH Holdings, Inc., Martial Sales, Inc., Johnson Foods, LLC, JOpen, LLC, Nuza, LLC, Calibre Manufacturing, LLC, FMK Group, Inc., PNW Holdings, LLC, CC US Holdings, LLC, Peyton Palaio, Mark Jennings, David Gabbay, and Mark Reilly (collectively, "Defendants") be sealed. ECF No. 223. Plaintiff filed this motion on February, 6, 2026. No party timely filed a response, as required by Local Rule 5.6. On February 23, 2026, Court issued a Notice indicating the absence of any timely filing setting forth the requisite information to justify sealing but allowed an additional day for same. ECF No. 230. On February 24, 2026, Defendants then filed a Memorandum in Support of Plaintiff's motion. ECF No. 231.

Having considered the record, the submissions and argument of counsel, and the applicable law, the Motion is **DENIED WITHOUT PREJUDICE** for the reasons stated herein.

**I.    APPLICABLE LAW AND ANALYSIS**

There is a presumption in favor of access to judicial records,[1] and the standard for placing a document under seal is different from that governing whether unfiled discovery should be kept

---

[1] *8fig, Inc. v. Stepup Funny, L.L.C.*, 135 F.4th 285, 293 (5th Cir. 2025).

confidential.[2] Because the sealing of judicial records is the exception rather than the norm, the court must be "ungenerous" with its discretion to seal judicial records.[3] Before sealing a document, the court must assess governing case law and determine that sealing is necessary. "To decide whether something should be sealed, the court must undertake a document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure."[4] Sealings "must be explained at 'a level of detail that will allow for [appellate] review.' And a court abuses its discretion if it 'ma[kes] no mention of the presumption in favor of the public's access to judicial records' and fails to 'articulate any reasons that would support sealing.'"[5]

While there is a presumption of public access to judicial records, courts have recognized that this access is not absolute.[6] In certain cases, litigants may have good reasons to file documents under seal.[7] For instance, courts have found compelling interests in secrecy when a case involves a minor, protected banking or financial information, trade secrets, and national security matters.[8] Courts also recognize the strong interest in keeping personal financial records from public view, particularly when the information is that of a non-party individual.[9]

---

[2] *See Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 420 (5th Cir. 2021); Local Rule 5.6.
[3] *Binh Hoa Le,* 990 F.3d at 418 (citations omitted); see *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519-21 (5th Cir. 2022).
[4] *June Med. Servs.*, 22 F.4th at 521 (cleaned up).
[5] *Binh Hoa Le*, 990 F.3d at 419 (citations omitted); *accord. United States v. Ahsani*, 76 F.4th 441, 452 (5th Cir. 2023) (citations omitted).
[6] *See, e.g., S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597-98 (1978)); *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015) (recognizing that a court may seal documents that contain confidential business information (citations omitted)); *Ruby Slipper Cafe, LLC v. Belou*, No. 18-1548, 2020 WL 4897905, at *9 (E.D. La. Jan. 8, 2020) (noting that courts have recognized "parties' strong interest in keeping their detailed financial information sealed" because the public has a "relatively minimal interest in [that] particular information" (citations omitted)); *Westside-Marrero Jeep Eagle, Inc. v. Chrysler Corp.*, No. 97-3012, 1998 WL 186728, at *1 (E.D. La. Apr. 17, 1998) (maintaining exhibit under seal because the document contained sensitive and proprietary financial information about individual dealerships that, if unsealed, could cause commercial and competitive harm to such dealers).
[7] *Binh Hoa Le*, 990 F.3d at 419.
[8] *Doe v. Crawford*, 702 F. Supp. 3d 509, 513 (S.D. Miss. 2023) (citations omitted).
[9] *St. Charles-Guillot Inv., LLC v. One Source Roofing, Inc.*, No. 23-30, 2024 WL 5440833, at *2 (E.D. La. Oct. 21, 2024) (Long, J.) (citations omitted).

