UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN MOLLER | * | CIVIL ACTION |
| VERSUS | * | NO. 24-228 |
| MARTIAN SALES, INC., ET AL. | * | SECTION "D" (2) |

## ORDER AND REASONS

Pending before me on an expedited basis is Defendant JOpen, LLC's Motion to Preclude, Motion to Re-depose and Motion to Compel. ECF Nos. 217, 220. Plaintiff timely filed Opposition memorandum, and Defendant timely filed a Reply. ECF Nos. 221, 224. The Court finds oral argument unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendant JOpen, LLC's expedited Motion to Preclude is **DENIED WITHOUT PREJUDICE**, Motion to Re-depose is **GRANTED**, and Motion to Compel is **GRANTED IN PART AND DENIED IN PART** and for the reasons stated herein.

## I.    BACKGROUND

Plaintiff Kathleen Moller filed suit against, among others, JOpen, LLC after the death of her 36-year-old daughter, whom she contends died as a result of ingesting Defendants' kratom products. ECF No. 100 ¶¶ 30-33. Plaintiff asserts state law wrongful death and products liability claims. *Id.* ¶¶ 58-64. Chief Judge Vitter initially authorized jurisdictional discovery and continued all other deadlines, but later entered a Scheduling Order setting this matter for trial on April 13, 2026, and establishing a November 18, 2025, expert disclosures deadline and a January 20, 2026, fact discovery deadline, and subsequently extended the expert discovery deadline to February 20, 2026, and the motion submission date to March 17, 2026. ECF Nos. 54, 158, 195.

Dr. Josef Thundiyil is Plaintiff's designated expert toxicologist that will be called to testify at trial. ECF No. 196. On the November 18, 2025, expert disclosure deadline, Plaintiff provided Dr. Thundiyil's expert report with his attached Curriculum Vitae ("CV") dated April 14, 2025. ECF No. 217-1 at 4-5; No. 217-7. Dr. Thundiyil has opined that Plaintiff's daughter died as a result of ingesting kratom products distributed by the defendants. ECF No. 217-1 at 2.

On January 16, 2026, JOpen deposed Dr. Thundiyil. ECF No. 221-1 at 2. JOpen's counsel asked the doctor whether he had ever performed any studies related to kratom, and he described an unpublished study from 2020 to 2024 looking at reported deaths in Florida from kratom as compared to a control group of patients that died in Orange County, Florida, who had kratom or mitragynine on board, but whose causes of death were not attributed to those substances. *Id.* at 3 (17:15-20), 5-6 (19:21-20:8), 14 (50:10-18). Although currently under peer review, Dr. Thundiyil indicated the study was presented as a poster and oral presentation in October 2025. *Id.* at 6 (20:2-10). However, these presentations were not disclosed in his April 14, 2025, CV because that CV was not his "most recent" CV. ECF No. 217-6 at 4 (22:12-18). Plaintiff's counsel later provided JOpen's counsel another updated CV of Dr. Thundiyil, dated October 17, 2025. ECF No. 222-1 at 36 (234:12-21); *see* ECF No. 217-8.[1] The October 2025 CV lists four poster presentations regarding mitragynine and kratom and three news segments regarding kratom, none of which was listed in the April 14, 2025, CV. *Compare* ECF No. 217-7 at 10, 18, 25, 31 (Last entries in listings of poster publications and presentations in April 14, 2025 CV), *with* ECF No. 217-8 at 10, 18, 25, 32 (Last entries in listings of poster publications and presentations in October 17, 2025, CV).

On September 4, 2025, the abstract of the study at issue was published. ECF No. 217-4 at 3 (abstract of "Control study of mitragynine induced fatalities vs all causes deaths with

---

[1] While listed as updated on October 17, 2025, Dr. Thundiyil testified that he updated his CV in December 2025. *See* ECF No. 221-1 at 11 (47:17-48:2), 36 (234:15-235:1); *see also* ECF No. 221-2.

mitragynine found on autopsy" (the "Study")).  On January 21, 2026, Plaintiff produced the relevant posters listed in Dr. Thundiyil's October 2025 CV.  ECF No. 217-5 at 2.  The posters are entitled "Case Control study of mitragynine induced fatalities vs all causes deaths with mitragynine found on autopsy" ("Poster 1") and "Risk factors associated with kratom deaths in a single state" ("Poster 2").  ECF Nos. 217-2, 217-3.  On January 23, 2026, JOpen requested Plaintiff produce certain documents relating to the posters, but Plaintiff did not produce same.  ECF No. 217-1 at 12; No. 217-9 at 2, 4.

## II.  PENDING MOTIONS

On February, 3, 2026, JOpen filed its Motion to Preclude, requesting the Court preclude Plaintiff from using information related to the Study in any motion, trial or a hearing, pursuant to Rule 37(c)(1).  ECF No. 217-1 at 1.  Alternatively, JOpen requests the Court allow it an additional 2 hours to depose Dr. Thundiyil at Plaintiff's expense and award sanctions pursuant to Rule 30(d)(2).  *Id.*[2]  JOpen also requests the Court to compel Plaintiff to produce certain documents related to the posters, which the Court construes as a Motion to Compel pursuant to Rule 37(a)(3)(A).  *Id.* at 1-2, 8.  JOpen asserts the omissions of the four poster presentations and three news segments from the April 2025 CV constitute failure to provide required expert disclosure per Rule 26(a)(2)(B)(iv).  *Id.* at 8-9.  It then contends Plaintiff's failure is neither substantially justified nor harmless, and thus, Rule 37(c)(1) sanctions are appropriate.  *Id.* at 10-12.

In Opposition, Plaintiff notes Dr. Thundiyil updated his CV after the November 18, 2025, expert disclosure deadline and that, during the doctor's deposition, JOpen's counsel asked various

---

[2] The Court construes the motion as a request to re-depose the expert pursuant to Rules 30(a)(2)(A)(ii) and 30(d)(1). This is consistent with Fifth Circuit precedent directing courts to "determine the true nature of a pleading by its substance, not its label." *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) (citing *Edwards v. City of Hou.*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label.'" (quoting *Bros. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 606 (5th Cir. 1963))) (finding court properly treated motion for leave to amend his complaint in intervention as motion for leave to intervene).

3

questions relating the news segments and poster presentations. *See* ECF No. 221 at 2-4. Plaintiff asserts the disclosure of the October 2025 CV during the deposition was timely, and that disclosure, along with the provision of the abstracts, is substantially justified and not prejudicial to JOpen. *Id.* at 7-12. Plaintiff asserts there is no good cause to redepose Dr. Thundiyil because JOpen's counsel questioned him extensively about the October 2025 CV, the abstracts, and the Study, and the abstracts were publicly available as of September 2025. *Id.* at 12-13. As to the requested documents, Plaintiff asserts the Protective Order's attorneys-eyes-only provision is insufficient to protect the documents' sensitive data because JOpen's counsel has an alleged interest to use the documents for purposes other than this litigation due to a potential business relationship with JOpen. *Id.* at 14-15; *see* ECF No. 62. Plaintiff next asserts JOpen seeks sensitive personal health and identifying information that is protected by the Health Insurance Portability and Accountability Act ("HIPAA") and Louisiana law, privileged, and not relevant or proportional to the needs of the case. ECF No. 221 at 15-17.[3]

In Reply, JOpen asserts Plaintiff's contention that her expert disclosure is timely would eliminate the purpose of the disclosures, and any disclosure could be avoided by using the date the expert added the publication to his CV rather the date of the publication. ECF No. 224 at 2. It reiterates that it will be prejudiced if the Court does not preclude Plaintiff from using information

---

[3] Plaintiff's Opposition Memorandum also requests production and preclusion, but Plaintiff has not filed any motion requesting same. *See* ECF No. 221 at 6, 17. "A request for a court order must be made by motion. The motion must: (A) be in writing unless made during a hearing or trial; (B) state with particularity the grounds for seeking the order; and (C) state the relief sought." FED. R. CIV. P. 7(b)(1). "It is axiomatic that a memorandum in opposition does *not* equate to a motion," thus the Court declines to further consider Plaintiff's requests. *Ruiz v. Weeks Marine, Inc.*, No. 23-5428, 2025 WL 3088900, at *9 (E.D. La. Oct. 23, 2025) (Guidry, J.) (emphasis in original) (quoting *Lazard v. E. Baton Rouge Par. Sch. Bd.*, No. 12-552, 2013 WL 3772286 (M.D. La. July 16, 2013) (denying party's request to amend complaint in her memorandum in opposition); *Cotton Exch. Inv. v. Xcel Air Conditioning*, No. 16-17543, 2019 WL 3006401 (E.D. La. July 10, 2019) (denying consideration of request to reconsider prior ruling improperly raised in opposition); *In re Taxotere (Docetaxel) Prod. Liab. Litig.*, No. 20-3087, 2022 WL 17980209 (E.D. La. Dec. 27, 2022) (declining to "consider the argument raised in Plaintiff's memorandum in opposition seeking relief")).

relating to the Study because its conclusions form the basis of Dr. Thundiyil's expert opinion on mitragynine-related causes of death. *Id.* at 3-5.

## III. APPLICABLE LAW AND ANALYSIS

### A. Motion to Preclude

Rule 37(c) of the Federal Rules of Civil Procedure authorizes the preclusion of evidence (or other sanctions) when a party has failed to provide information as required by Rule 26(a) or (e). FED. R. CIV. P. 37(c)(1). Rule 37(c)(1) motions are akin to motions in limine[4] as same seek to secure a pretrial ruling that certain evidence is inadmissible.[5] Given the request that Plaintiff be precluded from using the information related to the Study at trial and the impact of same on the trial process, the prudent approach is to allow Chief Judge Vitter to determine what evidence may or may not be introduced during trial when addressing motions in limine. In light of available less severe alternatives, the undersigned denies JOpen's motion to preclude but does so without prejudice to JOpen raising the issue via a motion in limine before Chief Judge Vitter.

### B. Motion to Compel

Under Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." The party must make the expert disclosure "at the times and in the sequence that the court orders." FED. R. CIV. P. 26(a)(2)(D).

Generally, expert disclosures "must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained . . . to provide expert testimony in the case,"

---

[4] *Compare CQ, Inc. v. TXU Mining Co.*, 565 F.3d 268, 279 (5th Cir. 2009) (describing a Rule 37(c)(1) motion as a "motion in limine") *Edmonds v. Beneficial Miss., Inc.*, 212 F. App'x 334, 338 (5th Cir. 2007) (same), *with King*, 117 F.4th at 306 (treating Rule 37(c)(1) motion as motion to exclude and expressly distinguishing it from motion in limine).
[5] *Randle v. Tregre*, 147 F. Supp. 3d 581, 596 (E.D. La. 2015) (brackets omitted) (quoting *Bond Pharmacy, Inc. v. AnazaoHealth Corp.*, No. 11-58, 2012 WL 3052902, at *2 (S.D. Miss. July 25, 2012) (citing cases)), *aff'd*, 670 F. App'x 285 (5th Cir. 2016).

and that report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming them." FED. R. CIV. P. 26(a)(2)(B)(i)-(ii). The party must not only disclose the facts or data considered but must also produce same.[6]

The Advisory Committee's notes to Rule 26(a)(2)(B) indicate "facts or data" is "broadly" interpreted "to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert."[7] "[C]onsidered" in Rule 26(a)(2)(B) means any fact or data "furnished to a testifying expert that such expert 'generates, reviews, reflects upon, reads, and/or uses in connection with the formulation of his opinions, even if such [fact or data] is ultimately rejected.'"[8]

Rule 37 authorizes a party to move for an order compelling another party to make a disclosure required under Rule 26(a) that she failed to make. FED. R. CIV. P. 37(a)(1), (3)(A). A

---

[6] *See, e.g.*, *Harness v. Chevron U.S.A., Inc.*, No. 23-210, 2024 WL 3868215, at *2 (S.D. Miss. Aug. 19, 2024) (holding Rule 26(a)(2)(B)(ii) requires not only citation of the facts/data in the expert's report but also production (citing *Brimer v. Chase Bank, U.S.A., N.A.*, No. 10-7, 2011 WL 13233317 (N.D. Tex. Jan. 13, 2011)); *Sanchez v. Gomez*, No. 17-133, 2019 WL 12536398, at *3 (W.D. Tex. Apr. 29, 2019) ("Thus, under Rule 26(a)(2)(B)(ii), because Taylor considered the testimony of certain grand jury witnesses when formulating his opinion, Gomez must disclose *and* produce the grand jury transcripts considered by Taylor." (emphasis added) (citing *Deal v. La. ex rel. Dep't of Just.*, No. 11-743, 2013 WL 4546772, at *4 (M.D. La. Aug. 28, 2013) (citation omitted))); *Est. of Manship v. United States*, 236 F.R.D. 291, 295 (M.D. La.) ("Thus, testifying experts . . . must produce not only their written valuation reports but also the materials that they 'considered' in forming their valuation opinions, regardless of when those materials were, generated, reviewed and/or used."), *vacated in part*, 237 F.R.D. 141 (M.D. La. 2006) (vacating award of attorney's fees as an unfair sanction); *Clean Pro Carpet & Upholstery, Inc. v. Upper Pontalba of Old Metairie Condos. Ass'n, Inc.*, No. 20-1550, 2020 WL 7229700, at *4 (E.D. La. Dec. 8, 2020 (finding documents discoverable under Rule 26(a)(2)(B)(ii) and ordering them to be produced).

[7] FED. R. CIV. P. 26(a)(2)(B) advisory committee's notes to 2010 amendment, *quoted in United States ex rel. Wall v. Vista Hospice Care*, 319 F.R.D. 498, 506 (N.D. Tex. 2016); *see also Brimer*, 2011 WL 13233317, at *3 ("Testifying experts are not only bound to disclose all information they ultimately rely upon in forming their opinions, but also all information that they consider in reaching their conclusions." (citing *Ecuadorian Plaintiffs v. Chevron Corp.*, 619 F.3d 373, 378 n.8 (5th Cir. 2010) ( holding that work product privilege was waived over documents considered by testifying experts when formulating opinions))).

[8] *Est. of Manship*, 236 F.R.D. at 295 n.2 (alterations in original) (quoting *Synthes v. Spine Co. v. Walden*, 232 F.R.D. 460, 463 (E.D. Pa. 2005); and citing *Amway Corp. v. Procter & Gamble Co.*, No. 98-726, 2001 WL 1877268, at *1 (W.D. Mich. Apr. 17, 2001)); *accord Millsaps Coll. v. Lexington Ins. Co.*, No. 16-193, 2017 WL 3158879, at *3 (S.D. Miss. July 24, 2017) (quoting *In re Benicar* (*Olmesartan*) *Prods. Liab. Litig.*, 319 F.R.D. 139, 141 (D.N.J. 2017) (quoting *Synthes Spine Co.*, 232 F.R.D. at 463)).

6

Rule 37 motion "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." *Id.* at 37 (a)(1). However, this requirement may be overridden when the circumstances warrant.[9] "In circumstances where the discovery may impact pending deadlines, the failure to certify has been sacrificed to achieve pragmatic ends such a[s] 'judicial expediency.'"[10] While JOpen's failure to provide the required Rule 37(a)(1) certificate would be a sufficient reason to deny its motion,[11] considering the lapse of the expert discovery deadline, the Court will address the merits of the motion.[12]

JOpen requests the Court compel Plaintiff to disclose and produce certain documents and communications related to the studies reflected in Posters 1 and 2. ECF No. 217-1 at 4. Specifically, they are:

1) All research and case-related documents underlying the presentations on THUNDIYIL_000001 and THUNDIYIL_000002, including but not limited to the manual of operations and all "autopsy records and toxicology reports over a 5-year period for all decedents with MTG identified as the cause of death" that were received by medical examiners for the study . . . ;

2) Communications with the Institutional Review Board regarding the studies presented in THUNDIYIL_000001 and THUNDIYIL_000002, including but not limited to

---

[9] *Robinson v. LA Dock Co.*, No. 99-1996, 2000 WL 1059860, at *2-3 (E.D. La. Aug. 1, 2000) (indicating that failure to hold an initial conference did not warrant dismissal of the motion where non-movant objected to three specific interrogatories for which a blanket work-product privilege and other vague, boilerplate language had been asserted, and circumstances indicated that a Rule 37 conference would have been futile); *Holmes v. Reddoch*, No. 19-12749, 2020 WL 5749157, at *3 (E.D. La. Sept. 25, 2020) ("[I]n circumstances where the discovery may impact pending deadlines, the failure to certify has been sacrificed to achieve pragmatic ends such as 'judicial expediency.'" (quoting *J.M. Smith Corp. v. Ciolino Pharmacy Wholesale Distribs.*, No. 10-1483, 2012 WL 13001456, at *2 (E.D. La. Dec. 28, 2012))); *S. La. Ethanol, L.L.C. v. Fireman's Fund Ins. Co.*, No. 11-2715, 2013 WL 1196604, at *3 (E.D. La. Mar. 22, 2013) (citing cases).

[10] *Holmes*, 2020 WL 5749157, at *3 (quoting *J.M. Smith Corp.*, 2012 WL 13001456, at *2).

[11] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (citations omitted); *see also McAllister v. McDermott, Inc.*, No. 18-361, 2019 WL 6065704, at *2 (M.D. La. Nov. 15, 2019) (citing *Forever Green Athletic Fields, Inc. v. Babcock Law Firm, LLC*, No. 11-633 (M.D. La. July 2, 2014) (denying motion to compel where defense counsel made a single attempt by email to meet and confer and did not do so in a good faith effort to resolve the dispute without court intervention)); *Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co. v. 1031 Canal Dev., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citations omitted).

[12] *Holmes*, 2020 WL 5749157, at *3 (waiving plaintiff's non-compliance with Rule 37's conference and certification requirements because the second discovery period has now lapsed without extension).

>> submittals for approval and any subsequent approval for such research; and
>
> 3) Documents sufficient to understand the training and background of the individuals (or "group of physicians" as Dr. Thundiyil referred to in public news segments) that conducted the case studies in THUNDIYIL_000001 and THUNDIYIL_000002 (including but not limited to, Christian Iuteri, Ryan Sawyers, Connor Byrne, and Max Trojano).

ECF No. 217-1 at 1-2.

The briefing, including Plaintiff's, indicates that the studies reflected in Posters 1 and 2 are bases for Dr. Thundiyil's opinions. *See* ECF No. 221 at 9-10 ("[T]he CV and related abstract posters do not constitute new opinions, but only support Dr. Thundiyil's pre-existing opinions. . . . Further, the updated CV and abstracts only support Dr. Thundiyil's opinion, the documents are in no way leading to a new or different opinion."); *see also* No. 224 at 3-4 ("[T]he study Plaintiff failed to disclose is Dr. Thundiyil's own study . . . the conclusions of which form the basis for Dr. Thundiyil's opinion on mitragynine-related causes of death."). Thus, any facts or data from the studies that Dr. Thundiyil considered in forming his opinions, as well as the studies themselves, should have been disclosed by Plaintiff in the expert report on November 18, 2025. It does not appear that such disclosure occurred. *See* ECF No. 221-4 at 4-9 ("Background Materials Reviewed And/Or Relied Upon" in Dr. Thundiyil's November 13, 2025, expert report). Indeed, even Dr. Thundiyil indicates that he has not provided all the "facts or data" he considered to form his opinions. *See* ECF No. 221-4 at 4 n.1 ("This is not a compete recitation of all materials I may have access to or *reviewed* in relation to kratom and/or this matter and I reserve the right to refer to, rely on, or supplement this listing." (emphasis added)). Disclosure, however, is expressly required by Rule 26.

The Court cannot determine whether all of the documents and communications requested by JOpen fall within the scope of Rule 26(a)(2)(B)(ii). Regardless, Plaintiff must produce to JOpen the studies reflected in Posters 1 and 2 and any facts or data related to them, including responsive

8

documents and communications requested by JOpen, that Dr. Thundiyil *considered,* not only those *relied* upon, to form the opinions reflected in the expert report as same fall within Rule 26(a)(2)(B)(ii). However, any facts and data *not considered* by Dr. Thundiyil need not be disclosed or produced. Plaintiffs must produce the required materials by March 3, 2026. Failure to do so may result in sanctions under Rule 37(b)(2).

Contrary to Plaintiff's assertions that the Protective Order is insufficient to protect the production of the documents and communications, that Order applies to all materials marked confidential and produced in the course of discovery, including initial disclosures. ECF No. 62 ¶ 1. That Order expressly prohibits the use or disclosure of confidential information for any purposes other than this litigation. *Id.* ¶ 5(a). Designation of a document as "Attorneys' Eyes Only" further limits access that document. *Id.* ¶ 5(c). The Order "remain[s] in force after dismissal or entry of final judgment not subject to further appeal." *Id.* ¶ 12(a). A violation of the Order can subject a party and/or its counsel to Rule 37(b)(2)(A) and (C) sanctions,[13] even absent a motion.[14] While the Court cannot prevent a violation of the Order, the Court expects all officers of the court to comply with their ethical obligations. Moreover, the parties and their counsel are on notice that the Court will appropriately issue sanctions for any violation.

Likewise, Plaintiff's assertions of HIPAA protections and privilege[15] over autopsy records and toxicology reports fail. HIPAA does not apply because even a covered entity may disclose an individual's protected health information when disclosure is required by law.[16] And the Louisiana health care provider-patient privilege does not apply because Plaintiff is not the patient who may

---

[13] *See Smith & Fueller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012).
[14] *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).
[15] *See* ECF No. 221 at 15-16.
[16] *See Disability Rts. Texas v. Hollis*, 103 F.4th 1058, 1065 (5th Cir. 2024).

raise this privilege.[17] Nor does LA. REV. STAT. § 3715.1 apply as neither Plaintiff nor Dr. Thundiyil qualify as a "health care provider" under those provisions. *See* LA. REV. STAT. § 3715.1(A)(2); LA. REV. STAT. § 40:1165.1(A)(10); *see* ECF No. 217-8 (Dr. Thundiyil's October 17, 2025, CV, indicating he is licensed to practice medicine in Florida but not indicating any Louisiana license or certification).

B. **Motion to Re-depose**

Rule 30(a)(2)(A)(ii) of the Federal Rules of Civil Procedures requires a party to obtain leave of court to re-depose a party or witness, and the court must grant leave to the extent consistent with Rule 26(b)(1) and (2) if the parties have not stipulated to the deposition and the deponent has already been deposed in the case. Rule 26(b)(1) describes the permissible scope of discovery,[18] and (b)(2) describes when the court may and must limit the frequency and extent of discovery. Accordingly, "many district courts simply follow[ ] the directive of Rule 30(a)(2) by considering the principles set out in Rule 26(b)(2) in deciding whether they must grant leave."[19]

Relatedly, Rule 30(d)(1) requires a court to allow a party additional time to depose a party or witness beyond the general limitation of one day of 7 hours "consistent with Rule 26(b)(1) and (2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstances impedes or delays the examination." "In deciding whether there has been a fair examination, the court may consider factors such as: (1) if the examination will cover events occurring over a long period of time; and (2) the need for each party to examine the witness in

---

[17] *See* La. CODE EVID. art. 510(B)(1) ("In a non-criminal proceeding, a *patient* has a privilege to refuse to disclose and to prevent another person from disclosing confidential communication made for the purpose of advice or diagnosis or treatment of his health condition between or among himself or his representative, his health care provider, or their representatives." (emphasis added)); *Id.* at 510(D) ("In . . . civil . . . proceedings, the privilege may be claimed by the patient or by his legal representative.").
[18] This Court has previously explained to permissible scope of discovery to these parties. *See, e.g.,* ECF No. 98 at 6-7; No. 211 at 6 (explaining the scope of discovery in the context of a Rule 30(a)(2)(A)(i) motion).
[19] *Kleppinger v. Tex. Dep't of Transp.*, 283 F.R.D. 330, 332 (S.D. Tex. 2012) (citing cases).

multi-party cases."[20]  In multi-party cases, "duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interests."  Another factor is whether the deponent is an expert witness, for which "there may more often be a need for additional time—even after the submission of the report required by Rule 26(a)(2)—for full exploration of the theories upon which the expert relies."[21]

Before extending the duration of a deposition, however, the court must be satisfied that the moving party has shown "good cause."[22]  The Advisory Committee's notes to Rule 30(d) do not describe what suffices as good cause, but courts generally agree that good cause means the proposed areas of questioning do not run afoul of Rule 26(b)(2)(C)[23] and have required same where a party moves for a second deposition pursuant to Rule 30(a)(2)(A)(ii).[24]

Courts typically allow a second deposition "where a witness was inhibited from providing full information at the first deposition" or "where new information comes to light triggering

---

[20] *Waste Mgmt. of La. LLC v. River Birch, Inc.*, No. 11-2405. 2017 WL 2256888, at *2 (E.D. La. May 23, 2017) (quoting *Kleppinger*, 283 F.R.D. at 333 (citing FED. R. CIV. P. 30(d) advisory committee's notes to 2000 amendment)); *Dunn v. Fontenot*, No. 20-1063, 2025 WL 1969931, at *3 (W.D. La. July 16, 2025) (quoting same).
[21] FED. R. CIV. P. 30(d) advisory committee's notes to 2000 amendment.
[22] FED. R. CIV. P. 30(d) advisory committee's notes to 2000 amendment; *see also Retif v. ASI Lloyds*, No. 19-4899, 2020 WL 6204309, at *2 (E.D. La. Apr. 6, 2020) (Douglas, M.J.) (quoting *Kleppinger*, 283 F.R.D. at 333); *Keplar v. Google, LLC*, 346 F.R.D. 41, 52 (N.D. Tex. 2024) (quoting *VeroBlue Farms USA Inc. v. Wulf*, 345 F.R.D. 406, 424 (N.D. Tex. 2021)).
[23] *Kleppinger*, 283 F.R.D. at 335-36 ("Defendants have shown that 'good cause' exists to grant leave to reopen Plaintiff's examination and to extend Plaintiff's examination beyond Rule 30(d)'s prescribed limit of seven hours. It does not appear to the Court that the . . . proposed areas of questioning will be unreasonably cumulative or duplicative. Further, this does not appear to be a case where Defendants have had ample opportunity to obtain the information, or where the burden or expense of taking Plaintiff's second deposition outweighs its likely benefit.").
[24] *Id.* at 335-36 & 335 n.7 (finding "good cause" exists to grant leave to reopen Plaintiff's examination *and* to extend Plaintiff's examination and noting "that other [out-of-circuit] courts have utilized a 'good cause' standard when [determining whether to reopen or retake a deposition] pursuant to Rule 30(a)(2)(A)(ii)" (emphasis and brackets added) (citing cases)); *E.E.O.C. v. SkyWest Airlines, Inc.*, No. 22-1807, 2024 WL 1942124, at *3 (N.D. Tex. May 2, 2024) ("District Courts in the Fifth Circuit 'have applied a good cause standard when deciding a motion to retake a deposition,' and they usually place the burden on the movant to establish good cause for the deposition." (quoting *Chrastecky v. C. R. Bard, Inc.*, No. 19-1240, 2021 WL 2232013, at *2 (W.D. Tex. May 14, 2021) (citing *Kleppinger*, 283 F.R.D. at 333))), *quoted in Prepared Food Photos Inc. v. Epic Sols. LLC*, No. 22-37, 2025 WL 2025175, at *10 (W.D. La. July 18, 2025); *Id.* ("This good cause requirement is rooted in the language of Rule 26(b): essentially, to establish good cause the movant must demonstrate that the discovery is consistent with Rule 26(b)(1) and (2).").

questions that the discovering party would not have thought to ask at the first deposition."[25] "[N]ew information" justifying a second deposition may be "new parties were added to the case," "new allegations were made in the pleadings," or "new documents were produced."[26] But if the movant seeks information it could have obtained at the first deposition or could be gathered by less burdensome means, it may not be entitled to conduct a second deposition.[27] If the court allows a second deposition "because of newly discovered information, the questioning of the witness is limited to those questions relating to the newly produced information."[28]

Rule 30(d)(2) authorizes the court to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." "The meaning of 'appropriate sanction' . . . has been broadly interpreted as '[t]he full scope of sanction available under Rule 30(d)(2) is not expressly described in the text of the rule.'"[29] Many courts have construed the rule to apply to circumstances where a party's conduct at a deposition warranted remedial action,[30] but "Rule

---

[25] *Kleppinger*, 283 F.R.D. at 333 (quoting *Keck v. Union Bank of Switz.*, No. 94-4912, 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997)); *see also Briggs v. Phebus*, No. 12-2145, 2014 WL 1117888, at *3 (E.D. La. Mar. 19, 2014); *Retif*, 2020 WL 6204309, at *1.
[26] *Kleppinger*, 283 F.R.D. at 333 n.4 (citing cases), *quoted in Doucet v. R.&R. Boats, Inc.*, No. 17-421, 2019 WL 13143669, at *2 (M.D. La. Oct. 11, 2019); *accord. Donahue v. Wilder*, No. 15-499, 2018 WL 9649984, at *2 (M.D. La. Apr. 10, 2018) (citing *Kress v. Price Waterhouse Coopers*, No. 08-965, 2011 WL 5241852, at *1 (E.D. Cal. Nov. 1, 2011)); *Keplar*, 346 F.R.D. at 52 (quoting *VeroBlue*, 345 F.R.D. at 421).
[27] *SkyWest Airlines*, 2024 WL 1942124, at *4 (citing *Lowery v. Noble Drilling Corp.*, No. 96-3968, 1997 WL 675328, at *1 (E.D. La. Oct. 29, 1997); *Karr v. Four Seasons Maritime, Ltd.*, No. 02-3413, 2004 WL 797728, at *6 (E.D. La. Apr. 12, 2004)); *see also Kleppinger*, 283 F.R.D. at 333 ("[T]he lack of diligence in obtaining information before the initial or first deposition may result in a court denying leaving to conduct a second deposition." (citing *Fresnius Med. Care Holdings, Inc. v. Roxane Lab'ys, Inc.*, No. 05-889, 2007 WL 764302, at *2 (S.D. Ohio Mar. 9, 2007) (citing *Lowery*, 1997 WL 675328 (E.D. La. Oct. 29, 1997))); *Briggs*, 2014 WL 1117888, at *3 (same); *Retif*, 2020 WL 6204309, at *1 (same).
[28] *Kleppinger*, 283 F.R.D. at 333 (quoting *Ganci v. U.S. Limousine Serv., Ltd.*, No. 10-3027, 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2021); *see also Briggs*, 2014 WL 1117888, at *3; *Retif*, 2020 WL 6204309, at *1; *Keplar*, 346 F.R.D. at 52 (quoting *VeroBlue*, 345 F.R.D. at 421).
[29] *Howell v. Avante Servs., LLC*, No. 12-293, 2013 WL 824715, at *5 (E.D. La. Mar. 6, 2013) (Vance, J.) (quoting *Glick v. Molloy*, No. 11-168, 2013 WL 140100, at *2 (D. Mont. Jan. 10, 2013)), *quoted in MMR Constructors, Inc. v. JB Grp. of La, LLC*, No. 22-267, 2023 WL 3874008, at *2 (M.D. La. June 7, 2023) (citing cases); *Keplar*, 346 F.R.D. at 52 (quoting *VeroBlue*, 345 F.R.D. at 422).
[30] *S. La. Ethanol*, 2013 WL 1196604, at *8 (citing cases); *Keplar*, 346 F.R.D. at 52 (quoting *VeroBlue*, 345 F.R.D. at 422).

30(d)(2) permits the imposition of a sanction even for actions that occur while not in the deposition itself."[31]  "The movant bears the burden on any Rule 30(d)(2) motion that it makes."[32]

While JOpen does not clearly describe the proposed topics for a second deposition of Dr. Thundiyil, it apparently seeks to re-depose him regarding the delinquently produced posters and studies reflected in them, as well the three news segments listed in the October 2025 CV.  *See* ECF No. 217-1 at 2 (arguing no publications or news segments relating to the Study were disclosed in the doctor's expert report and that the information is necessary for JOpen to assess the Study's veracity and methodologies).  Given that the posters and news segments pre-dated Dr. Thundiyil's report but were not identified in either the report or CV,[33] the Court permits JOpen to question Dr. Thundiyil regarding same.

These posters and news segments should have been listed in the expert disclosures.  *See* FED. R. CIV. P. 26(a)(2)(B)(iv).  Plaintiff's assertion that Dr. Thundiyil did not timely update his CV does not excuse that failure.  Case law, as well as common sense, supports allowing a second deposition where a party fails to disclose relevant information in its Rule 26(a) disclosure, which it later reveals only after an intervening deposition has occurred.[34]  JOpen received the posters *after* Dr. Thundiyil's deposition; it is newly discovered information that JOpen could not have asked about during the doctor's first deposition as it did not have the posters.  The news segments are also newly discovered information that JOpen could not have asked about because it was not made aware of the videos.

---

[31] *Howell*, 2013 WL 824715, at *5 (citing *Lammle v. Ball Aerospace & Techs. Corp.*, No. 11-3248, 2013 WL 179200, at *2 (D. Colo. Jan. 17, 2013)).
[32] *Keplar*, 346 F.R.D. at 52 (quoting *VeroBlue*, 345 F.R.D. at 421 (citing *Kleppinger*, 283 F.R.D. at 333)).
[33] *See* ECF No. 217-1 at 5-6; No. 217-8 at 18.
[34] *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 389 (W.D. Tenn. 1999) (citing *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690-92 (D. Kan. 1996)) (ordering deposition of defendant's former managing director reopened for the limited purpose of questioning him concerning the subject matter of the documents produced the day after he was first deposed for no more than 2 hours because defendant failed to disclose those documents per Rule 26(a)).

There is no indication that JOpen knew about the poster presentations and news segments before the deposition; rather, its briefing indicates the opposite. *See* ECF No. 224 at 4 ("Defendant seeks the opportunity to obtain documents and testimony that it would have sought in the first place if proper disclosure had been made.").[35] And considering the minimal addition of deposition time and that the trial for this case is more than a month away, the Court finds the burden Plaintiff would facing producing Dr. Thundiyil minimal compared to benefit of his additional testimony.[36]

Contrary to Plaintiff's assertion, allowing another deposition Dr. Thundiyil is not unreasonably duplicative discovery as it is unclear when Dr. Thundiyil answered based on the study reflected in Poster 1 or in Poster 2. *See* ECF No. 221-1 at 11-12 (47:17-48:6) (discussing Posters 1 and 2 presentations and the doctor clarifying a previous answer by stating "Well, I sort of combined the results of both of those when I told you about them"). Accordingly, the Court finds good cause to permit JOpen to redepose Dr. Thundiyil for an additional 2 hours pursuant to Rule 30(a)(2)(A)(ii) and (d)(1), but only with regard to the posters, studies, and news segments, and JOpen may not re-ask any prior questions that were previously asked and answered.

Plaintiff bears the obligation to disclose a complete and accurate written report by Dr. Thundiyil as described under Rule 26(a)(2)(B). *See* FED. R. CIV. P. 26(a)(2)(A)-(B) ("[A] party must disclose to the other parties the identity of any witness it may use at trial to present evidence . . . . [T]his disclosure must be accompanied by a written report . . . ."); FED. R. CIV. P. 37(c)(1) (describing available sanctions against a "party" that "fails to provide information . . . as required

---

[35] *Cf. MMG Ins. Co. v. Samsung Elecs. Am., Inc.*, 293 F.R.D. 58, 63-64 (D.N.H. 2013) (finding, among other factors, Plaintiff had "ample opportunity" to question defendants' expert witness about a burn testing video that defendants failed to disclose because Plaintiff learned of the existence of the video months before the expert's deposition).
[36] *Cf. id.* (finding, among other factors, the "significant burden of that the defendants would face in producing their expert witness for a deposition during the final week before trial" to outweigh any benefit Plaintiff has in re-deposing defendants' expert witness despite failure to disclose a burn testing video in his expert report).

14

by Rule 26(a) . . . ."). Having failed to do so, in accordance with Rule 30(d)(2), Plaintiff must bear all costs of the second deposition, including any expenses related to Dr. Thundiyil.

*   *   *

The current expert discovery deadline (February 20, 2026) has expired. ECF No. 195. Under Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Good cause "requires a showing that the relevant scheduling order deadline cannot reasonably be met despite the diligence of the party needing the extension."[37] The Court finds good cause to allow the second, 2-hour deposition and the disclosure and production of facts or data ordered by the Court beyond the existing discovery deadline.[38] The production must occur by March 3, 2026. The deposition must be conducted on or before March 6, 2026.

## IV.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS ORDERED** that Defendant JOpen's Motion to Preclude is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant JOpen's Motion to Compel is **GRANTED IN PART AND DENIED IN PART**. Plaintiff must produce to JOpen the studies reflected in Posters 1 and 2 and any facts or data related to them, including responsive documents and communications requested by JOpen, that Dr. Thundiyil considered to form his opinions reflected in his expert report by **March 3, 2026.** Facts and data not considered need not be disclosed and produced.

---

[37] *In re Tarra Crosby, LLC*, No. 17-5391, 2022 WL 1154836, at *1 (E.D. La. Apr. 19, 2022) (Ashe, J.) (quoting *Garza v. Webb Cnty.*, 296 F.R.D. 511, 513 (S.D. Tex. 2014) (citing *S&W Enters., L.L.C. v. Southtrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003))).
[38] *Id.* at *1-2 (finding good cause to modify scheduling order to permit written discovery and second depositions regarding issues which petitioners assert could not have been addressed in prior depositions).

**IT IS FURTHER ORDERED** that payment of reasonable expenses, including attorneys' fees, is **DENIED** pursuant to Rule 37(a)(5)(C).

**IT IS FURTHER ORDERED** that Defendant JOpen's Motion to Re-depose is **GRANTED, at Plaintiff's expense,** as described herein.

**IT IS FURTHER ORDERED** that the second deposition, limited to an additional 2 hours, of Dr. Josef Thundiyil take place on or before **March 6, 2026,** for the limited purpose of addressing the posters, studies reflected in them, and news segments; Defendant JOpen may not ask duplicative questions previously asked in the first deposition.

New Orleans, Louisiana, this \_\_\_26th\_\_\_ day of February, 2026.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE