**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KATHLEEN MOLLER** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-228**<br>**c/w 24-781** |
| **MARTIAN SALES, INC., ET AL.** | **SECTION: D (2)** |

**ORDER AND REASONS**

Before the Court is Plaintiff's Motion for Judicial Notice, filed by the plaintiff, Kathleen Moller ("Moller").[1] Defendant, JOpen, LLC ("JOpen"), opposes the Motion,[2] and Plaintiff has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion for Judicial Notice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court has set forth a comprehensive recitation of the factual and procedural background in a previous Order and Reasons.[4] The Court, therefore, provides the factual and procedural background solely as pertinent to the instant Motion.

On March 2, 2026, Moller filed the instant Motion for Judicial Notice.[5] Moller "seeks judicial notice of five core facts arising under federal law and regulations

---

[1] R. Doc. 244.
[2] R. Doc. 290.
[3] R. Doc. 324.
[4] *See* R. Doc. 184.
[5] R. Doc. 244.

governing the sale of new dietary ingredients (NDIs) for human consumption in the United States."[6] Moller asks the Court to take judicial notice of the following facts:

1. Federal law requires submission and FDA acceptance of a new dietary ingredient notification before a new dietary supplement for human consumption can be legally marketed in the United States; and

2. Any NDI sold without such approval is "adulterated" under 21 U.S.C.§ 342(f)(1)(B).

3. Sale of adulterated kratom in the US is illegal.

4. The FDA has no duty to investigate or establish the safety of kratom products; the obligation rests solely with the manufacturer or distributor;

5. Importation of dietary supplements that are or contain Mitragyna speciosa or kratom has been banned by Import Alert 54-15 since August 18, 2015 and renewed again on February 21, 2025 which authorized detention without physical examination of these substances.[7]

According to Moller:

> These facts are not subject to reasonable dispute and are derived from clear statutory and regulatory authority, including the Dietary Supplement Health and Education Act (DSHEA), 21 U.S.C. § 350b, and 21 C.F.R. § 190.6. Because these facts are accurately and readily determinable from sources whose accuracy cannot reasonably be questioned, judicial notice is appropriate.[8]

Moller also argues that these facts satisfy the criteria of Fed. R. Evid. 201(b)(2) because they are "derived from federal statutes and regulations," they are "publicly

---

[6] R. Doc. 244-1 at p. 1.
[7] *Id.* at p. 5.
[8] *Id.* at p. 2.

available and published in the U.S. Code and Code of Federal Regulations," and they are "not subject to reasonable dispute as to their existence or content."[9]

JOpen opposes the Motion, arguing that these proposed facts are "Plaintiff's legal interpretations of statutes, regulations, and an FDA import alert, offered in an effort to inject a disputed regulatory theory into a products liability case that has nothing to do with federal dietary-supplement regulations."[10] As explained by JOpen:

> Plaintiff's first, second, third, and fifth proposed "facts" concern the regulatory framework governing dietary supplements containing "New Dietary Ingredients." But that framework applies only to products marketed as dietary supplements. The kratom products at issue here are marketed and sold as foods. Whether a product is a dietary supplement or a conventional food turns on how it is labeled and represented to consumers—an inherently factual inquiry. Because the applicability of the New Dietary Ingredient Notification (NDIN) regulatory regime depends on that disputed predicate, judicial notice cannot resolve the issue.[11]

As to Plaintiff's fourth proposed fact, JOpen contends that:

> Plaintiff's fourth proposed "fact" suffers from the same defects. It asserts that FDA Import Alert 54-15 renders kratom importation illegal. That statement is both incorrect and irrelevant. Import alerts are not bans; they are internal enforcement guidance allowing FDA field offices to detain certain shipments from specified firms for inspection. They do not create legal prohibitions and do not constitute final agency action. Moreover, none of the Defendants in this case imports kratom or has ever been subject to the alert. Plaintiff's proposed "fact" therefore asks the Court to judicially notice both a mischaracterization of federal regulatory guidance and conduct by third parties unrelated to the claims in this case.[12]

Thus, according to JOpen, the instant Motion should be denied.[13]

---

[9] *Id.* at p. 4.
[10] R. Doc. 290 at p. 1.
[11] *Id.* at p. 2.
[12] *Id.* at p. 3.
[13] *Id.*

Moller has filed a Reply in support of the instant Motion.[14] Moller argues that, "Defendant's attempt to recast clear statutory text as 'contested legal interpretation' should be rejected. The five proposed facts are not legal arguments; they are accurate descriptions of what federal law and federal regulatory guidance say on their face."[15] Moller further submits, "[t]hat the application of those laws to the Defendant's conduct may be disputed does not transform the laws themselves into something other than judicially noticeable facts."[16] Thus, Moller reiterates that her Motion for Judicial Notice should be granted.[17]

## II. LEGAL STANDARD

Federal Rule of Evidence 201(b) provides that a "court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."[18] "Under Rule 201(c), a court "may take judicial notice on its own[]" or "must take judicial notice if a party requests it and the court is supplied with the necessary information."[19] "Rule 201 authorizes the court to take notice only of adjudicative facts, not legal determinations."[20] "Adjudicative facts are simply the facts of the particular case, whereas, legislative facts . . . are those which have relevance to legal reasoning and the lawmaking process, whether in the formulation of a legal principle or ruling by a

---

[14] R. Doc. 324.
[15] *Id.* at p. 2.
[16] *Id.*
[17] *Id.*
[18] Fed. R. Evid. 201(b).
[19] Fed. R. Evid. 201(c)(2).
[20] *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 831 (5th Cir. 1998).

judge or court or in the enactment of a legislative body."[21] Ultimately, pursuant to Rule 201(c), a court "may take judicial notice on its own[]" or "must take judicial notice if a party requests it and the court is supplied with the necessary information."[22]

"Judicial notice may be taken of matters of public record."[23] "When taking judicial notice, however, the courts generally are limited to recognizing the existence of a document, rather than taking as true potentially disputed factual statements or findings contained within that document, unless the facts themselves satisfy the Rule 201(c) criteria."[24] Fundamentally, "judicial notice is discretionary by the district court, unless it is requested by a party and the court is supplied with the necessary information."[25]

## III. ANALYSIS

Moller requests that the Court take judicial notice of five proposed facts. The Court addresses each proposed fact below.

*1. Pre-market notification requirement for new dietary ingredients (NDIs)*

Moller requests judicial notice of the proposed fact that, "grounded in" 21 U.S.C. § 350b(a)(2) and 21 C.F.R. § 190.6, "[f]ederal law requires submission and FDA acceptance of a new dietary ingredient notification before a new dietary supplement

---

[21] *United States v. Johnson*, Crim. A. No. 24-221, 2025 WL 3124690, at *2 (E.D. La. Nov. 7, 2025) (Africk, J.) (citation modified).
[22] Fed. R. Evid. 201(c)(2).
[23] *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (citing *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 558 n.2 (5th Cir. 2018)).
[24] *Stewart v. Loftin*, Civ. A. No. 3:21-CV-03789, 2025 WL 1121881, at *5 (W.D. La. Mar. 14, 2025) (McClusky, M.J.), *report and recommendation adopted*, 2025 WL 1117447, at *1 (W.D. La. Apr. 15, 2025) (Doughty, J.).
[25] *Ferguson v. Extraco Mortg. Co.*, 264 Fed. Appx. 351, 352 (5th Cir. 2007).

for human consumption can be legally marketed in the United States[.]"[26] JOpen, in turn, argues that because Moller "asks the Court to judicially notice an entire regulatory scheme and implicitly adopt her interpretation of how that scheme applies to kratom products[,]" the Court should not take judicial notice of this proposed fact.[27] The Court agrees.

"Judicial notice may be taken of matters of public record."[28] "When taking judicial notice, however, the courts generally are limited to recognizing the existence of a document, rather than taking as true potentially disputed factual statements or findings contained within that document, unless the facts themselves satisfy the Rule 201(c) criteria."[29] Here, the Court takes judicial notice of 21 U.S.C. § 350b(a)(2) and 21 C.F.R. § 190.6.[30] To the extent Moller seeks to provide her own interpretations of the statute and regulation, the Court does not take judicial notice.[31]

*2. Unapproved NDIs are deemed "adulterated"*

Relying on 21 U.S.C. § 342(f)(1)(B), Moller seeks judicial notice of the proposed fact that, "[a]ny NDI sold without such approval is 'adulterated' under 21 U.S.C. § 342(f)(1)(B)."[32] JOpen argues that the Court should decline to take judicial notice

---

[26] R. Doc. 244-1 at p. 5.
[27] R. Doc. 290 at p. 11.
[28] *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)(citing *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 558 n.2 (5th Cir. 2018)).
[29] *Stewart v. Loftin*, Case No. 3:21-CV-03789, 2025 WL 1121881, at *5 (W.D. La. Mar. 14, 2025) , *report and recommendation adopted*, 2025 WL 1117447, at *1 (W.D. La. Apr. 15, 2025).
[30] A court may, "of course, take judicial notice of federal regulations." *Johnson v. Sawyer*, 47 F.3d 716, 734 n.36 (5th Cir. 1995).
[31] *See, e.g., D.B. v. DBZ Enters.*, 824 F.Supp.3d 1024, 1035 (C.D. Ca. June 5, 2025)("[C]ourts may take judicial notice of undisputed matters of public record, but not of disputed facts stated in public records." (citation modified)).
[32] R. Doc. 244-1 at p. 5.

because Moller's proposed fact is a disputed interpretation of a statute.[33] The Court agrees with JOpen.

Under § 342(f)(1)(B), "[a] food shall be deemed to be adulterated . . . [i]f it is a dietary supplement or contains a dietary ingredient that . . . is a new dietary ingredient for which there is inadequate information to provide reasonable assurance that such ingredient does not present a significant or unreasonable risk of illness or injury[.]"[34] Based on the plain language of § 342(f)(1)(B), Moller's proposed fact is an interpretation of the statute, and therefore, the Court does not take judicial notice of such interpretation. The Court, however, takes judicial notice of the existence of the statute.

*3. The illegality of adulterated dietary supplements*

Moller seeks judicial notice of the following fact, pursuant to 21 U.S.C. §§ 331(a) and 342(f),[35] that "[s]ale of adulterated kratom in the US is illegal."[36] JOpen contends that judicial notice of this proposed fact is improper, as "[j]udicial notice is reserved for indisputable adjudicative facts, not disputed interpretations of statutes, regulatory schemes, or legal conclusions about how those regimes apply to the product at issue."[37] Again, the Court takes judicial notice of the two statutes but declines to take judicial notice of any interpretation of the statutes.

[33] R. Doc. 290 at p. 10.
[34] 21 U.S.C. § 342(f)(1)(B).
[35] R. Doc. 244-1 at p. 3.
[36] *Id.* at p. 5.
[37] R. Doc. 290 at p. 10.

*4. The illegality of importing raw leaf to process kratom for human consumption*

Pursuant to FDA Import Alert 54-15, Moller requests judicial notice that, "[i]mportation of dietary supplements that are or contain Mitragyna speciosa or kratom has been banned by Import Alert 54-15 since August 18, 2015 and renewed again on February 21, 2025 which authorized detention without physical examination of these substances."[38] JOpen counters that FDA Import Alter 54-14 "improperly concerns a disputed regulatory interpretation and irrelevant third-party conduct[,]" and therefore, judicial notice is inappropriate.[39]

The Court takes judicial notice of FDA Import Alert 54-15. The Court, however, does not take judicial notice of FDA Import Alert 54-15 for the truth of the matters asserted therein.[40] The United States District Court for the Central District of California faced an identical issue of whether it was appropriate to take judicial notice of FDA Import Alert 54-15, among other things.[41] In *DBZ Enterprises*, the Central District of California held that, "the Court may take notice of statements made by public offices, but not the truth of the matters asserted therein."[42] Accordingly, that court took judicial notice of the existence of FDA Import Alert 54-

---

[38] R. Doc. 244-1 at p. 5.
[39] R. Doc. 290 at p. 15.
[40] *See Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010) ("Courts may take judicial notice of publications introduced to 'indicate what was in the public realm at the time, not whether the contents of those articles were in fact true.'" (quoting *Premier Growth Fund v. All. Capital Mgmt.,* 435 F.3d 396, 401 n.15 (3d Cir.2006))).
[41] *DBZ Enterprises LLC*, 824 F.Supp.3d at 1035.
[42] *Id.* (citing *Bargetto v. Walgreen Co.*, Civ. A. No. 22-cv-02639-TLT, 2022 WL 18539360, at *2 (N.D. Cal. Dec. 19, 2022) (Thompson, J.)).

15 but declined to take judicial notice of any interpretations of FDA Import Alert 54-15. The Court finds it appropriate to do similarly here.

*5. No duty for the FDA to investigate or establish safety of kratom*

Moller seeks judicial notice of the proposed fact that, under 21 U.S.C. § 350b and 21 C.F.R. § 190.6, "[t]he FDA has no duty to investigate or establish the safety of kratom products; the obligation rests solely with the manufacturer or distributor[.]"[43] JOpen, in opposition, contends that Rule 201 does not permit the Court to judicially notice Moller's interpretation of a statute and/or regulation.[44] Again, the Court takes judicial notice of 21 U.S.C. § 350b and 21 C.F.R. § 190.6 but does not take judicial notice of any interpretations of the statute or regulation.[45]

## IV. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Judicial Notice[46] is **GRANTED IN PART** and **DENIED IN PART** as stated herein.

New Orleans, Louisiana, September 1, 2026.

Wendy B Vitter

**WENDY B. VITTER**
**United States District Judge**

---

[43] R. Doc. 244-1 at p. 5.
[44] R. Doc. 290 at p. 11.
[45] *Stewart v. Loftin*, Civ. A. No. 3:21-CV-03789, 2025 WL 1121881, at *6 n.3 (W.D. La. Mar. 14, 2025) (noting that "courts are generally limited to recognizing the existence of a document rather than accepting as true its potentially disputed factual statements or findings . . . ."), *report and recommendation adopted*, 2025 WL 1117447, at *1 (W.D. La. Apr. 15, 2025).
[46] R. Doc. 244.