The party seeking to overcome the presumption of public access bears the burden to show that its privacy interests outweigh the presumption, and the court should construe any doubt in favor of disclosure.[10] The party seeking to seal a document "must explain in particularity the necessity for sealing[.]"[11] This requires the movant to not only point to specific confidential information contained in the document, but also show the specific harm that would be suffered if the public were granted access to this document.[12]

Defendants have failed to overcome the presumption of public access. In their memorandum, Defendants assert that Exhibit 5 to Plaintiff's Opposition memorandum should be sealed because it is a "confidential contract . . . [that] affects" JOpen and a non-party's legal rights and commercial processes and disclosure of same "would create a meaningful risk of commercial and competitive harm." ECF No. 231 at 3; *see* ECF No. 221-5 (Exhibit 5). However, Defendants have not "'identif[ied] any particular confidential information' within the four corners of [Exhibit 5] 'that may cause [JOpen] harm.'"[13] "[B]ald assertion[s]" of harm are insufficient.[14]

Defendants' reliance on *Academy of Allergy & Asthma in Primary Care v. Louisiana Health Service & Indemnity Co.*[15] is misplaced. ECF No. 231. In that case, the Court granted in part and denied in part a motion to seal, sealing exhibits that "primarily contain[ed] trade secrets and

---

[10] *Weiss v. Allstate Ins. Co.*, No. 06-3774, 2007 WL 2377119, at *4 (E.D. La. Aug. 16, 2007) (Vance, J.) (citing *Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993); *Marcus v. St. Tammany Par.Sch. Bd.*, No. 95-3140, 1997 WL 313418, at *5 (E.D. La. June 9, 1997)).
[11] *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 211 (5th Cir. 2019) (internal quotations and citation omitted).
[12] *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. 14-2264, 2015 WL 13534251, at *4 (E.D. La. Aug. 12, 2015) (Barbier, J.) (citing *N. Cypress*, 781 F.3d at 204; *Weiss*, 2007 WL 2377119, at *4).
[13] *Shargian v. Shargian*, No. 21-2282, 2024 WL 493443, at *2 (E.D. La. Feb. 8, 2024) (Long, J.) (quoting *N. Cypress*, 781 F.3d at 204; and citing *Cox Operating, LLC v. Atina M/V*, No. 20-2845, 2023 WL 3092797, at *1-2 (E.D. La. Apr. 26, 2023) (Milazzo, J.) (denying motion to seal "sensitive commercial information" because the movants failed to "identify any particular confidential information" that would harm them (quotation omitted))).
[14] *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019) (holding "bald assertions of competitive harm . . . insufficient" for sealing and noting appellant "was repeatedly unable to articulate a specific harm that would be caused by the disclosure of the documents").
[15] No. 18-399, 2023 WL 3862033 (E.D. La. June 7, 2023).

confidential information," and allowed certain "redactions to shield from public view only the confidential business information and detailed financial records contained within each exhibit."[16] Unlike the movant in that case, however, Defendants have not specifically identified any confidential business information within the four corners of Exhibit 5 that would harm them.[17]

Similarly, Defendants' assertion that Exhibit 6 should be sealed because it is a confidential transcript of the deposition of Dr. Marilyn Huestis in which the doctor discusses an unpublished clinical study fails to satisfy the standards for sealing documents from public view. *See* ECF No. 231 at 3; ECF No. 221-6 (Exhibit 6). While Defendants assert the disclosure of the information "would materially jeopardize Johnson Foods' commercial and legal interests" in the study, they also note that "certain aspects of the study" are "publicly-available information." ECF No. 231 at 3. Defendants do not, however, specify what portions are publicly available and what portions are not. Of course, "[p]ublicly available information cannot be sealed."[18]

Moreover, a review of the highlighted portions of the transcript reflect the general discussion of a study without any apparent mention of inherently confidential information. And Defendants have failed to explain how any of the highlighted portions can be classified as inherently confidential. Rather, Defendants rely on bald assertions of commercial or legal harm, which are insufficient. Having failed to provide sufficient information as to confidentiality or economic harm versus publicly available information, the Court cannot determine which lines, if any, should be sealed.

## II. CONCLUSION

Accordingly, for the foregoing reasons,

---

[16] *Id.* at *1-3.
[17] *Shargian*, 2024 WL 493443, at *3.
[18] *June Med. Servs.*, 22 F.4th at 520.

**IT IS ORDERED** that Plaintiff Kathleen Moller's Motion to Consider Whether Another Party's Material Should be Sealed (ECF No. 223) is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall delay entry of Exhibits 5 and 6 (ECF Nos. 221-5, 221-6, 223-4, 223-5) to be filed into the public record for seven days during which time an appropriate motion to remove the documents in accordance with Local Rule 5.6(G) may be filed.

New Orleans, Louisiana, this 25th day of February, 2026.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE